**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSLYVANIA**

| | | |
|---|---|---|
| **STEPHEN G. CONKLIN** | : | **CIVIL ACTION LAW** |
| **Plaintiff** | : | |
| | : | **NO.** |
| **VS.** | : | |
| | : | |
| **YVETTE KANE, PETER J. SMITH,** | : | |
| **MARK E. MORRISON, and CHRISTINA** | : | |
| **GARBER,** | : | |
| **Defendants** | : | **Jury Trial Demanded** |

## COMPLAINT

## INTRODUCTORY STATEMENT

1.  This is a Biven's action i.e., a federal civil rights action brought by plaintiff for the violation of his 1st 4th & 14th Amendment rights. The defendants are all federal employees, who, under badge of federal authority, but lacking any jurisdiction, used their power and influence unlawfully to intimidate and deny Stephen Conklin access to the Courts and the lawful enjoyment of his federally guaranteed rights. The defendants have unlawfully disrupted the authority of the Pennsylvania courts, they have unlawfully acted to retaliate against Conklin for his proper and lawful exercise of his 1st Amendment rights to petition for a redress of grievances. The defendants have violated Conklin's rights to petition under the 1st Amendment out of retaliatory motives confronting him with an array of federal authority threatening him in an outrageous attempt to deter the exercise of his rights. The defendants have sought to hatefully retaliate against Conklin on account of his associations. They have unlawfully surveilled him and his associates. The defendants illegally removed a writ of summons from the Dauphin County Courts while totally lacking jurisdiction to do so. Then via the intercession of the Third Circuit, which

should have sua sponte dismissed their abortive and illegal effort, the defendants acted to unlawfully insulate themselves from the legal effect of Conklin exercising his rights. The defendants have also violated Mr. Conklin's right to be free of the violation of his substantive due process rights their misconduct being so egregious it may very well be unique and new in the history of American official abuse.

## JURISDICTION AND VENUE

2.      This Court has original jurisdiction to hear suits alleging violations of a citizens individual constitutional rights which is conferred by 28 USC §1331 and 28 USC §1343 (a) (3) and (4), and the remedial statue 42 USC §1983 and 18 USC §242.

3.      All defendants are sued in their individual, and not, in their official capacities.

4.      Punitive damages are requested (or will be at an appropriate time) because the defendants actions were exceedingly egregious and devious seeking not to merely misuse but to abuse the law and Mr. Conklin's rights. The defendants were motivated by a desire to intimidate Conklin and insulate Yvette Kane from the proper effects of the law.

5.      A jury trial is demanded.

6.      Venue is properly in the Middle District because most parties, witnesses, and evidence are common to Harrisburg, Dauphin County, Pennsylvania.

7.      No defendants in this action acted with jurisdiction and consequently none are entitled to immunity i.e., none of their actions were privileged.

8.      This Court's jurisdiction to hear supplemental state claims as per 28 USC §1367 (c) is invoked here.

## RIGHTS VIOLATED

9.     The defendants violated plaintiffs 1st Amendment right to petition the Courts for a redress of grievances.

10.    All defendants violated plaintiff's 1st Amendment rights to be free of retaliation for petitioning the Courts for a redress of grievances.

11.    The defendants violated Mr. Conklin's 1st and 14th Amendment rights to access the Courts and confidence rights to the equal protections of the law and.

12.    The defendants in violated Mr. Conklin's rights to procedural due process under the 14th Amendment.

13.    The defendants violated plaintiffs 14th Amendment substantive due process rights to be free of arbitrary and capricious acts of government taken without any valid government purpose. These defendants used their authority to intimidate Conklin and to carry out their vindictive and hateful retaliatory objectives.

14.    The defendant Yvette Kane violated Conklin's 1st Amendment right to freedom of expression and his 1st $_{Amendment}$ right of association.

