## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **STEPHEN G. CONKLIN,** | : | **Civil No. 1:CV-13-02618** |
| | : | |
| **Plaintiff,** | : | **(Judge Sanchez)** |
| | : | |
| v. | : | **Filed Electronically** |
| | : | |
| **YVETTE KANE, PETER J. SMITH,** | : | |
| **MARK E. MORRISON, AND** | : | |
| **CHRISTINA GARBER,** | : | |
| | : | |
| **Defendants.** | : | |

---

## DEFENDANTS PETER J. SMITH AND MARK E. MORRISON'S BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS AND/OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

---

PETER J. SMITH
United States Attorney

Michael J. Butler
Assistant United States Attorney
United States Attorney's Office
Federal Building
228 Walnut Street, Ste. 220
Harrisburg, PA 17108
Tel. (717) 221-4482
Fax (717) 221-2246
Michael.J.Butler@usdoj.gov

Date: February 4, 2014

PJS:MJB:cjl

## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **STEPHEN G. CONKLIN,** | : | **NO. 1:CV-13-02618** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **(Judge Sanchez)** |
| | : | |
| **YVETTE KANE, PETER J. SMITH,** | : | |
| **MARK E. MORRISON, AND** | : | |
| **CHRISTINA GARBER,** | : | |
| | : | |
| **Defendant** | : | **Filed Electronically** |

## DEFENDANTS PETER J. SMITH AND MARK E. MORRISON'S BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS AND/OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Defendants United States Attorney Peter J. Smith and Assistant United States Attorney Mark E. Morrison respectfully submit this brief in support of their motion to dismiss, and/or, in the alternative, for summary judgment.[1] The United States Attorney and his Civil Chief enjoy absolute immunity, Mr. Conklin has no standing to pursue claims on behalf of his attorney, the claims fails as a matter of law, and to the extent this Court does not dismiss the entire Complaint with prejudice, it should grant summary judgment to Messrs. Smith and Morrison.

---

[1] Christina Garber initially joined in this motion, but this Court dismissed her from this action on January 14, 2014. (Doc. No. 14).

# TABLE OF CONTENTS

**PAGE**

I.   Procedural History.................................................................... 2

II.  Factual Background................................................................... 2

III. Questions Presented ................................................................ 3

IV.  Standards of Law ...................................................................... 3

V.   Argument .................................................................................. 8

     A.   Mr. Conklin has no standing to sue on behalf of Mr. Bailey ............... 8

     B.   Messrs. Smith and Morrison have absolute immunity for the
         judicial proceeding of the notice of removal ........................................ 9

     C.   Mr. Conklin's conclusory and implausible allegations fail to
         state a claim upon which relief can be granted  ................................. 13

     D.   This Court should grant summary judgment to Messrs. Smith and
         Morrison ...........................................................................................17

VI.  Conclusion ...............................................................................21

i

# TABLE OF AUTHORITIES

## FEDERAL CASES
PAGE

Allah v Severling,
  229 F.3d 220 (3d Cir. 2000) ........................................................................ 18

Ashcroft v. Iqbal,
  556 U.S. 662 (2009) ............................................................................... 7, 8

Association of Data Processing Service Organizations, Inc. v. Camp,
  397 U.S. 150 (1970) .................................................................................. 5

Atkins v. Lanning,
  556 F.2d 485 (10th Cir. 1977) .................................................................... 12

Auriemma v. Montgomery,
  860 F.2d 273 (7th Cir. 1988) ..................................................................... 10

Barrett v. United States,
  798 F.2d 565 (2d Cir. 1986) .............................................................. 9, 11, 12

Bell Atlantic Corp. v. Twombly,
  550 U.S. 544 (2007) ....................................................................... 6, 7, 13, 15

Butz v. Economou,
  438 U.S. 478 (1978) ................................................................................. 10

Cleavnger v. Saxner,
  474 U.S. 193 (1985) ................................................................................... 9

Conklin v. Kane,
  No. Civ. 1:13-CV-01531 (M.D. Pa.) ............................................................... 2

In Re Corestates Trust Fee Litig.,
  837 F. Supp. 104 (E.D. Pa. 1993) .................................................................. 4

CSX Transp., Inc. v. Gilkison,
  406 F. App'x 723 (4th Cir. 2010) .................................................................. 19

Danvers Motor Co., Inc. v. Ford Motor Co.,
    432 F.3d 286 (3d Cir.2005)..................................................... 5, 8

Eichenlaub v. Township of Indiana,
    385 F.3d 274 (3d Cir. 2004) ..................................................... 18

