# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Stephen G. Conklin | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | NO. 1:13-cv-02618- |
| | : | |
| Yvette Kane, Peter J. Smith, Mark E. Morrison and Christina Garber, | : | THE HONORABLE JUAN R. SANCHEZ |
| | : | |
| Defendants. | : | |

## DEFENDANT YVETTE KANE'S MOTION
## TO DISMISS THE COMPLAINT OF STEPHEN G. CONKLIN

Pursuant to Federal Rule of Civil Procedure 12(b)(6), defendant Yvette Kane,[1] by her undersigned attorneys, moves the Court to dismiss the complaint filed by plaintiff Stephen G. Conklin in this matter.  The material allegations of plaintiff's complaint are baseless and denied by Judge Kane; but even if the allegations are accepted as true, the complaint is legally insufficient and should be dismissed with prejudice.

Each of plaintiff's claims must be dismissed because each one fails to meet the pleading requirements of Federal Rule of Civil Procedure 8.  The

---

[1] Hon. Yvette Kane (hereinafter "Judge Kane") is a sitting judge in the United States District Court for the Middle District of Pennsylvania.

complaint consists of nothing more than threadbare recitals of the elements of causes of action and is wholly lacking in factual matter sufficient to state a plausible claim.

Moreover, each of plaintiff's claims is also legally insufficient on one or more separate grounds that independently require dismissal of all of plaintiff's claims against Judge Kane.

Finally, a sitting judge generally is protected from civil suit by judicial immunity. If plaintiff's complaint were adequately pled, the grounds for Judge Kane's judicial immunity would be abundantly clear. Even in their current form, the allegations of the complaint demonstrate that Judge Kane is immune from this suit.

## BACKGROUND AND PROCEDURAL HISTORY

1. Many of plaintiff's claims in this action arise from and relate to a state court action (the "Dauphin County Action") commenced by Mr. Conklin against Judge Kane in the Dauphin County Court of Common Pleas.

### The Dauphin County Action

2. Mr. Conklin, *pro se*, commenced the Dauphin County Action against Judge Kane by filing a Praecipe for a Writ of Summons on April 4, 2013, that was docketed at No. 2013-CV-2962. The Writ of Summons names "Yvette Kane" as the defendant and does not identify her as a sitting federal judge.

-2-

3.      The Writ of Summons was issued on April 4, 2013, and re-issued on May 10, 2013.

4.      On May 24, 2013, the Writ of Summons was delivered to the office of the United States Attorney for the Middle District of Pennsylvania, which was authorized to accept service on behalf of Judge Kane.

5.      On June 11, 2013, a Notice of Removal from the Court of Common Pleas of Dauphin County to the United States District Court for the Middle District of Pennsylvania ("Middle District") was filed by Assistant United States Attorney Mark E. Morrison as counsel for Judge Kane.

6.      Mr. Conklin filed a timely motion to remand in the Middle District.  After briefing, Hon. Timothy J. Savage[2] remanded the Dauphin County Action, having concluded that the propriety of removal pursuant to the federal officer removal statute, 28 U.S.C. § 1442(a)(3), could not be determined until a complaint was filed.  *See Conklin v. Kane*, No. 13-cv-1351 (M.D. Pa. Aug. 27, 2013).

7.      On September 18, 2013, following remand, a Rule was issued in the Dauphin County Action directing Mr. Conklin to file a complaint.  The Rule was not served at that time.

---

[2] Judge Savage was assigned pursuant to 28 U.S.C. § 292(b).

#23167586 v5

8.     On October 31, 2013, Mr. Conklin filed an Emergency Motion for Sanctions ("Sanctions Motion"), seeking sanctions against Judge Kane and Assistant United States Attorney Mark E. Morrison for the allegedly improper removal of the Dauphin County Action to the Middle District.  All proceedings relating to the Sanctions Motion are hereinafter referred to as the "Sanctions Proceeding."

9.     Contemporaneously with the filing of the Sanctions Motion, Mr. Conklin filed an Emergency Application for Stay in the Dauphin County Action pending a hearing on the Sanctions Motion.

10.    On November 15, 2013, the undersigned entered their appearance for Judge Kane in the Dauphin County Action.

11.    On November 19, 2013, the Rule directing Mr. Conklin to file a complaint within 20 days or suffer entry of judgment of non pros in the Dauphin County Action was served pursuant to Pa. R.C.P. 440 and 1037.

12.    By order dated November 25, 2013, the Dauphin County Court scheduled a hearing on the Sanctions Motion for December 9, 2013.