15.    Plaintiff Stephen G. Conklin incorporates herein by reference 1 through 15 above.

16.    The defendants Smith, Morrison, Garber, jointly and severally, along with the defendant Kane, violated the very same aforementioned rights to which Conklin is entitled, as they unlawfully (in violation of the 1st & 4th Amendments) surveilled Don Bailey, and all of his clients, including Conklin, upon information and belief , through an unlawful secret monitoring and distribution of Bailey's activities as they planned a revengeful and vindictive way to counteract the efforts of Bailey and his clients,

including Conklin, to disclose unlawful actions by these officials as Conklin sought to further ensconce the rights of all American citizens, in an equal way, in our constitutional jurisprudence.

17.     All defendants above named violated Conklin's equal protections of the law rights under the 14th Amendment rights.

18.     All of the named defendants also violated Conklin's rights under the Constitution of Pennsylvania raising questions of first impression of official oppression and whether, because Pennsylvania does not provide compensation nor other damages at law for those who violate a citizen's rights under badge of authority but are not, as these defendants are not, privileged as a matter of Pennsylvania law, the Pennsylvania statute against official oppression should apply to federal officials who directly abuse while totally lacking in jurisdiction all in order to vindictively attack a Pennsylvania citizen through abuse of official power.

## OPERATIVE FACTS

19.     The paragraphs numbered 1-18 above are incorporated herein by reference.

20.     On April 4, 2013 the plaintiff Stephen G. Conklin, at 1:57 pm, filed a Praecipe for Writ of Summons with the Prothonotary of the Dauphin County Court of Common Pleas. A copy of the praecipe duly stamped by the Prothonotary with the date and time is attached hereto as Exhibit "A".

21.     The caption on said Praecipe (Exhibit A) identifies "Stephen G. Conklin" as the plaintiff and "Yvette Kane" as the Defendant. The Praecipe was signed by Stephen G. Conklin.

22.     Attached hereto as Exhibit "B" is a copy of the "Writ of Summons" with a seal by the Court dated April 4, 2013 and signed by Deputy Prothonotary Ashley Brown.

23.     On the original paperwork provided by the Prothonotary on April 4, 2013 the number 2013-cv-2962-cv was written by hand.

24.     On April 4, 2013 the Dauphin County Prothonotary issued Mr. Conklin a receipt identifying the case as "2013-cv-02962-cv, plaintiff Steven G. Conklin vs. Yvette Kane". See Exhibit "C" attached hereto.

25.     Plaintiff was unable to get the Writ served within 30 days.

26.     On May 10, 2013 plaintiff praeciped to reissue the Writ which the Prothonotary promptly did.

27.     On that same day (May 10, 2013) the Prothonotary reissued the Writ of Summons to Yvette Kane, defendant.

28.     On or about May 24, 2013 or very shortly thereafter, the Sheriff of Dauphin County executed a "Sheriff Return" (return of service) indicating that the Reissued Writ of Summons had been served on Yvette Kane.

29.     By May 24, 2013 the defendant Yvette Kane was duly served with notice of the action by Writ of Summons.

30.     On June 7, 2013 the plaintiff received various papers with a cover letter signed by Christina Garber describing herself as a legal assistant to United States Attorney Peter J. Smith and identifying herself as proceeding on his behalf.

31. Peter J. Smith is Yvette Kane's self-described civil attorney and presents as the decision-maker with Morrison, Kane, and Garber all acting in their private capacities but under badge of federal authority on her behalf.

32.     The correspondence is all attached hereto as Exhibit "F" (F1- F9).

33.     Exhibit "F" is a copy of defendant Garber's letter to the Prothonotary of Dauphin County at the direction of Smith. The letter references "Stephen G. Conklin v. Yvette Kane and "No. 2013-cv-2962. The letter asks the Prothonotary to file a "Praecipe of Removal". Lower down it displays a "cc:  Stephen G. Conklin. The letter is dated June 7, 2013. It is on the letterhead of the U.S. Department of Justice.