Eid v. Thomspson,
    __ F.3d__, 2014 WL 92241 (3d Cir. Jan. 10, 2014) ......................................... 6

Ellison v. Stephens,
    581 F.2d 584 (6th Cir. 1978)..................................................... 10

Fair Hous. Council of Suburban Phila. v. Montgomery Newspapers,
    141 F.3d 71 (3d Cir. 1998) ..................................................... 4

Fowler v. UPMC Shadyside,
    578 F.3d 203 (3d Cir. 2009).............................................. 7, 8, 13, 16

Fry v. Melaragno,
    939 F.2d 823 (9th Cir. 1991) ..................................................... 9

George v. Rehiel,
    738 F.3d 562 (3d Cir. 2013)............................................. 6, 17, 20

Gould Electrics Inc. v. United States,
    220 F.3d 169 (3d Cir. 2000)..................................................... 3

J.T. ex rel. A.T. v. Dumont Public Schs.,
    533 F. App'x 44 (3d Cir. 2013) ..................................................... 4

Lee v. Willins,
    617 F.2d 320 (2d Cir. 1980)..................................................... 10

McNair v. Synapse Group, Inc.,
    672 F.3d 213 (3d Cir. 2012)..................................................... 5, 8

Migra v. Warren City Sch. District Board of Education,
    465 U.S. 75 (1984) ..................................................... 19

<u>Mortensen v. First Federal   Sav. & Loan Association</u>,
 549 F.2d 884 (3d Cir. 1977) ............................................................................ 3

<u>Ou-Young v. Roberts</u>,
 Number CV. 1-03676-SI, 2013 WL 5978458 (N.D. Ca. Nov. 8, 2013) ......... 12

<u>Philips Petroleum Co. v. Shutts</u>,
 472 U.S. 797 (1985) .................................................................................... 5, 8

<u>Rode v. Dellarciprete</u>,
 845 F.2d 1195 (3d Cir. 1988) ...................................................................... 17

<u>Schrob v. Catterson</u>,
 948 F.2d 1402 (3d Cir. 1991) .................................................................... 9, 12

<u>Skolnick v. Hanrahan</u>,
 398 F.2d 27 (7th Cir. 1968) ........................................................................ 10

<u>Steel City Co. v. Citizens For Better Environment</u>,
 523 U.S. 83 (1998) ........................................................................................ 4

<u>Sullivan v. Syracuse Housing Authority</u>,
 962 F.2d 1101 (2d Cir. 1992) ...................................................................... 5, 9

<u>Suppan v. Dadonna</u>,
 203 F.3d 228 (3d Cir. 2000) ........................................................................ 18

<u>U.S. ex rel. Vampire Nation v. Citifinancial Mortg. Co., Inc.</u>,
 Civ. No. 06-936, 2007 WL 2142404, adopted by
 Civ. No. 06-0936 (W.D. Pa. Jul. 14, 2006) ................................................ 16

<u>Valley Forge Christian College v. Americans United Separation of Church
and State, Inc.</u>,
 454 U.S. 464 (1982) ...................................................................................... 5

<u>Warth v. Seldin</u>,
 422 U.S. 490 (1975) ...................................................................................... 5

<u>Wheeler v. Traverler's Insurance Co.</u>,
 22 F.3d 534 (3d Cir. 1994) ............................................................................ 5

Yaselli v. Gogg,
    12 F.2d 396 (2d Cir. 1926), summarily aff'd,
    275 U.S. 503 (1927) .................................................................................... 12

Youssef v. Department of Health and Sr. Servs.,
    524 F. App'x 788 (3d Cir. 2013)................................................................. 19

## FEDERAL STATUTES

18 U.S.C. §§ 241-245 ........................................................................................ 17

28 U.S.C. § 1441 ............................................................................................... 14, 18

28 U.S.C. § 1442 ............................................................................................... 18

28 U.S.C. § 1446 ............................................................................................... 14

29 U.S.C. § 292(b)............................................................................................. 2

42 U.S.C. § 1983 ............................................................................................... 17

## FEDERAL RULES AND REGULATIONS

Fed. R. Civ. P. 12(b)(1).................................................................................... 3, 12

Fed. R. Civ. P. 12(b)(6) ................................................................................... 6, 12

## LOCAL RULE

Pa. R. Civ. Pr. 1007 ....................................................................................... 19

## I.      Procedural History

On October 21, 2013, Mr. Conklin, through counsel, filed the instant federal

Bivens action against the Honorable Yvette Kane, United States District Court

Judge for the Middle District of Pennsylvania; Peter J. Smith, the United States

Attorney for the Middle District of Pennsylvania; Mark E. Morrison, Assistant

United States Attorney and Civil Chief for the Middle District of Pennsylvania;

and Christina Garber, a Legal Assistant in the United States Attorney's Office.