13.    On December 6, 2013, Assistant United States Attorney Michael Butler, as counsel for Assistant United States Attorney Morrison in the Sanctions Proceeding, filed a Notice of Removal of the Sanctions Proceeding in

#23167586 v5

the Middle District, filed a notice of that filing in the Dauphin County Court, and

served Mr. Conklin.

14.     The Sanctions Proceeding has been docketed in the Middle

District at No. 13-cv-3058.[3]

15.     On December 9, 2013, because no complaint had been filed by

Mr. Conklin in the Dauphin County Action, Judge Kane served him with a Notice

of Intent to Enter Judgment of Non Pros.

16.     On December 23, 2013, Judge Kane filed a Praecipe for Entry

of Judgment of Non Pros in the Dauphin County Action and judgment was entered

against Mr. Conklin.

## The Federal Action

17.     On October 21, 2013, Mr. Conklin filed the instant action

against Judge Kane; Assistant United States Attorney Mark E. Morrison; United

States Attorney Peter J. Smith; and Christina Garber, a Legal Assistant in the

United States Attorney's Office.[4]

---

[3] On January 6, 2014, Mr. Conklin filed a motion to remand the Sanctions
Proceeding and on January 22, 2014, filed a brief in support of his motion.  Judge
Kane filed her brief opposing remand on February 5, 2014.

[4] Ms. Garber was dismissed from this suit by order dated January 14, 2013
(Doc. 9).

#23167586 v5

18.     Pursuant to 28 U.S.C. § 292(b), Hon. Juan R. Sanchez of the Eastern District of Pennsylvania was assigned.

19.     Plaintiff's complaint purports to set forth five claims against Judge Kane:  (1) violations of plaintiff's First Amendment rights; (2) violations of plaintiff's right to access the courts under the First and Fourteenth Amendments and to equal protection under the Fourteenth Amendment; (3) violations of plaintiff's right to be free of conspiracies under 42 U.S.C. § 1983; (4) violation of plaintiff's Fourth Amendment rights; and (5) violation of plaintiff's rights under 18 U.S.C. § 242.[5]

20.     Plaintiff seeks compensatory damages for pain and suffering, humiliation, and emotional distress, punitive damages, costs, fees, and other unspecified relief.

## PLAINTIFF'S COMPLAINT FAILS TO MEET THE PLEADING REQUIREMENTS OF FED. R. CIV. P. 8

21.     Plaintiff's complaint fails to meet the pleading requirements of Federal Rule of Civil Procedure 8 as articulated in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2008).

---

[5] Plaintiff's complaint invokes 28 U.S.C. § 1367(c) (supplemental jurisdiction) (*see* Complaint, ¶ 8) and alleges that defendants violated his rights under the Pennsylvania Constitution.  But, perhaps in consideration of 28 U.S.C. § 1367(c)(1), plaintiff's complaint does not include a count describing or seeking redress for any state law claims.

-6-

22.     To state a claim for relief, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

23.     A complaint must be dismissed if it fails to allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570).

24.     A claim has facial plausibility when a plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant may be liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678-79. In making this determination, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

25.     A plaintiff is required to provide more than labels and conclusions, and a formulaic recitation of the elements of a cause of action is not sufficient. *Twombly*, 550 U.S. at 550 (citation omitted).

26.     A "naked assertion," devoid of "further factual enhancement," is insufficient. *Id.* at 557.

27.     The plausibility standard requires more than showing a "mere possibility" or pleading facts that are "merely consistent" with the defendant's

#23167586 v5

liability.  *Id.*  Thus, the Supreme Court has set forth a two-pronged approach for assessing the adequacy of a complaint under Rule 8:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . . . Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]" – that the pleader is entitled to relief.

*Iqbal*, 556 U.S. at 678-79.

28.     Legal conclusions alone are insufficient to assert a claim and must be supported by facts.  Further, those supporting factual averments must be robust enough to convey a plausible claim.  The facts alleged must show entitlement to relief.  *Fowler*, 578 F.3d at 211 (citing *Phillips v. County of Allegheny*, 515 F.3d 224, 234-35 (3d Cir. 2008)).

29.     Plaintiff's complaint is nothing more than a threadbare recital of the elements of plaintiff's purported claims.

30.      Plaintiff's complaint fails to allege sufficient facts to present any plausible claim against Judge Kane.

31.     Because plaintiff has failed to present any plausible claim for relief, his complaint against Judge Kane must be dismissed in its entirety.