34.     Exhibits F-2, F-3, and F-4 consist of a "Praecipe (F-2) addressed to the Prothonotary of Dauphin County Pennsylvania, asking first, that the Praecipe be filed and referring to the "Attached Notice of Removal". It identifies the defendant as "Yvette Kane", and counsel as "the United States Attorney, [… who, according to the Praecipe has removed this matter from the Court of Common Pleas of Dauphin County to the United States District Court, Middle District of Pennsylvania]. It is dated June 7, 2013. The defendant Mark Morrison signed the Praecipe on behalf of U.S. Attorney Peter J. Smith. No where does the word "Judge" appear.

35.     F-3 (Documents F2, F3, and F4 were stapled together). It has the case caption at the top and a heading in bold capital letters which says "Notice of Filing of Notice of Removal". It is addressed to the "Honorable Judges of the Court of Common Pleas of Dauphin County, Pennsylvania". The prayer indicates that the United States Attorney for the Middle District of Pennsylvania,  on behalf of "Defendant Yvette Kane" has given notice (to the Judges of Dauphin County) "that the attached Notice of Removal" has been filed with the Clerk of Court of the Middle District United States District Court for the Middle District of Pennsylvania. The defendant Mark Morrison signed F-3 on June 7, 2013.

36.     F-4, F-5, F-6, F-7, F-8, and F-9 were stapled together. F-4 is a document entitled "Notice of Removal of Civil Action". The prayer is by U.S. Attorney Peter J. Smith "by Mark Morrison" his assistant on behalf of Defendant United States of America" and purports to give "notice of the removal of the above captioned matter from the Court of common Pleas of Dauphin County to "this Court" (presumably the US District Court M.D. Pa.) under the provision of "Title 28 U.S. Codes, Section 1446".….F-4 is a 2 page document with a prayer, 5 paragraphs (which are mis-numbered) and an ad damnnum clause. It is signed by defendant Mark E. Morrison.

37.     F-4 claims in paragraph 1 that a "civil action" was filed against the defendant "United States of America" in Dauphin County on April 4, 2013. Mr. Morrison notes that he attached "a copy of the Writ of Summons".

38.     No where in any writings did any defendant note that the Writ of Summons was used by plaintiff to commence the action in state court or that a Writ of Summons is not sufficient under federal law, to commence any action or that federal law does not provide jurisdiction to remove such a writ from any state court, nor that Yvette Kane was an individual defendant nor that the United States of America is not now, nor was ever a defendant, nor that no "judge" was at any time named by Conklin in this action.

39.     Paragraph "2" of F-4 indicates that "Civil actions over which the United States District Court have **original** jurisdiction may be removed from state court to the District court embracing the place wherein it is pending ***28 U.S.C. 1444***. (Emphasis added).

40.     *28 U.S.C. 1441 (a)* points to *F.R. Civ.P. 11* for substantive guidance on the requirements to effectuate the procedure for removal, particularly, subject to *R-11* that any such notice to remove must contain a "short and plain statement of the grounds for removal".

41.     Defendants "Notice of Removal of Civil Action" contains no such required "short and plain statement of the grounds for removal". Not only because there is none but because there is a total lack of jurisdiction.

42.     F-4 contains no "short and plain statement for the grounds for removal" because these defendants knew they had no basis to proceed with their unlawful acts.

43.     The defendants knew there were no jurisdictional grounds available to them when they filed Exhibit F.

44.     Defendants all knew plaintiff had commenced an action in state court by Writ of summons and that no complaint had been filed.

45.     Defendants all knew that nowhere is there even a scintilla of an inference that the United States of America is, or was, a defendant in any of plaintiff's actions.

46.     Defendants all knew that there was not a scintilla of a doubt that Yvette Kane was sued in her individual, and not, in her official capacity.