Pursuant to 29 U.S.C. § 292(b), the Honorable Juan R. Sanchez of the Eastern

District of Pennsylvania was assigned.

On January 6, 2014, Messrs. Smith and Morrison and Ms. Garber filed a

motion to dismiss and/or, in the alternative, for summary judgment.  On January

10, 2014, the undersigned filed an Amended Certificate of Partial Concurrence, as

Mr. Conklin agreed to dismiss Ms. Garber from this action.

This brief supports Messrs. Smith and Morrison's motion.

## II.     Factual Background

Attached hereto is a separate statement of material facts in support of this

motion.  In summary, this is an action that stems from a notice of removal filed in

Conklin v. Kane, No. Civ. 1:13-cv-01531 (M.D. Pa.).  See Statement of Material

Facts (SMF) ¶¶ 1-17.  Mr. Morrison filed the notice of removal of an action against

a judicial officer, which Mr. Conklin commenced in Dauphin County Court. Mr.

Morrison did not file that notice for any improper purpose. See id.

### III. Questions Presented

**A.** Whether this Court lacks jurisdiction over claims regarding Mr. Conklin's attorney, Don Bailey?

**B.** Whether this Court lacks jurisdiction over the Complaint because Messrs. Smith and Morrison enjoy absolute immunity?

**C.** Whether this Court should dismiss the Complaint because it fails to state a claim upon which relief can be granted?

**D.** Whether this Court should grant summary judgment to Messrs. Smith and Morrison?

**Suggested Answers:** Affirmative.

### IV. Standards of Law

### A. <u>Motion to Dismiss for Lack of Jurisdiction – Rule 12(b)(1)</u>

When ruling on a motion brought pursuant to Fed. R. Civ. P. 12(b)(1), a

court may treat the motion as a factual challenge, which does not require a court to

accept the allegations of a complaint as true. See <u>Gould Elecs. Inc. v. United</u>

<u>States</u>, 220 F.3d 169, 178 (3d Cir. 2000); <u>Mortensen v. First Fed. Sav. & Loan</u>

<u>Ass'n</u>, 549 F.2d 884, 891 (3d Cir. 1977). The court may weigh any evidence to

satisfy itself that it does or does not have subject matter jurisdiction, but it cannot

consider the merits of an action until it is satisfied that the dispute falls within the

class of cases or controversies to which Article III, Section 2 of the United States

Constitution has extended the judicial power of the United States.  See Steel City Co. v. Citizens For Better Env't, 523 U.S. 83, 102 (1998).

"When a motion under Rule 12 is based on more than one ground, the court should consider the [subject matter jurisdiction challenges] first, because if it must dismiss the complaint for lack of subject matter jurisdiction, all other defenses and objections become moot." In re Corestates Trust Fee Litig., 837 F. Supp. 104, 105 (E.D. Pa. 1993).

## B. Article III Standing

Article III of the Constitution of the United States requires a plaintiff to have standing to bring a lawsuit in federal court.  U.S. Const. art. III, § 2.  "The standing requirement of Article III of the United States Constitution is 'immutable' and 'the irreducible constitutional minimum' for [this Court] to have jurisdiction over a case or controversy.  See J.T. ex rel. A.T. v. Dumont Public Schs., 533 F. App'x 44, 48 (3d Cir. 2013) (quoting Fair Hous. Council of Suburban Phila. v. Montgomery Newspapers, 141 F.3d 71, 74 (3d Cir.1998) (internal quotation marks omitted in original)).

To demonstrate he has standing, a plaintiff must show "'(1) [an] injury-in-fact ... that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical; (2) a causal connection between the injury and the conduct complained of; and (3) [a likelihood] ... that the injury will be redressed by

4

a favorable decision.'" McNair v. Synapse Group, Inc., 672 F.3d 213, 223 (3d Cir. 2012) (citing Danvers Motor Co., Inc. v. Ford Motor Co., 432 F.3d 286, 290–91 (3d Cir.2005)).