## PLAINTIFF'S FIRST AMENDMENT
## CLAIMS ARE LEGALLY INSUFFICIENT

32.     To state a claim under the First Amendment, a plaintiff must have suffered an injury from the denial of his rights of expression, petition, or access to the courts.

33.     Counts I and II must be dismissed because plaintiff has failed to state a claim for the violation of his First Amendment rights.

### Access to the Courts Claim

34.     In Counts I and II of his complaint, plaintiff appears to allege that Judge Kane's removal of the Dauphin County Action to federal court constituted a violation of his First Amendment right of access to the courts, including his right of expression and petition.  (Complaint, ¶¶ 85, 101, 102).

35.     "An individual alleging denial of access to the courts must show actual injury, meaning actual prejudice or the actual denial of access to the courts."  *Yeisley v. Pa. State Police*, No. 3:05-cv-01650, 2010 U.S. Dist. LEXIS 122374, at *35-36 (M.D. Pa. Nov. 18, 2010) (citing *Lewis v. Casey*, 116 S. Ct. 2174 (1996); *Bounds v. Smith*, 97 S. Ct. 1491 (1977)).

36.     Where an individual participates in a judicial process, and certainly where he prevails in that process, he cannot later establish the injury necessary to assert a valid access-to-the-courts claim.  *Id.*

#23167586 v5

37.     In this case, plaintiff participated, without restraint or limitation, in the federal removal and remand proceedings, and he prevailed.

38.     Because plaintiff participated in the judicial process and, in fact, prevailed, he was not injured and, therefore, cannot state a First Amendment access-to-the-courts claim.

## Retaliation Claim

39.     In Count I of his complaint, plaintiff alleges a First Amendment retaliation claim.  (Complaint, ¶¶ 73, 74, 82, 101).

40.     To state a claim for retaliation under the First Amendment a plaintiff must show that: (1) the conduct was a "protected activity" under the First Amendment; (2) there was a retaliatory action taken to deter "a person of ordinary firmness from exercising his constitutional right"; and (3) a causal link exists between the protected conduct and the retaliatory action.  *Herman v. Carbon County*, 248 Fed. Appx. 442, 444 (3d Cir. 2007).   This causal link must be a "substantial or motivating factor for retaliation."  *Hagan v. United States*, No. 01-5506, 2002 U.S. Dist. LEXIS 3504, at *18 (E.D. Pa. Mar. 1, 2002) (citing *Feldman v. Phila. Housing Auth.*, 43 F.3d 823, 829 (3d Cir. 1995)).

41.     In this instance, the complaint fails to allege any facts tending to show that Judge Kane retaliated against plaintiff for engaging in any protected activity.

42.     While the complaint is ambiguous on this issue, it appears that plaintiff believes his "protected activity" was his association with his attorney Don Bailey and his request that Judge Kane recuse herself in a prior matter. (Complaint, ¶¶ 73-82).

43.     Plaintiff lacks standing to assert any claims on behalf of his attorney and his claims should be dismissed to the extent he seeks relief under the First Amendment for retaliation to which Mr. Bailey was allegedly subjected.

44.     The complaint fails to explain in any detail the nature of the alleged retaliation, using nothing more than general terms such as "harassment," "surveillance," and "selective and vindictive attack."  (Complaint, ¶¶ 73, 74, 82).

45.     The complaint also refers to "seemingly inappropriate activities in York County courts," but does not in any way specify what those activities were or tie those activities to Judge Kane.  (Complaint, ¶ 84).

46.     Because plaintiff's complaint fails to assert that he was retaliated against by Judge Kane for any protected activity, let alone explain in any detail the nature of the alleged retaliation, plaintiff's First Amendment retaliation claim must be dismissed.

## PLAINTIFF'S  FOURTEENTH AMENDMENT CLAIM IS LEGALLY INSUFFICIENT

47.     Plaintiff's complaint fails to state a claim for relief under the Fourteenth Amendment, and Count II, therefore, must be dismissed.

#23167586 v5

48.     The Fourteenth Amendment creates a cause of action for acts taken under color of state law, not for action taken under color of federal law.  U.S. CONST. amend.  XIV.

49.     At all times relevant to the claims asserted by plaintiff, Judge Kane was acting in her capacity as a federal judge and at no time acted under color of state law.

50.     The Dauphin County Action was removed pursuant to the federal removal statute by Judge Kane's counsel.

51.     Because plaintiff's complaint does not allege that Judge Kane acted under color of state law, it fails to state a claim under the Fourteenth Amendment.