47.     Defendants all knew when Exhibit F was filed that their bald conclusory language consisting only, and totally, of the following generic language, "civil action over which United States Courts have original jurisdiction may be removed from state court to the District Court of the United Sates for the district embracing the place wherein it is pending" was in violation of *F.R. Civ.P. 11* and *28 U.S.C. §1446.*

48.     Paragraph 3 of F-4 admits that plaintiff had not, as of June 7, 2013 served a complaint on the Defendant.

49.     Paragraph 3 of F-4 is intentionally inaccurate and meant to mislead plaintiff and others.

50.     In the prayer (introductory paragraph) of F-4 the "Defendant" is identified by defendants as the "United States of America". This choice of words was obviously made intentionally and is and was totally false and misleading.

51.     The above is plainly demonstrated by the irrelevant substance of paragraph 4 of F-4 where the defendants admit that "Yvette Kane" is the named defendant.

52.     The defendant attached a certificate of Service and copies of plaintiff's April 4, 2013 Praecipe for Writ of Summons and a copy of his April 4, 2013 Writ of Summons, to F-4.

53.     One cannot commence an action in federal court by filing a Writ of Summons.

54.     One can only initiate a civil action in federal court by filing a complaint.

55.     When defendants filed Exhibit F-5, F-6, F-7, F-8, and F-9 they filed these documents to a Federal Court case at Docket # 3:02-cv-0600 a common feature of all initial complaints in the Middle District of Pennsylvania.

56.     Exhibit F-5, F-6, F-7 are Docketed as Document 662.

57.     Exhibit F-8 and F-9 or dock3eted as Document 662-2.

58.     The notice of removal was docketed at 1:13-CV-01531-JJS. As of June 12, 2013 Conklin has never been advised of the afore-going Docket #. "JJS" stands for

Judge Savage of the Eastern District of Pennsylvania who was assigned the case by 3rd Circuit Chief Judge McKee. Plaintiff asserts Judge McKee should have dismissed the removal sua sponte based on the total lack of any jurisdiction.

59.     The Civil Cover Sheet for Case 1:13-cv-01531-JJS is identified as document 2 and was filed on June 14, 2013. It lists Yvette Kane as the sole defendant with Dauphin County listed as Conklin's Residence although Conklin's attorney is none other than Conklin himself and he shows a home address of 22 Mairdale Avenue, Pittsburgh, Pa 15214. Defendant Morrison, an Assistant US Attorney, is listed as Kane's attorney on behalf of US attorney Peter J. Smith.

60.     Under Block II "Basis of Jurisdiction" the Civil Cover Sheet (Exhibit G) falsely identifies Yvette Kane as a U.S. Government Defendant. This was false and misleading and was known to Kane and her attorneys to be false and misleading

61.     "Yvette Kane" is an employee of the US Government. She is a judge.

62.     But Yvette Kane is identified as simply "Yvette Kane" in plaintiff's Writ of Summons and is not identified or indicated to be a defendant in her official capacity in the writ of summons.

63.     No where in the writ of summons did plaintiff take any action against Yvette Lane in her official capacity, which he of necessity would have to do, to make her a "US Government Defendant".

64.     Yvette Kane is not a "US Government Defendant" in any way shape or form and she never has been to the best of plaintiff's knowledge, information, and belief.

65.     Nowhere is the "nature" of the suit block in Section IV of the Civil Cover Sheet marked.

66.    *Mr. Morrison/Mr. Smith cites 28 USC §1441* as the "Cause of Action" (whose requirements are not met as a matter of law). This is the federal "removal statute".

67.    Mr. Morrison's/Mr. Smith's selection of 28 USC 1441 is unlawful and improper. *28 USC 1441* is a procedural jurisdictional statute. It confers no substantive rights. That's why Mr. Morrison gave no brief description of the "Cause of Action" as required by the Civil Cover Sheet instructions. He knew the civil cover sheet could not be appropriately used because there was no complaint before the federal court either by the plaintiff or by Yvette Kane.

68.    In virtually none of the documents referred to in the Writ of Summons at 2013-cv-2962 has Mr. Conklin ever identified or indicated in any way that either the United States of America or Yvette Kane a U.S. employee, or Yvette Kane  Judge is a defendant.