The Supreme Court has held that, in determining standing, a district court must consider other factors, known as prudential considerations. See Philips Petroleum Co. v. Shutts, 472 U.S. 797, 804 (1985). In evaluation these considerations, a district court must require a plaintiff to 1) assert his own legal interests, and not that of a third party, see id.; 2) not adjudicate an abstract question of wide public significance or an otherwise "generalized grievance," Sullivan v. Syracuse Housing Auth., 962 F.2d 1101, 1106 (2d Cir. 1992) (quoting Warth v. Seldin, 422 U.S. 490, 499–500 (1975); and 3) show that the statute, rule, or constitutional provision was intended to protect his interests or he was otherwise in the law's "zone of interests," Valley Forge Christian College v. Americans United Separation of Church and State, Inc., 454 U.S. 464, 475 (1982) (quoting Association of Data Processing Service Orgs., Inc. v. Camp, 397 U.S. 150, 153 (1970)). See Wheeler v. Traverler's Insurance Co., 22 F.3d 534, 538 (3d Cir. 1994) (holding the plaintiff did not have standing to assert "complex claims" regarding insurer and Medicare).

## C. <u>Motion to Dismiss for Failure to State a Claim – Rule 12(b)(6)</u>

Pursuant to Rule 12(b)(6), a complaint should be dismissed for "failure to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). In considering a Rule 12(b)(6) motion to dismiss, "courts 'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" <u>Eid v. Thomspson</u>, __ F.3d__, No. 12-4271, 2014 WL 92241, at *3 (3d Cir. Jan. 10, 2014) (citations omitted). "[T]he tenet that a court must accept as true all the allegations contained in a complaint[, however,] is inapplicable to legal conclusions." <u>George v. Rehiel</u>, 738 F.3d 562, 581 (3d Cir. 2013) (citations omitted).

As the Supreme Court held in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007), a plaintiff is required to provide the grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Id.</u> at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." <u>Id.</u>

The Supreme Court opined that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'. . . .Where a complaint pleads facts that are 'merely consistent with' the defendant's liability, it 'stops short of the line between

possibility and plausibility of entitlement to relief.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 557). In extending Twombly, the Supreme Court instructed that plaintiff's allegations must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusations." Id.

The Supreme Court further opined that when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, [they] are not entitled to the assumption of truth." Id. at 679. Next, a court "should assume the veracity [of well-pleaded factual allegations] and then determine whether they plausibly give rise to an entitlement to relief." Id.

The Third Circuit has directed district courts to conduct a two part analysis when considering a motion to dismiss for failure to state a claim:

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief. . . ." A complaint has to "show" such an entitlement with its facts.

Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009) (citations omitted).

Therefore, "simple notice pleading" is no longer acceptable and [Plaintiff] is required to plead "more than the possibility of relief to survive a motion to

7

dismiss." Id. at 210 (citing Iqbal, 556 U.S. at 687)). The Third Circuit has

recognized that Iqbal provided the "final nail-in-the-coffin" for the "no set of facts"

standard that previously applied to federal complaints. Fowler, 578 F.3d at 210.

Indeed, a plaintiff's bald conclusions are no longer sufficient to survive a motion to

dismiss: "threadbare recitals of the elements of a cause of action, supported by

mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.

## V. Argument

### A. **Mr. Conklin has no standing to sue on behalf of Mr. Bailey.**

This Court lacks jurisdiction over Mr. Conklin's claims that the rights of his

attorney, Don Bailey were violated.  Mr. Conklin does not have standing to sue on

behalf of Mr. Bailey.  McNair, 672 F.3d at 223 (citing Danvers Motor Co., Inc.,

432 F.3d at 290–91).  Mr. Conklin alleges that all defendants including legal

assistant Garber, improperly put Mr. Bailey under surveillance through the Court's

ECF system.  See Compl. (Doc. No. 16) ¶¶ 16, 73-80.  Because Mr. Conklin has

not alleged that he would suffer some actual or imminent injury because of this

alleged surveillance, he has no standing to sue on behalf of Mr. Bailey.  See

McNair, 672 F.3d at 223.

Prudential considerations also demonstrate that Mr. Conklin has no standing

to sue on behalf of Mr. Bailey.  See Petroleum Co., 472 U.S. at 804.  Mr. Conklin

has no legal interest in Mr. Bailey's cases.  He has not alleged that any case that

Mr. Bailey represented him in was negatively impacted by this alleged

surveillance. Rather, he claims that the surveillance violated his rights in

conclusory fashion, see Compl. (Doc. No. 1) ¶ 74, and because he is a friend of

Mr. Bailey, this alleged surveillance was retaliation against him, see id. ¶ 80.