### PLAINTIFF'S COMPLAINT FAILS TO STATE A CONSPIRACY CLAIM UNDER 42 U.S.C. § 1983

52.     A claim under 42 U.S.C. § 1983 arises only for action taken "under color of state law."  *McCauley v. Computer Aid, Inc.*, 447 F.Supp. 2d 469, 471 (E.D. Pa. 2006).

53.     Plaintiff's complaint does not allege that Judge Kane acted under color of state law.

54.     To the contrary, the first line of plaintiff's complaint acknowledges that his action is a "Biven's (*sic*) action, i.e., a federal civil rights action."  (Complaint, ¶ 1).

-12-

55.     A *Bivens* action is the federal-law equivalent of an action brought under 42 U.S.C. § 1983.  *McCauley*, 447 F.Supp. 2d at 473.

56.     Count III of plaintiff's complaint fails to state a claim under 42 U.S.C. §1983 and must be dismissed.

57.     Moreover, to plead a conspiracy claim under 42 U.S.C. § 1983, a plaintiff must plead both the elements of a cause of action under § 1983 and the elements of a cause of action for conspiracy.  *Cunningham v. N. Versailles Twp.*, No. 09-1314, 2010 U.S. Dist. LEXIS 7005, at *15 (E.D. Pa. Jan. 27, 2010) (citing *Bieros v. Nicola*, 860 F. Supp. 223, 225 (E.D. Pa. 1994)).

58.     To plead a cause of action for conspiracy under § 1983, a plaintiff must "allege that two or more conspirators reached an agreement for the purpose of depriving him of his constitutional rights under color of state law."  *Id.* at *14 (citing *Capogrosso v. The Supreme Court of N.J.*, 588 F.2d 180, 185 (3d Cir. 2009)); *Chicarelli v. Plymouth Garden Apartments*, 551 F.Supp. 532, 539 (E.D. Pa. 1982) ("The plaintiff must show that the alleged conspirators "directed themselves toward an unconstitutional action by virtue of a mutual understanding or agreement.").

59.     The elements of a cause of action for conspiracy must be pled with particularity.  *Id.* at *15 (citing *Bieros*, 860 F.Supp. at 225; *see also Langella v. Cerone*, No. 09-cv-312E, 2010 U.S. Dist. LEXIS 57660, at *9 (W.D. Pa. June

#23167586 v5

27, 2010); *Agarwal v. Schuylkill County Tax Claim Bureau*, No. 3:CV-09-1921,

2010 U.S. Dist. LEXIS 132804, at *48-50 (M.D. Pa. July 27, 2010).

60.    While riddled with baseless legal conclusions, plaintiff's

complaint is devoid of facts to support his conspiracy claim.

61.    Plaintiff's complaint fails to allege facts sufficient to state any

claim for conspiracy under § 1983, and Count III of plaintiff's complaint,

therefore, must be dismissed.

## PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM UNDER THE FOURTH AMENDMENT

62.    The Fourth Amendment protects individuals from unreasonable

searches and seizures.  U.S. CONST. amend. IV; *Dacenzo v. Crake*, No. 3:CV-10-

1776,  2012 U.S. Dist. LEXIS 115561, at *32-33 (M.D. Pa. June 18, 2012).

63.    The Fourth Amendment protects against governmental

intrusions on privacy only in places or under circumstances where an individual

has a reasonable expectation of privacy.  *Dacenzo*,  2012 U.S. Dist. LEXIS 115561

at *33 (quoting *Katz v. United States*, 389 U.S. 347, 351 (1967)).

64.    Plaintiff's Fourth Amendment claim appears to be based on

"surveillance activities" of his attorney's federal court filings and Judge Kane's

alleged conduct in assigning his attorney's filings to various judges within the

Middle District in her capacity as the Chief Judge of the Middle District of

Pennsylvania.  (Complaint, ¶ 73).

-14-

65.     Plaintiff lacks standing to assert any claims on behalf of his attorney and his claims should be dismissed to the extent he seeks relief for unreasonable searches and seizures to which Mr. Bailey was allegedly subjected.

66.     Federal court filings are public records in which there is no reasonable expectation of privacy.

67.     None of the activities alleged by plaintiff, even if the allegations were true, constitute unreasonable searches or seizures in violation of the Fourth Amendment.