69.    Yvette Kane is the Chief Judge of the U.S. District court for the Middle District of PA who unlawfully engineered the removal of the subject Writ of Summons.

70.    Worthy of note at this point is that the federal ECF system is totally and completely controlled by the federal courts. It is not controlled by PACER or any independent entity. Any information from or to PACER in the Middle District is totally controlled by the Chief Judge with the administrative complicity of the Clerk.

71.    On June 19, 2013 the Chief Judge of the United States Court of Appeals for the 3rd Circuit, the Hon. Theodore McKee ordered the defendant Timothy J. Savage of the Eastern District of Pennsylvania to sit in designation of the unlawfully removed case.

72.     Interestingly Kane, technically as Savages' Superior at the time, still controlled her own case while the US Attorney's office, who was paid nothing to file an illegally removed Writ of Summons representing Kane at public expense, while she is (was) a defendant in a state court case that was not convened by complaint but by Writ of Summons removed the state action to federal court in violation of the law and lacking jurisdiction.

73.     Kane, in order to encourage the harassment of Conklin's attorney Don Bailey had the PACER system immediately dispense the filings of Don Bailey to a number of hand-picked judges and clerks in the Middle District and the Third Circuit over a period of years. The Third Circuit Court of Appeals (at least certain judges and panels of judges also participated in this surveillance activity. PACER had nothing to do with it. Peter J Smith was part of the surveillance activities assigning a person in his office to receive the information.

74.     Included in that surveillance was a certain designated staff member of the U.S. Attorney Peter J. Smith. Bailey had done nothing of an improper nature to deserve the surveillance (which plaintiff argues violates his 1st and 4th Amendment rights). All of this was part of an unlawful political effort by certain judges (and the U.S. Attorney's office obviously) to keep an eye on Bailey and follow his activities so that certain judges (including Yvette Kane and Christopher C. Connor) could work with Pennsylvania's grossly corrupt Lawyer's Disciplinary System to deprive Mr. Bailey and Mr. Conklin of their rights.

75.     Neither Don Bailey nor any of his clients were informed of this secret practice or of any justification for court "politicos" to monitor Don Bailey. A written request to Mr. Smith for an explanation went unanswered.

76.     Mr. Bailey wrote letters to the Clerk and to Mr. Smith seeking an explanation. Neither the Clerk nor Mr. Smith who were part of this constitutionally repugnant and unlawful surveillance, have ever responded.

77.     In cowardly disregard, not only of any interest Mr. Bailey had in this Orwellian activity, but of a wider public interest, would one of the above respond to this unexplainable conspiracy. The federal court system is totally incapable of objectively and fairly disciplining its members even in the face of egregious violations of the rights of citizens to speak out and to petition.

78.     PACER must do as ordered by the Court and cannot disclose the Court's instructions to them, or in turn, to 3rd persons.

79.     This "dropdown" i.e., distribution order i.e. to distribute Mr. Bailey's activities was also shared by a number of the 3rd Circuit Court of Appeals judges and staff, Including the Third Circuit's Clerk.

80.     Mr. Conklin believes he is suffering retaliation by the defendants because he is a friend and sometime client of Don Bailey and because he shares many of Mr. Bailey's views that are critical of our federal court system and some of our judges.

81.     In an earlier federal court case in a response to Yvette Kane's hateful and spiteful mistreatment of him as an American citizen and user of the Court system, Mr. Conklin sought her recusal.

82.     After recusing herself Yvette Kane embarked on a selective and vindictive attack on Stephen G. Conklin for no reason other than her personal disfavor for the substance of his complaints which implied abuse of authority and misuse of official actions. She did so in blatant violation of his First Amendment rights. Mr. Conklin is not a government employee with the resultant diminution of his expressive rights particularly rights that expose public corruption (see *Garcetti*).

83.     These actions involved York County, PA which enjoys apparent protection at the hands of a number of federal judges and federal courthouse officials.