Because Mr. Conklin has failed to show a legal interest in Mr. Bailey's

surveillance claims and failed to allege any reason why this alleged surveillance

caused Mr. Conklin any harm, Mr. Conklin lacks standing to assert claims on

behalf of Mr. Bailey. See Sullivan, 962 F.2d at 1106.

## B. Messrs. Smith and Morrison have absolute immunity for the judicial proceeding of the notice of removal.

This Court lacks jurisdiction over defendants and should dismiss Mr. Smith,

the United States Attorney, and Mr. Morrison, an Assistant United States Attorney,

from the complaint with prejudice because, as the Third Circuit has held, the

government's advocates in civil litigation have the protections of absolute

immunity. See Schrob v. Catterson, 948 F.2d 1402, 1412 (3d Cir. 1991) (noting to

expose an AUSA to personal liability in a civil action may cause him to hesitate in

carrying out his duties) (citing Fry v. Melaragno, 939 F.2d 823 (9th Cir. 1991)).

Although absolute immunity "is of a 'rare and exceptional character,'" Barrett v.

United States, 798 F.2d 565, 571-72 (2d Cir. 1986) (quoting Cleavnger v. Saxner,

474 U.S. 193, 202 (1985)), a government attorney is accorded that immunity when

his actions "can fairly be characterized as closely associated with the conduct of litigation or potential litigation." Id. (citing Lee v. Willins, 617 F.2d 320, 321 (2d Cir. 1980)).

The Barrett court, relying on the principles of common law prosecutorial immunity, held that government attorneys who bring or defend civil litigation in federal or state court are immune from suit. Id. (citing Butz v. Economou, 438 U.S. 478, 512-17 (1978)). The court reasoned that because the government attorney "is charged with a public trust," he should not fear retaliation and intimidation of an opposing party through a subsequent civil litigation against the attorney personally. See id. The court also noted that there are safeguards against an attorney's misconduct such as disciplinary proceedings, discovery, and cross examination. See id.

Other courts have also found that government attorneys have absolute immunity in defending a civil lawsuit. See Ellison v. Stephens, 581 F.2d 584, 585 (6th Cir. 1978) (noting state attorney general had absolute immunity for raising affirmative defense in state court litigation); Skolnick v. Hanrahan, 398 F.2d 27, (7th Cir. 1968) (holding United States Attorney who defended government officials in a civil lawsuit had absolute immunity in action claiming the United States Attorney engaged in a conspiracy with the government officials to violate the plaintiff's constitutional rights). But see Auriemma v. Montgomery, 860 F.2d

10

273, 276 (7th Cir. 1988) (noting "absolute immunity is necessary to achieve the independent judgment and vigorous advocacy vital to our adversarial system of justice has been found equally applicable to attorneys defending the government in civil litigation," but finding attorney's extrajudicial activities were not protected by absolute immunity).

Here, Mr. Conklin asserts a claim that Mr. Morrison violated his constitutional rights when Mr. Morrison removed an action on behalf of Judge Kane from the Dauphin County Court to the District Court for the Middle District of Pennsylvania. All of Mr. Morrison's alleged actions were done in conjunction with the litigation that Mr. Conklin filed in Dauphin County Court. Thus, absolute immunity shields his actions. See Barrett, 798 F.2d at 571-72.

As to Mr. Smith's alleged involvement with the removal of the Dauphin County matter, Mr. Conklin only alleges that Mr. Smith supervised Mr. Morrison and/or directed him to remove the matter. See Compl. (Doc. No. 1) ¶¶ 31, 33, 59, 67, Even if true, which is not (Mr. Morrison as the civil chief of the Middle District of Pennsylvania had discretion to use his own legal judgment in determining whether to remove the matter to federal court, see Morrison Decl. (Ex. A)), Mr. Smith also enjoys the protections of absolute immunity. See Barrett, 798 F.2d at 571-72.

Hence, this Court should dismiss this complaint with prejudice for lack of

11

jurisdiction because absolute immunity protects both Mr. Smith and Mr. Morrison. See Ou-Young v. Roberts, No. CV. 1-03676-SI, 2013 WL 5978458 (N.D. Ca. Nov. 8, 2013) (noting claims for government absolute immunity are properly dismissed under Rule 12(b)(1) of the Federal Rules of Civil Procedure).[2]

Even if Mr. Conklin had standing to sue on behalf of Mr. Bailey, absolute immunity would protect the United States Attorney and an AUSA like Mr. Morrison, who took action in furtherance of litigation even if those actions harmed a third party such as Mr. Bailey (despite the lack of allegations to support such an action). See Barrett, 798 F.2d at 571-72 (holding AUSA had absolute immunity against third parties when he sought a seizure warrant in a civil in rem proceeding) (citing Atkins v. Lanning, 556 F.2d 485, 487-88 (10th Cir. 1977)).