68.     Plaintiff's complaint fails to allege facts sufficient to demonstrate that any unreasonable search or seizure occurred in violation of the Fourth Amendment, and Count IV of plaintiff's complaint, therefore, must be dismissed.

## PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM UNDER 18 U.S.C. § 242

69.     No private cause of action exists under 18 U.S.C. § 242, which is a criminal statute only enforceable by the government. *Cito v. Bridgewater Township Police Dep't*, 892 F.2d 23, 26 n.3 (3d Cir. 1989); *O'Neil v. Beck*, No. 1:04-CV-2825, 2005 U.S. Dist. LEXIS 37092, at *2-3 (M.D. Pa. Aug. 4, 2005) ("it is settled law that private citizens do not enjoy a private right of action under 18 U.S.C. § 242").

#23167586 v5

70.     Because no private cause of action exists under 18 U.S.C. §

242, Count V of plaintiff's complaint fails to state a claim for which relief can be

granted and, therefore, must be dismissed.

## JUDICIAL IMMUNITY

71.     At all times relevant to plaintiff's complaint, Judge Kane was

acting in her judicial capacity and engaged in activities normally performed by a

judge and, therefore, is protected from this suit by judicial immunity.

72.     A judge may not be held liable in a civil action for her judicial

acts, even if such acts are in excess of her jurisdiction or are alleged to have been

done maliciously or corruptly.  *Mireles v. Waco*, 502 U.S. 9, 14 (1991); *Stump v.

Sparkman*, 435 U.S. 349, 355-56 (1978).

73.     Judicial immunity applies regardless of whether the action

taken by the judge "was in error, was done maliciously, or was in excess of [her]

authority; rather, [s]he will be subject to liability only when [s]he has acted in the

"'clear absence of all jurisdiction.'" *Stump*, 435 U.S. at 356-57.

74.     As the Supreme Court of the United States has made clear, "the

factors determining whether an act by a judge is a 'judicial' one relate to the nature

of the act itself, *i.e.*, whether it is a function normally performed by a judge, and

the expectations of the parties, *i.e.*, whether they dealt with the judge in [her]

-16-

judicial capacity." *Id.* at 363; *Gallas v. Supreme Court of Pa.*, 211 F.3d 760, 768-69 (3d Cir. 2000) (citing *Stump*, 435 U.S. at 363).

75.     Judicial immunity can be "overcome in only two sets of circumstances.  First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity." *Mireles*, 502 U.S at 14 (citing *Forrester v. White*, 484 U.S. at 227-29; *Stump*, 435 U.S. at 360).  "Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* (citing *Forrester*, 484 U.S. at 227-29; *Stump*, 435 U.S. at 360; *Bradley v. Fisher*, 80 U.S. 335, 351 (1871)).

76.     Plaintiff's purported claims against Judge Kane can be sorted into two categories: (1) Judge Kane, represented by Assistant United States Attorney Mark E. Morrison, improperly removed the Dauphin County Action to federal court by invoking the federal officer removal statute, 28 U.S.C. § 1442 (Complaint, ¶¶ 20-69); and (2) Judge Kane has retaliated against plaintiff by "encourage[ing] the harassment of" plaintiff's counsel Don Bailey by, for example, having "the PACER system immediately dispense filings of Don Bailey to a number of hand-picked judges and clerks in the Middle District and the Third Circuit over a period of years" (Complaint, ¶ 73, 80, 82), and orchestrating "surveillance activity" over plaintiff and his attorney Don Bailey. (Complaint, ¶¶ 73,74).

#23167586 v5

77.     While all of plaintiff's claims are false, Judge Kane would nevertheless be immune from suit even if all of those claims were factually accurate.

78.     As plaintiff acknowledges, the Dauphin County Action was removed to the Middle District by Judge Kane's attorney, Assistant United States Attorney Mark E. Morrison, on the assumption that Judge Kane was being sued in the Dauphin County Action in her capacity as a federal judge.  (Complaint, ¶¶ 33-34, 37, Ex. F).

79.     That it was reasonable for Judge Kane's counsel to infer that Judge Kane was being sued in the Dauphin County Action in her judicial capacity is substantiated by Plaintiff's characterizations in this action of the events at issue, to wit: "under badge of federal authority" (Complaint, ¶ 1); "Yvette Kane is the chief judge . . . who unlawfully engineered the removal . . . ." (*Id.* at ¶ 69).

80.     Even if the assumption that Judge Kane was being sued in the Dauphin County Action in her official capacity were incorrect, such a mistake does not waive her judicial immunity in this action.