84.     For reasons as yet unknown York County, which is where many of Conklin's activities took place, and officials enjoy special protection in Middle District proceedings. Plaintiff was a resident and landowner in York County Pennsylvania who uncovered many seemingly inappropriate activities and actions in the York County courts.

85.     The plaintiff has 1st and 14th Amendment rights to access state courts and be free of unlawful actions interfering with those rights by federal officials such as the above named.

86.     The plaintiff has a right to express himself free of retaliation from government officials under the 14th Amendment.

87.     The plaintiff has a right to enjoy the protection of the Equal Protections clause of the 14th Amendment which these defendants have violated. It goes without saying there are many honest and capable judges and most citizens similarly situated enjoy access to our court system where they have been treated fairly. Not so as to plaintiff who has been treated unequally to his detriment.

88.    These defendants have acted without privilege, lacking jurisdiction, to remove a valid state writ for unlawful reasons, namely to diminish public, press, and private access to an awareness of Mr. Conklin's exercise of his lawful rights and to prevent the disclosure of abuses of the above-named defendants.

89.    The defendants knew and planned that by removing the Writ from state court that the federal government has no mechanism to either compel, or be compelled to file a complaint thus facilitating their intended intimidation and control of Mr. Conklin in the exercise of his rights.

92. As an act of retaliation for plaintiff filing a polite and courteous criticism and questioning of Judge Kane, which resulted in her recusing herself from managing a previous federal complaint brought by plaintiff, she consequently launched into a vindictive, hateful, and also false and misleading attack upon the plaintiff.

93.    These actions of defendants are designed to deter plaintiff from the exercise of his 1st and 14th Amendment rights and the disclosure of a course of misconduct by Yvette Kane demonstrating the abuse of her badge of authority and her vindictive course of conduct ( which violate the Canons of Judicial Ethics).

94.    The unlawful actions of the defendants as above stated constitute official oppression in violation of Pennsylvania statute .

95.    The actions of these defendants constitute violations of plaintiff's rights to access the Court's and associate with persons of his choice thus denying the proper exercise of his 1st, 4th and 14th Amendment Rights.

96.     No federal or state case or statute confers jurisdiction or authorizes any federal official to remove any state civil action to federal court into the hands of the defendant Yvette Kane as here.

97.     Through the inordinate and unlawful machination and the unlawful activities of the defendants, the plaintiff is being forced to expend time and money doesn't have and he is being grossly intimidated.

98.     The plaintiff has been made to suffer great fear. When one confronts the federal court system, which has no ability to discipline itself, and which has officials who abuse their badge of authority to threaten and intimidate citizens and trample their rights with impunity, such misconduct is frightening. The personal involvement of the U.S. Attorney is oppressive and instills great fear because of the awesome and unchecked powers of the office.

99.     Plaintiff has a right under the 14th Amendment Equal Protections clause to be treated the same as others similarly situated, which he has not enjoyed, by virtue of defendants violation of his rights, in this case, pursuant to the Removal Statute.

100.    By removing plaintiff's Writ the defendants illegally terminated plaintiff's state filed case unlawfully seeking to prevent his opportunity to preserve his rights and further seeking to put the control of the administration of his case directly in the most powerful prosecutorial office in the nation.

## COUNT I

### PLAINTIFF AGAINST ALL DEFENDANTS FOR THE VIOLATIONS OF HIS 1ST AMENDMENT RIGHTS

101.     Paragraphs 1 through 100 above are incorporated herein by reference.

Wherefore plaintiff demands judgment of the defendants jointly and severally for the violation of his rights under the 1st Amendment to include his rights of expression, right to petition, right of access to the courts (also a 14th Amendment right) and of his right to be free of retaliation for the exercise thereof together with punitive damages, and damages for pain and suffering, humiliation, and embarrassment for emotional distress together with costs, fees, attorneys fees, and such other relief as may be deemed appropriate.