Moreover, absolute immunity encompasses lawsuits based on alleged false and defamatory statements made by government attorneys. See id. (finding AUSA's statement during seizure warrant hearing protected even if the AUSA "told a 'bald face lie' to judge") (citing Yaselli v. Gogg, 12 F.2d 396, 400-02 (2d Cir. 1926), summarily aff'd, 275 U.S. 503 (1927)). Thus, to the extent, Mr. Conklin claims false statements were made in the filing of the notice of removal (again this is not true, as the filings speak for themselves), absolute immunity

---

[2] Courts have also dismissed government attorneys based on absolute immunity pursuant to Rule 12(b)(6). See Schrob, 948 F.2d at 1422.

protects Mr. Smith and Mr. Morrison from liability. See id.

### C. Mr. Conklin's conclusory and implausible allegations fail to state a claim upon which relief can be granted.

In taking the first step in deciding a motion to dismiss, this Court must separate Mr. Conklin's conclusory allegations and labels from any factual allegations. See Fowler, 578 F.3d at 210. The first paragraph of Mr. Conklin's complaint contains a laundry list of conclusory allegations and labels, including claims of violations of the First, Fourth, and Fourteenth Amendments to the Constitution. Included in that paragraph are conclusory statements that defendants violated Mr. Conklin's constitutional rights, unlawfully acted to retaliate against him, "hatefully retaliate" against him, threatened him in an outrageous manner, unlawfully placed him and his associates under surveillance, illegally removed a writ of summons from Dauphin County, and "their misconduct being so egregious it may very well be unique and new in the history of American official abuse." See Compl. (Doc. No. 1) ¶ 1. Nothing in this paragraph provides a fact that could be admitted or denied, as every sentence therein contains labels and conclusions. See Twombly, 550 U.S. at 555.

The remainder of the complaint is rife with conclusions and labels. See, e.g., Compl. (Doc. No.1) ¶ 4 ("defendants were motivated by a desire to intimidate Conklin and insulate [Judge] Kane"); ¶¶ 9-14, 16 (defendants violated First and

Fourteenth Amendments); ¶ 18 (defendants violated Pennsylvania Constitution and Pennsylvania statute against official oppression); ¶ 43 (defendants all knew there were no jurisdiction to file notice of removal); ¶¶ 45-46 (defendants knew there was not a scintilla of doubt that the United States had no interest in the underlying Dauphin County mater); ¶ 47 (defendants violated Rule 11 and 28 U.S.C. § 1446); ¶¶ 49-51 (defendants filed an inaccurate and intentionally misleading document); ¶¶ 53-54 (an action cannot be commenced in federal court by filing a writ of summons); ¶ 58 (Judge McKee should have dismiss the removal sua sponte); ¶ 60 (noting Judge Kane as a U.S. Government defendant was false and misleading); ¶ 63 (nowhere in the writ of summons did Mr. Conklin take action against Judge Kane in her official capacity); ¶ 64 (Judge Kane is not a U.S. Government Defendant); ¶ 67 (the selection of 28 U.S.C. § 1441 is unlawful and improper  and Mr. Morrison "knew the civil cover sheet could not be appropriately used"); ¶ 69 (Judge Kane unlawfully engineered the removal); ¶¶ 71-72 (the case was unlawfully removed); ¶ 80 (Mr. Conklin believes he is suffering retaliation because he is a friend and sometimes client of Don Bailey and because he shares similar views); ¶¶ 85-87 (violation of rights under the First and Fourteenth Amendment); ¶ 88(defendants have acted to diminish public, press, and private access to an awareness of Mr. Conklin's exercise of his lawful rights and to prevent the disclosure of abuses); ¶ 89 (defendants intended to intimidate and control Mr.

Conklin's exercise of his rights); ¶¶ 93,95 (defendants actions were designed to

deter Mr. Conklin from exercising his First, Fourth, and Fourteenth Amendment

rights); ¶ 94 (unlawful actions of defendants were oppressive in violation of

Pennsylvania statute); ¶ 96 (there was no authority to remove the action); ¶ 97 (Mr.