81.     Moreover, by removing the case, Judge Kane did nothing more than invoke her right to have a federal court decide whether the claims asserted by Mr. Conklin in the Dauphin County Action were barred by judicial immunity.

82.     That the court decided removal was premature was not a decision that judicial immunity would not have applied to Mr. Conklin's claims had he filed a complaint in the Dauphin County Action.

83.     Although having had the opportunity to do so, Mr. Conklin elected not to file a complaint in the Dauphin County Action and judgment was entered against him.

84.     Allowing plaintiff to use an abandoned state court proceeding in which judgment has been entered against him as the means of circumventing judicial immunity would be an abuse of the judicial process.

85.     Having abandoned his claim in the Dauphin County Action, plaintiff should not be permitted to use this action as a device to overcome the general principle that judges are immune from suit for money damages.

86.     As to the second category of claims, even if it were true that Judge Kane orchestrated and engaged in the harassment of plaintiff and his attorney, those allegations being denied, the methods Judge Kane allegedly used were judicial acts and she is, therefore, immune from suit.  *See, e.g., Forrester*, 484 U.S. 219, 227 (1988) (an act "does not become less judicial by virtue of an allegation of malice or corruption"); *Pierson*, 386 U.S. at 554 ("Immunity applies even when the judge is accused of acting maliciously and corruptly.").  Even if Judge Kane exceeded her authority in these areas, her immunity is not vitiated.

-19-

87.    Judicial acts are those "normally performed by a judge."

*Mireless*, 502 U.S. at 12 (citing *Stump*, 535 U.S. at 362).

88.    Normal judicial acts include "the basic supervision of court

staff" and "tasks that are integral part of the judicial process such as scheduling,

filing, and giving the parties notice of hearings." *See Ou-Young v. Roberts*, No.

CV-13-03676 SI, 2013 U.S. Dist. LEXIS 160737, at *9 (N.D. Cal. Nov. 8, 2010)

(internal quotations omitted) (citing *Parlante v. Peterson*, No. CIV S-07-2502

LKK DAD PS, 2008 U.S. Dist. LEXIS 20593, at *4 (E.D. Cal. Mar. 17, 2008),

*aff'd*, 323 F. Appx. 529 (9th Cir. 2009); *In re Castillo*, 297 F.3d 940, 951-52 (9th

Cir. 2002); *Mullis v. U.S. Bankr. Ct. for Dist. of Nevada*, 828 F.2d 1385, 1390 (9th

Cir. 1987)).

89.    In this case, assigning cases and monitoring the court's docket

(the activities allegedly forming the basis of several of plaintiff's claims) are

activities normally performed by a judge and, therefore, are judicial acts for which

Judge Kane is immune from civil suit.

WHEREFORE, for these reasons and those to be set forth in the brief

in support of this motion to be filed pursuant to Local Rule 7.5, Defendant Yvette

Kane requests that the Court grant her motion and dismiss plaintiff's complaint

against her with prejudice.

#23167586 v5

Respectfully submitted,

Dated: February 7, 2014

*s/   Thomas B. Schmidt, III*
Thomas B. Schmidt, III (PA 19196)
Tucker R. Hull (PA 306426)
Pepper Hamilton LLP
Suite 200, 100 Market Street
P.O. Box 1181
Harrisburg, PA  17108-1181
717.255.1155
717.238.0575 (fax)
schmidtt@pepperlaw.com
hullt@pepperlaw.com

*Attorneys for Defendant Yvette Kane*

#23167586 v5

## <u>CERTIFICATE OF NON-CONCURRENCE</u>

Plaintiff's counsel has advised undersigned counsel that plaintiff does not concur in the relief requested by this motion.


*s/     Thomas B. Schmidt, III*
Thomas B. Schmidt, III. (PA 19196)
Tucker R. Hull (PA 306426)

## CERTIFICATE OF SERVICE

I hereby certify that on February 7, 2014, a true and correct copy of the foregoing Motion to Dismiss was served via U.S. Mail, First Class, postage prepaid, as follows, and by ECF:

Don A Bailey, Esquire
4311 North Sixth Street
Harrisburg, PA 17110
***Attorney of Record for Plaintiff***

Michael J. Butler, Esquire
United States Attorney's Office – MDPA
228 Walnut Street, Suite 220
Harrisburg, PA 17108
***Attorney of Record for Defendants***
***Peter J. Smith and Mark E. Morrison***

*s/      Thomas B. Schmidt, III*
Thomas B. Schmidt, III. (PA 19196)