## COUNT II

### PLAINTIFF AGAINST ALL DEFENDANTS FOR THE VIOLATIONS OF PLAINTIFF'S RIGHT TO ACCESS THE COURTS UNDER THE FIRST AND FOURTEENTH AMENDMENTS AND TO EQUAL PROTECTION UNDER THE 14TH AMENDMENT

102.     Paragraphs 1 through 101 above are incorporated herein by reference.

Wherefore plaintiff demands judgment of the defendants jointly and severally for the violation of his rights under the 1st and 14th Amendment Rights (rights to access the Courts) (substantive due process rights) (procedural due process rights) and plaintiff's Equal Protection rights (14th Amendment) together with damages for pain and suffering, punitive damages humiliation, and embarrassment for emotional distress together with costs, fees, attorneys fees, and such other relief as maybe deemed appropriate.

**COUNT III**

**PLAINTIFF AGAINST ALL DEFENDANTS FOR THE VIOLATIONS OF
PLAINTIFF'S RIGHTS TO BE FREE OF CONSPIRACIES AS
PER 42 USC §1983**

103.    Paragraphs 1 through 102 above are incorporated herein by reference.

104.    The defendants knew they were proceeding without jurisdiction.

105.    Every defendant is an experienced lawyer.

106.     Every defendant knew that they were performing arbitrary and capricious acts under badge of government authority (Bivens action) devoid of any proper or reasonable government purpose.

107. Every defendant sought to violate the plaintiff's rights and to violate federal law, rules, regulations, practices and customs devoid of jurisdiction.

Wherefore plaintiff demands judgment of the defendants jointly and severally for the violation of his rights to be free of unlawful conspiracies' under the case law of 42 USC §1983 with compensatory and with punitive damages, and damage for pain and suffering, humiliation, and embarrassment for emotional distress together with costs, fees, attorneys fees, and such other relief as may be deemed appropriate.

**COUNT IV**

**PLAINTIFF AGAINST THE DEFENDANTS FOR THE
VIOLATION OF HIS 4th AMENDMENT RIGHTS**

108. Paragraphs 1 through 107 are incorporated herein by reference.

Wherefore plaintiff demands judgment of the defendants jointly and severally for the violation of his rights to be free invasions of his privacy and to be free from unlawful searches under the 4th amendment with compensatory and with punitive damages, and with damages for pain and suffering, humiliation, and embarrassment for emotional

distress together with costs, fees, attorneys fees, and such other relief as may be deemed appropriate.

## COUNT V

**PLAINTIFF AGAINST ALL DEFENDANTS FOR THE VIOLATIONS OF PLAINTIFF'S RIGHTS UNDER 18 USC §242 TO BE FREE OF CRIMINAL VIOALTIONS OF HIS RIGHTS TO ENJOY THE PROTECTIONS OF GUARANTEED BY THE U.S. CONSTITUTION**

108.   Paragraphs 1 through 107 above are incorporated herein by reference.

109. The original confrontation that Don Bailey and Mr. Conklin suffered with the unlawful actions of a number of judges in the Middle District of Pennsylvania originated (with Judge Christopher C Connor) and had its basis in Mr. Conklin's proactive support of the rights of all Americans more specifically black children to enjoy the protections of the U.S. Constitution.

110. The defendants intentionally acted in an illegal manner to deny the plaintiff his rightful and free exercise of his federally guaranteed rights with knowing and intentional desire to use their badge of authority to injure him. Judge Kane is a personal friend and confidant of Judge Connor's and the plaintiff alleges, based upon information and belief that the injuries he suffered resulted from his unsuccessful efforts to allow black children to enjoy his property the same as other persons. This allegation jurisdictionally supports this Count founding in 18 USC §242.

Wherefore plaintiff demands judgment of the defendants jointly and severally for the criminal violation of his civil rights pursuant to 18 USC §242 together with appropriate damages and penalties.

Respectfully Submitted,

By:    /s/Don Bailey, Esquire
4311 N. 6th Street
Harrisburg, Pa 17110
717.221.9500
717.221.9400 Fax

October 22, 2013