Conklin is being grossly intimidated); ¶ 98 (the federal court system has no

authority to discipline itself, such misconduct is frightening, and the US Attorney

is oppressive and instills great fear); ¶ 99 (Mr. Conklin has the right to be equally

treated with others similarly situated under the Fourteenth Amendment Equal

Protection clause); ¶ 100 (defendant's removal was an attempt to put control of the

administration of this matter "in the most powerful prosecutorial office in the

nation").

The above references do not contain facts, but rather are labels or

conclusions that do not support a claim for relief, and as such must be disregarded.

Twombly, 550 U.S. at 555.

Next, the Court should determine whether the "facts" as alleged are

plausible. See id. In paragraphs 16 and 70 to 80 of the Complaint, Mr. Conklin

asserts that the Third Circuit, the Middle District of Pennsylvania, and the United

States Attorney are secretly monitoring the activities of his attorney, Don Bailey,

to counteract his and his clients' efforts to disclose unlawful activities of unnamed

officials. See Compl. ¶ 16, 70-80. Mr. Conklin believes that Judge Kane has

encouraged the harassment of Mr. Bailey by disseminating the filings of Mr. Bailey through the use of PACER to hand-picked judges and clerks of the Third Circuit and the Middle District and to the United States Attorney. This alleged surveillance was done "so that certain judges (including Yvette Kane and Christopher C. Conn[e]r) could work with Pennsylvania's grossly corrupt Lawyer's Disciplinary System to deprive Mr. Bailey and Mr. Conklin of their rights." Id. ¶ 74.

These allegations are frivolous. A claim that Judge Kane manipulated the PACER system and gave access to federal judges of both the Middle District and the Third Circuit of Mr. Bailey's public filings, and they then engaged in a conspiracy with the disciplinary board of the Pennsylvania Supreme Court to discourage civil rights filings is completely not plausible. To include the United States Attorney in these unreasonable conclusory claims without plausible factual allegations cannot withstand the pleading requirements under the Federal Rules of Civil Procedure. Hence, this Court should find these claims not plausible and dismiss them for failure to state a claim. See Fowler, 578 F.3d at 210-11.

Accordingly, Mr. Conklin fails to state a First, Fourth, or Fourteenth Amendment claim upon which relief can be granted.

Moreover, there is no private cause of action under 18 U.C.S. § 242. See U.S. ex rel. Vampire Nation v. Citifinancial Mortg. Co., Inc., Civ. No. 06-936,

16

2007 WL 2142404, slip op. at *5 (W.D. Pa., July 9, 2007) (Rep. & Recom.) (copy attached), adopted by Civ. No. 06-0936, slip op. at *1 (W.D. Pa. Jul. 14, 2006) (finding that the plaintiff had no private cause of action under criminal statutes 18 U.S.C. §§ 241-245, and dismissing the claims for failure to state a claim upon which relief can be granted).

Finally, Mr. Conklin's claims against Mr. Smith are based on his role as a supervisor. Liability based on respondeat superior is not cognizable against a federal official. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).

Accordingly, this Court should dismiss Mr. Conklin's claims with prejudice.

D. **This Court should grant summary judgment to Messrs. Smith and Morrison.**

Mr. Conklin's First, Fourth, Fourteenth Amendment, and conspiracy claims are not supported by proper factual allegations, let alone evidentiary support. As such, this Court should find the Complaint deficient, and grant summary judgment in favor of Messrs. Smith and Morrison.

Mr. Conklin's retaliation claim, which he mentions in conclusory fashion throughout his complaint, fails in particular. The Third Circuit has recently reiterated that to establish a retaliation claim under 42 U.S.C. § 1983, a plaintiff must demonstrate (1) that he was engaged in protected activity; (2) that he suffered some adverse action; and (3) that the protected act caused the retaliation. George

17

v. Rehiel, 738 F.3d 562, 585 (3d Cir. 2013) (citing Eichenlaub v. Township of

Indiana, 385 F.3d 274, 282 (3d Cir. 2004)). The plaintiff must then establish

whether the action purportedly taken in retaliation for this conduct is sufficiently

"adverse" to constitute constitutionally cognizable infringements. Allah v

Severling, 229 F.3d 220 225 (3d Cir. 2000) (citing Suppan v. Dadonna, 203 F.3d

228, 235 (3d Cir. 2000). Official actions are only considered "adverse" if they

would be "sufficient 'to deter a person of ordinary firmness' from exercising his

First Amendment rights." Id. (additional citations omitted).

Here, it is not clear what protected activity allegedly caused Mr. Morrison to

remove the Dauphin County action. Was it the actual Writ in Dauphin County, an

action which Mr. Conklin refuses to define even as of this date, or was it some

other event that is not mentioned in the Complaint. In addition, it is not clear what

is the protected activity that allegedly caused all Defendants to "secretly monitor"

Mr. Bailey's ECF filings.

As to the adverse action, Mr. Morrison filed a notice of removal pursuant to

sections 1441 and 1442 of 28 U.S.C. He concedes that he filed the notice of

removal because of the Writ. Accordingly to his research, however, he believed

that Mr. Conklin had filed a suit against Judge Kane in her role as a federal judge,

in either her official or individual (Bivens) capacities. See Morrison Decl. (Ex. A).

Importantly, section 1442 provides that removal for federal officers may occur

18

when an action is <u>commenced</u>.  In Pennsylvania, an action is commenced by writ of summons.  <u>See</u> Pa. R. Civ. P. 1007 (providing "an action may be commenced" by (1) a praecipe for writ of summons, or (2) a complaint).  Although the Court disagreed with Mr. Morrison, he had no other reason for filing the notice of removal, <u>see</u> Morrison Decl. (Ex. A) ¶¶ 7-8, and thus Mr. Conklin cannot establish the filing of the removal was for some improper purpose.

Mr. Conklin sought sanctions against Mr. Morrison, and this Court denied that request.  Mr. Conklin is thus estopped from bringing a claim regarding Mr. Morrison's actions that he should have sought in that earlier action.  <u>See</u> <u>Youssef v. Department of Health and Sr. Servs.</u>, 524 F. App'x 788, 790 (3d Cir. 2013) (citing <u>Migra v. Warren City Sch. Dist. Bd. of Educ.</u>, 465 U.S. 75, 77 n. 1(1984)).  Further, Mr. Conklin's improper attempt to bring a private cause of action against Mr. Morrison for alleged Rule 11 sanctions is improper.  <u>See</u> <u>CSX Transp., Inc. v. Gilkison</u>, 406 F. App'x 723, 727 (4th Cir. 2010) (noting Rule 11 does not allow for a private cause of action).

As to the secret monitoring of Mr. Bailey, Mr. Conklin cannot claim that this act was done to intimidate him – it was allegedly done in <u>secret</u>.  Moreover, even if Mr. Smith viewed Mr. Bailey's ECF filings, the monitoring of a public viewed internet site is neither surveillance nor secretive.  This clam equally fails for lack of evidentiary support.

19

Lastly, Messrs. Smith and Morrison enjoy qualified immunity from this action.  No reasonable government actor would believe that filing a notice of removal would violate a clearly established constitutional right.  And even if proven, no reasonable government actor would believe monitoring ECF would violate a clearly established right.  George, 738 F.3d at 572 (finding government officials had qualified immunity as to claims of retaliation).

Accordingly, this Court should grant summary judgment to Messrs. Smith and Morrison.

## VI.   Conclusion

For the reasons noted above, and in their motion, this Court should dismiss the Complaint with prejudice or grant summary judgment in favor of Messrs. Smith and Morrison.

Respectfully submitted,

PETER J. SMITH
United States Attorney


s/Michael J. Butler
Michael J. Butler
Assistant United States Attorney
228 Walnut Street
PO Box 11754
Harrisburg, PA  17108-1754
Tel: (717)221-4482
Fax: (717)221-4493
Michael.Butler@usdoj.gov

Date:  February 4, 2014

## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify that this brief consists of 4,467 words and does not exceed the 5,000 word limit.

/s/ Michael J. Butler
MICHAEL J. BUTLER
Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **STEPHEN G. CONKLIN,** | : | NO. 1:CV-13-02618 |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **(Judge Sanchez)** |
| | : | |
| **YVETTE KANE, PETER J. SMITH,** | : | |
| **MARK E. MORRISON, AND** | : | |
| **CHRISTINA GARBER,** | : | |
| | : | |
| **Defendant** | : | **Filed Electronically** |

## CERTIFICATE OF SERVICE BY MAIL

The undersigned hereby certifies that he is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.

That on February 4, 2014, he caused to be served a copy of the attached

**DEFENDANTS PETER J. SMITH AND MARK E. MORRISON'S BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS AND/OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

by the Court's ECF filing system

Addressees:

Don A. Bailey
4311 North Sixth Street
Harrisburg, PA 17110

**Attorney for Plaintiff**

Thomas B. Schmidt, III
Pepper Hamilton LLP
Suite 200, 100 Market Street
P.O. Box 1181
Harrisburg, PA 17108

**Attorneys for Judge Kane**

s/Michael J. Butler
Michael J. Butler