## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Stephen G. Conklin | : | |
| | : | |
| Plaintiff, | : | |
| | : | NO. 1:13-cv-02618 |
| vs. | : | |
| | : | |
| Yvette Kane, Peter J. Smith, Mark E. | : | HON. JUAN R. SANCHEZ |
| Morrison and Christina Garber | : | |
| | : | |
| Defendants. | : | |

## DEFENDANT YVETTE KANE'S BRIEF
## IN SUPPORT OF HER MOTION TO DISMISS
## <u>THE COMPLAINT OF STEPHEN G. CONKLIN</u>

Thomas B. Schmidt, III (PA 19196)
Tucker R. Hull (PA 306426)
PEPPER HAMILTON LLP
Suite 200
100 Market Street
P.O. Box 1181
Harrisburg, PA  17108-1181
717.255.1155
717.238.0575 (fax)
schmidtt@pepperlaw.com
hullt@pepperlaw.com

*Attorneys for Defendant Yvette Kane*

# **TABLE OF CONTENTS**

Page No.

I.    Introduction..................................................................................... 1

II.   Procedural History and Statement of Facts ................................... 2

III.  Statement of Questions Involved.................................................... 5

IV.   Argument ........................................................................................ 6

A.    Plaintiff's complaint should be dismissed because it lacks
      factual allegations sufficient to state any plausible claim against
      Judge Kane. ........................................................................... 6

B.    Plaintiff's First Amendment claims are legally insufficient. .............. 9

      1.    Plaintiff's access-to-the-courts claim is legally
            insufficient because he participated in the judicial process
            and, in fact, prevailed. ............................................... 10

      2.    Plaintiff's retaliation claim is legally insufficient because
            the complaint fails to identify any protected activity and
            fails to identify the nature of the alleged retaliation. ............... 11

      3.    Plaintiff lacks standing to assert a retaliation claim on
            behalf of his attorney. ................................................ 12

C.    Plaintiff's Fourteenth Amendment claims are legally
      insufficient................................................................................ 13

D.    Plaintiff's complaint fails to state a conspiracy claim under
      42 U.S.C. § 1983 ................................................................. 15

E.    Plaintiff's complaint fails to state a claim under the
      Fourth Amendment.................................................................... 17

      1.    Plaintiff has no reasonable expectation of privacy  in
            federal court filings. .................................................. 17

      2.    Plaintiff lacks standing to assert a Fourth Amendment
            claim on behalf of his attorney.................................... 18

F.    Plaintiff's complaint fails to state a claim under 18 U.S.C.
      § 242 ...................................................................................... 19

G.      Judge Kane is protected from suit by judicial immunity ................... 19

V.     Conclusion ................................................................................................. 23

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Alexander v. Pennsylvania Dep't of Banking*, No. Civ. 93-5510, 1994 U.S. Dist. LEXIS 5183 (E.D. Pa. April 21, 1994).......................................................14

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)...............................................................6, 7

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2008)..........................................6, 7

*Bethea v. Reid*, 445 F.2d 1163 (3d Cir. 1971) .......................................................14

*Bieros v. Nicola*, 860 F. Supp. 223 (E.D. Pa. 1994).........................................15, 16

*Bounds v. Smith*, 97 S. Ct. 1491 (1977)................................................................10

*Bradley v. Fisher*, 80 U.S. 335 (1871)..................................................................20

*Brown v. Philip Morris, Inc.*, 250 F.3d 789 (3d Cir. 2001).........................13, 14, 15

*Capogrosso v. The Supreme Court of N.J.*, 588 F.2d 180 (3d Cir. 2009) ...............15

*In re Castillo*, 297 F.3d 940 (9th Cir. 2002).........................................................23

*Chicarelli v. Plymouth Garden Apartments*, 551 F.Supp. 532 (E.D. Pa. 1982) ......................................................................................................................15

*Cito v. Bridgewater Township Police Dep't*, 892 F.2d 23 (3d Cir. 1989)...............18

*Conklin v. Kane*, No. 13-cv-1351 (M.D. Pa. Aug. 27, 2013) ...................................3

*Cunningham v. N. Versailles Twp.*, No. 09-1314, 2010 U.S. Dist. LEXIS 7005 (E.D. Pa. Jan. 27, 2010) ..............................................................................15

*Dacenzo v. Crake*, No. 3:CV-10-1776, 2012 U.S. Dist. LEXIS 115561 (M.D. Pa. June 18, 2012)...................................................................................17

*Enterline v. Pocono Medical Center*, 751 F. Supp. 2d 782 (M.D. Pa. 2008)..........13

*Feldman v. Phila. Housing Auth.*, 43 F.3d 823 (3d Cir. 1995) ...............................11

*Forrester v. White*, 484 U.S. 219 (1988) ........................................................20, 22

*Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009) ...................................6, 7

*Gallas v. Supreme Court of Pa.*, 211 F.3d 760 (3d Cir. 2000) ...............................19

*Hagan v. United States*, No. 01-5506, 2002 U.S. Dist. LEXIS 3504 (E.D. Pa. Mar. 1, 2002).............................................................................................11, 17

*Herman v. Carbon County*, 248 Fed. Appx. 442 (3d Cir. 2007) ............................11

*Holmes v. Benedict*, No. 1:12-CV-767, 2012 U.S. Dist. LEXIS 181857 (M.D. Pa. Nov. 27, 2012) ...............................................................................14, 16

*Katz v. United States*, 389 U.S. 347 (1967) ............................................................17

*Kowalski v. Tesmer*, 543 U.S. 125 (2004) ...............................................................18

*Langella v. Cerone*, No. 09-cv-312E, 2010 U.S. Dist. LEXIS 57660 (W.D. Pa. June 27, 2010)...................................................................................................16

*Lewis v. Casey*, 116 S. Ct. 2174 (1996) .................................................................10

*Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992) .......................................12, 18

*McCauley v. Computer Aid, Inc.*, 447 F.Supp. 2d 469 (E.D. Pa. 2006)............14, 15

*Mireles v. Waco*, 502 U.S. 9 (1991)..........................................................19, 20, 22

*Mullis v. U.S. Bankr. Ct. for Dist. of Nevada*, 828 F.2d 1385 (9th Cir. 1987)........23

*O'Neil v. Beck*, No. 1:04-CV-2825, 2005 U.S. Dist. LEXIS 37092 (M.D. Pa. Aug. 4, 2005) ...........................................................................................18

*Ou-Young v. Roberts*, No. CV-13-03676 SI, 2013 U.S. Dist. LEXIS 160737 (N.D. Cal. Nov. 8, 2010)..................................................................................22

*Parlante v. Peterson*, No. CIV S-07-2502 LKK DAD PS, 2008 U.S. Dist. LEXIS 20593 (E.D. Cal. Mar. 17, 2008), *aff'd*, 323 F. Appx. 529 (9th Cir. 2009) .............................................................................................................22

*Phillips v. County of Allegheny*, 515 F.3d 224 (3d Cir. 2008) .................................7

*Startzell v. City of Philadelphia*, 533 F.3d 183 (3d Cir. 2008)...............................16

*Stump v. Sparkman*, 435 U.S. 349 (1978).................................................19, 20, 22

*Warth v. Seldin*, 422 U.S. 490 (1975) .......................................................................18

*Yeisley v. Pa. State Police*, No. 3:05-cv-01650, 2010 U.S. Dist. LEXIS
   122374 (M.D. Pa. Nov. 18, 2010) ......................................................................10

## CONSTITUTIONS AND STATUTES

First Amendment to the U.S. Constitution .....................................4, 5, 9, 10, 11, 12

Fourth Amendment to the U.S. Constitution .......................................4, 5, 16, 17, 18

Fourteenth Amendment to the U.S. Constitution .....................................4, 5, 13, 14

Pennsylvania Constitution .........................................................................................4

*18 U.S.C. § 242* .....................................................................................4, 5, 18, 19

*28 U.S.C. § 292(b)* ................................................................................................2, 4

*28 U.S.C. § 1367(c)* ...................................................................................................4

*28 U.S.C. § 1442* ...............................................................................................2, 3, 20

*42 U.S.C. § 1983* ...........................................................................4, 5, 13, 14, 15

## OTHER AUTHORITIES

Fed.R.Civ.P. 8 ...................................................................................................1, 6, 7

Pa. R.C.P. 440 ..............................................................................................................3

Pa. R.C.P. 1037 ............................................................................................................3

I.     **Introduction**

The germ of this litigation is the removal and remand of a state court action against Defendant Yvette Kane[1] that was commenced by Stephen Conklin pursuant to the Pennsylvania practice of filing a writ of summons instead of a complaint.  Removal was sought pursuant to the federal officer removal statute. Remand was ordered because the district court decided that, in the absence of a complaint, the nature of the claims against Judge Kane in the state court action could not be ascertained from the writ.  Mr. Conklin has since abandoned that state court action by failing to file a complaint and judgment has been entered against him.  Instead, he is pursuing this action through his attorney, Donald A. Bailey, complaining essentially that the removal and remand proceedings give rise to claims under the First and Fourteenth Amendments, and also asserting claims that his attorney has been improperly treated in other litigation in the federal courts.

Judge Kane has moved to dismiss the complaint in this litigation because it does not satisfy the pleading requirements of Fed.R.Civ.P. 8, because it asserts claims that are not cognizable even if the inadequately-pled allegations are accepted as true, and because it violates the principle of judicial immunity.  This brief is filed in support of Judge Kane's motion to dismiss.

---

[1] Hon. Yvette Kane (hereinafter "Judge Kane") is a sitting judge in the United States District Court for the Middle District of Pennsylvania.

## II.     Procedural History and Statement of Facts

Many of plaintiff's claims in this action arise from and relate to a state

court action (the "Dauphin County Action") commenced by Mr. Conklin against

Judge Kane in the Dauphin County Court of Common Pleas.  The procedural

history of the Dauphin County Action is set out in detail in Judge Kane's Motion to

Dismiss (Doc. 16) and is only summarized here.

### The Dauphin County Action

Mr. Conklin, *pro se*, commenced the Dauphin County Action by filing

a Praecipe for a Writ of Summons ("Writ") on April 4, 2013, that names "Yvette

Kane" as the defendant but does not identify her as a sitting federal judge.

On May 24, 2013, the Writ was delivered to the office of the United

States Attorney for the Middle District of Pennsylvania.  On June 11, 2013,

Assistant United States Attorney Mark E. Morrison, acting as counsel for Judge

Kane, filed a Notice of Removal to the United States District Court for the Middle

District of Pennsylvania ("Middle District") pursuant to the federal officer removal

statute, 28 U.S.C. § 1442.

Mr. Conklin filed a timely motion to remand.  After briefing,

Hon. Timothy J. Savage[2] remanded the Dauphin County Action, having concluded

that the propriety of removal could not be determined until a complaint was filed.

---

[2]Judge Savage was assigned pursuant to 28 U.S.C. § 292(b).

*See Conklin v. Kane*, No. 13-cv-1351 (M.D. Pa. Aug. 27, 2013). On September 18, 2013, following remand, a Rule was issued in the Dauphin County Action directing Mr. Conklin to file a complaint. On November 19, 2013, the Rule was served pursuant to Pa. R.C.P. 440 and 1037. On December 23, 2013, because no complaint had been filed in the Dauphin County Action, Judge Kane filed a Praecipe for Entry of Judgment of Non Pros and judgment was entered against Mr. Conklin.

Meanwhile, on October 31, 2013, before the Rule was served, Mr. Conklin filed an Emergency Motion for Sanctions ("Sanctions Motion"), seeking sanctions against Judge Kane and AUSA Morrison for the allegedly improper removal of the Dauphin County Action. The Dauphin County Court scheduled a hearing on the Sanctions Motion for December 9, 2013. On December 6, 2013, AUSA Michael Butler, as counsel for AUSA Morrison, removed the Sanctions Proceeding to the Middle District pursuant to 28 U.S.C. § 1442. The Sanctions Proceeding has been docketed in the Middle District at No. 13-cv-3058, and assigned to Hon. Juan R. Sanchez of the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 292(b).[3]

---

[3] On January 6, 2014, Mr. Conklin filed a motion to remand the Sanctions Proceeding (Doc. 3) and on January 22, 2014, filed a brief in support of his motion. Judge Kane filed her brief opposing remand on February 5, 2014. AUSA Morrison filed his brief opposing remand on February 7, 2014.

### The Federal Action

On October 21, 2013, Mr. Conklin, now represented by Donald A. Bailey, Esquire, filed this action against Judge Kane; AUSA Morrison; United States Attorney Peter J. Smith; and Christina Garber, a legal assistant in the United States Attorney's Office.[4]  Pursuant to 28 U.S.C. § 292(b), Hon. Juan R. Sanchez of the Eastern District of Pennsylvania was assigned.

Plaintiff's complaint purports to set forth five claims against Judge Kane:  (1) violations of plaintiff's First Amendment rights; (2) violations of plaintiff's right to access the courts under the First and Fourteenth Amendments and to equal protection under the Fourteenth Amendment; (3) violations of plaintiff's right to be free of conspiracies under 42 U.S.C. § 1983; (4) violation of plaintiff's Fourth Amendment rights; and (5) violation of plaintiff's rights under 18 U.S.C. § 242.[5]  Plaintiff seeks compensatory damages for pain and suffering, humiliation, and emotional distress, punitive damages, costs, fees, and other unspecified relief.

---

[4]Ms. Garber was dismissed from this suit by order dated January 14, 2013 (Doc. 9).

[5]Plaintiff's complaint invokes 28 U.S.C. § 1367(c) (supplemental jurisdiction) (*see* Complaint, ¶ 8) and asserts that defendants violated his rights under the Pennsylvania Constitution.  But, perhaps in consideration of 28 U.S.C. § 1367(c)(1), plaintiff's complaint does not describe, or seek redress for, any state law claims.

### III.   <u>Statement of Questions Involved</u>

A.   Should all of plaintiff's claims against Judge Kane be dismissed for failure to meet the pleading requirements of Fed.R.Civ.P. 8?

**<u>Suggested Answer:</u>**      **Yes.**

B.   Should plaintiff's First Amendment access-to-the-courts claim be dismissed because he was not denied access to the courts and, in fact, prevailed on his motion for remand?

**<u>Suggested Answer:</u>**      **Yes.**

C.   Should plaintiff's First Amendment retaliation claim be dismissed because he did not plead the basis for a retaliation claim and does not have standing to bring a retaliation claim on behalf of his attorney?

**<u>Suggested Answer:</u>**      **Yes.**

D.   Should plaintiff's Fourteenth Amendment claim be dismissed because he does not allege a claim against a state actor?

**<u>Suggested Answer:</u>**      **Yes.**

E.   Should plaintiff's conspiracy claim under 42 U.S.C. § 1983 be dismissed because he has neither alleged a claim against a state actor nor met the heightened pleading standard required for a conspiracy claim?

**<u>Suggested Answer:</u>**      **Yes.**

F.   Should plaintiff's Fourth Amendment claim be dismissed because the subject of the alleged surveillance is public information and, if any unreasonable search or seizure occurred, it only affected his attorney?

**<u>Suggested Answer:</u>**      **Yes.**

G.   Should plaintiff's claim under 18 U.S.C. § 242 be dismissed because that statute does not provide a private cause of action?

**<u>Suggested Answer:</u>**      **Yes.**

H.   Should all of plaintiff's claims be dismissed pursuant to the doctrine of judicial immunity?

**Suggested Answer:**        **Yes.**

## IV.   Argument

### A.   Plaintiff's complaint should be dismissed because it lacks factual allegations sufficient to state any plausible claim against Judge Kane

Plaintiff's complaint fails to meet the pleading requirements of Fed.R.Civ.P. 8 as articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2008).  To state a claim for relief, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2).  A complaint must be dismissed if it fails to allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570).

A claim has facial plausibility when a plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant may be liable for the misconduct alleged.  *Iqbal*, 556 U.S. at 678-79.  In making this determination, the court is "not bound to accept as true a legal conclusion couched as a factual allegation."  *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

A plaintiff is required to provide more than labels and conclusions, and a formulaic recitation of the elements of a cause of action is not sufficient. *Twombly*, 550 U.S. at 550 (citation omitted).  A "naked assertion," devoid of

"further factual enhancement," is insufficient. *Id.* at 557. The plausibility standard

requires more than showing a "mere possibility" or pleading facts that are "merely

consistent" with the defendant's liability. *Id.* Thus, the Supreme Court has set

forth a two-pronged approach for assessing the adequacy of a complaint under

Rule 8:

> First, the tenet that a court must accept as true all of the
> allegations contained in a complaint is inapplicable to
> legal conclusions. Threadbare recitals of the elements of
> a cause of action, supported by mere conclusory
> statements, do not suffice. . . . Rule 8 . . . does not
> unlock the doors of discovery for a plaintiff armed with
> nothing more than conclusions. Second, only a
> complaint that states a plausible claim for relief survives
> a motion to dismiss. . . . Where the well-pleaded facts do
> not permit the court to infer more than the mere
> possibility of misconduct, the complaint has alleged – but
> it has not "show[n]" – that the pleader is entitled to relief.

*Iqbal*, 556 U.S. at 678-79.

Legal conclusions alone are insufficient to assert a claim and must be

supported by facts. Further, those supporting factual averments must be robust

enough to convey a plausible claim. The facts alleged must show entitlement to

relief. *Fowler*, 578 F.3d at 211 (citing *Phillips v. County of Allegheny*, 515 F.3d

224, 234-35 (3d Cir. 2008)).

In this case, plaintiff's complaint is devoid of the material facts

necessary to state any claim against Judge Kane. His complaint is comprised

almost entirely of unsubstantiated conjecture and unfounded legal conclusions

which are splashed across the procedural backdrop of a state court action.  Mr.

Conklin's first paragraph exemplifies the rhetorical style and pleading deficiencies

that are characteristic of the complaint:

> The defendants have also violated Mr. Conklin's right to
> be free of the violation of his substantive due process
> rights their misconduct being so egregious it may very
> well be unique and new in the history of American
> official abuse.

This is bluster propped up by hyperbole.  The remainder of the complaint is

similarly outlandish, conclusory, and unspecific.

While plaintiff's complaint contains a litany of allegations about the

courts' records of the removal and remand of the Dauphin County Action, from the

precise time a filing was docketed (*e.g.*, Complaint, ¶ 20) to the contents of various

filings (*e.g.*, Complaint, ¶¶ 21-37), the factual allegations essential to support

plaintiff's claims are missing.  For example, one of plaintiff's core assertions is

that Judge Kane "knew" that she had been sued in the Dauphin County Action as

an individual, not as a federal officer entitled to remove that suit (Complaint, ¶¶ 43,

46).  Yet not only is there no allegation of the basis or content of that knowledge in

the complaint, plaintiff has chosen not to disclose the nature of his claim in the

Dauphin County Action when he had the opportunity—indeed, the obligation—to

do so.  Rather than make that disclosure, he chose to suffer entry of a judgment

against him.

-8-

Similarly, plaintiff's assertions about Judge Kane's role in a purported campaign of surveillance and harassment of his attorney—putting to one side their absolute failure to meet the plausibility standard—are, when not incoherent, conclusory and unspecific.  For example, plaintiff alleges a "secret practice" affecting the assignment of his attorney's federal court cases (Complaint, ¶¶ 73-79), but does not specify Judge Kane's actions in establishing or implementing such a practice.  Plaintiff does not allege any specific information about Judge Kane's "selective and vindictive attack on him" (Complaint, ¶ 82), or her "false and misleading attack" on him (Complaint ¶ 92), or the "actions involv[ing] York County" (Complaint, ¶¶ 83-84).

*Iqbal* and its progeny require plaintiff to plead these kinds of facts or have his complaint dismissed.  Of course, plaintiff cannot plead such facts because they do not exist.  But the Court need not make that determination, nor is it being asked by Judge Kane to impose on plaintiff a higher standard of pleading because he is suing a federal judge.  Rather, the fair application of the well-established requirements of Rule 8 mandate that plaintiff's complaint be dismissed.

## B.   **Plaintiff's First Amendment claims are legally insufficient**

To state a claim under the First Amendment, a plaintiff must have suffered an injury from the denial of his rights to, among other freedoms, access to

the courts.  Counts I and II must be dismissed because plaintiff has failed to state a

claim for the violation of his First Amendment rights.

> **1.    Plaintiff's access-to-the-courts claim is legally insufficient
> because he participated in the judicial process and, in fact,
> prevailed.**

In Counts I and II of his complaint, plaintiff appears to allege that

Judge Kane's removal of the Dauphin County Action to federal court constituted a

violation of his First Amendment right of access to the courts, including his right

of expression and petition.  (Complaint, ¶¶ 85, 101, 102).  "An individual alleging

denial of access to the courts must show actual injury, meaning actual prejudice or

the actual denial of access to the courts."  *Yeisley v. Pa. State Police*, No. 3:05-cv-

01650, 2010 U.S. Dist. LEXIS 122374, at *35-36 (M.D. Pa. Nov. 18, 2010)

(Ex. A)[6] (citing *Lewis v. Casey*, 116 S. Ct. 2174 (1996); *Bounds v. Smith*, 97 S. Ct.

1491 (1977)).  Where an individual participates in a judicial process, and certainly

where he prevails in that process, he cannot later establish the injury necessary to

assert a valid access-to-the-courts claim.  *Id.*

In this case, plaintiff participated, without restraint or limitation, in the

federal removal and remand proceedings.  Because plaintiff participated in the

judicial process and, in fact, prevailed, he was not injured and, therefore, cannot

---

[6] Pursuant to Local Rule 7.8(a), copies of all unpublished opinions cited
herein are attached as exhibits.

state a First Amendment access-to-the-courts claim.  Moreover, after plaintiff's

claim was remanded to state court, he effectively abandoned that claim by failing

to file a complaint and allowing a judgment of *non pros* to be entered against him.

2. **Plaintiff's retaliation claim is legally insufficient because the complaint fails to identify any protected activity and fails to identify the nature of the alleged retaliation.**

In Count I of his complaint, plaintiff alleges a First Amendment

retaliation claim.  (Complaint, ¶¶ 73, 74, 82, 101).

To state a claim for retaliation under the First Amendment a plaintiff

must show that: (1) the conduct was a "protected activity" under the First

Amendment; (2) there was a retaliatory action taken to deter "a person of ordinary

firmness from exercising his constitutional right;" and (3) a causal link exists

between the protected conduct and the retaliatory action.  *Herman v. Carbon

County*, 248 Fed.  Appx. 442, 444 (3d Cir. 2007).  This causal link must be a

"substantial or motivating factor for retaliation."  *Hagan v. United States*, No. 01-

5506, 2002 U.S.  Dist.  LEXIS 3504, at *18 (E.D.  Pa. Mar. 1, 2002) (Ex. B)

(citing *Feldman v. Phila.  Housing Auth.*, 43 F.3d 823, 829 (3d Cir. 1995)).

Plaintiff's complaint fails to allege any facts tending to show that

Judge Kane retaliated against plaintiff for engaging in any protected activity.

While the complaint is ambiguous on this issue, it appears that plaintiff contends

his "protected activity" was his association with his attorney Donald A. Bailey and

his request that Judge Kane recuse herself in a prior matter.  (Complaint, ¶¶ 73-82).

But, the complaint fails to explain in even minimal detail the nature of the alleged

retaliation against plaintiff, using nothing more than general terms such as

"harassment," "surveillance," and "selective and vindictive attack."  (Complaint,

¶¶ 73, 74, 82).  The complaint also refers to "seemingly inappropriate activities in

York County courts," but does not in any way specify what those activities were or

tie those activities to Judge Kane.  (Complaint, ¶ 84).

Because plaintiff's complaint fails to identify any legally cognizable

protected activity, let alone explain in any detail the nature of the claimed

retaliation, plaintiff's First Amendment retaliation claim must be dismissed.

### 3.    Plaintiff lacks standing to assert a retaliation claim on behalf of his attorney.

Plaintiff lacks standing to assert any claims on behalf of his attorney.

In order for a plaintiff to have standing he must allege: (1) injury in-fact, that is

"concrete and particularized" as well as "actual and imminent," and (2) causation

where the injury is "fairly traceable" to the defendant.  *Lujan v. Defenders of*

*Wildlife*, 504 U.S. 555, 560 (1992).  Because of the injury in-fact requirement, a

person is rarely permitted to bring a lawsuit on behalf of someone else.

Third-party standing is permitted in limited circumstances, where:

(1) the injury to the party bringing the claim is sufficient enough to meet the injury

in-fact requirement; (2) the injured party is not capable of bringing the suit

-12-

personally; and (3) the party bringing the claim will be an adequate advocate for the injured party. *Enterline v. Pocono Medical Center*, 751 F. Supp. 2d 782, 785-86 (M.D. Pa. 2008).

In this case, plaintiff does not satisfy the requirements of third-party standing. There is no evidence presented that Mr. Bailey is unable to bring his own suit if he believes he was retaliated against or denied access to the courts, or that plaintiff would be an adequate advocate for his attorney's rights. Accordingly, the complaint must be dismissed to the extent it seeks relief for harms allegedly suffered by Mr. Bailey.

### C.   Plaintiff's Fourteenth Amendment claims are legally insufficient

Plaintiff's complaint fails to state a claim for relief under the Fourteenth Amendment, which is the basis for a cause of action for acts taken under color of state law, not for acts taken under color of federal law. U.S. CONST. amend. XIV.

The Fourteenth Amendment is typically enforced against state actors through the Civil Rights Act of 1871, which was codified in part at 42 U.S.C. § 1983. *See Brown v. Philip Morris, Inc.*, 250 F.3d 789, 800 (3d Cir. 2001) ("[Section] 1983 provides a cause of action against any 'person who, under color of any statute…of any State or Territory or the District of Columbia, subjects…' any person to the deprivation of any right protected by federal law or the United

States Constitution.").  Moreover, "[it] is well established that liability under § 1983 will not attach for actions taken under color of federal law."  *Id.* (citing *Bethea v. Reid*, 445 F.2d 1163, 1164 (3d Cir. 1971)); *see also Holmes v. Benedict*, No. 1:12-CV-767, 2012 U.S.  Dist.  LEXIS 181857, at *13 (M.D.  Pa. Nov. 27, 2012) (Ex. C).

The Fourteenth Amendment does not give rise to a cause of action against federal actors because federal rights can be directly enforced against federal actors through a *Bivens* action.  *Brown*, 250 F.3d at 800 ("[a] Bivens action, which is the federal equivalent of the § 1983 cause of action against state actors, will lie where the defendant has violated the plaintiff's rights under color of federal law" ) (citing *Alexander v. Pennsylvania Dep't of Banking*, No.  Civ. 93-5510, 1994 U.S.  Dist.  LEXIS 5183, at *3 (E.D.  Pa. April 21, 1994)) (Ex. D).

Plaintiff's complaint recognizes the distinction, at one point asserting that it is a "Biven's (sic) action" and that Judge Kane acted "under a badge of judicial authority" (Complaint, ¶ 1).  Moreover, plaintiff's allegations, even if inadequately pled, describes two sets of actions by Judge Kane, both of which are rooted in federal, not state, law.  First, Judge Kane removed the Dauphin Court Action on the assumption that she was being sued in her capacity as a federal judge.  Moreover, the Dauphin County Action was removed pursuant to the federal officer removal statute by Judge Kane's federally-appointed counsel.  At no time

during the removal proceedings did Judge Kane act under color of state law.

Second, the administration by a federal judge of the federal court's docketing

system and the assignment of federal cases are clearly activities conducted under

color of federal law and not activities taken under color of state law.

Because plaintiff's complaint does not allege that Judge Kane acted

under color of state law, it fails to state a claim under the Fourteenth Amendment

and must be dismissed.

> **D.  Plaintiff's complaint fails to state a conspiracy claim under 42 U.S.C. § 1983**

A claim under 42 U.S.C. § 1983 arises only for action taken "under

color of state law." *McCauley v. Computer Aid, Inc.*, 447 F.Supp. 2d 469, 471

(E.D. Pa. 2006).  Plaintiff's complaint does not allege that Judge Kane acted under

color of state law.  Indeed, as already noted, the first line of plaintiff's complaint

acknowledges that his action is a "Biven's (*sic*) action, i.e., a federal civil rights

action." (Complaint, ¶ 1).  A *Bivens* action is the federal-law equivalent of an

action brought under 42 U.S.C. § 1983.  *McCauley*, 447 F.Supp. 2d at 473; *see

also Brown*, 250 F.3d at 800.  Here, plaintiff has made no allegation that Judge

Kane was acting under color of state law.  Count III of plaintiff's complaint,

therefore, fails to state a claim under 42 U.S.C. §1983 and must be dismissed.

Moreover, to plead a conspiracy claim under 42 U.S.C. § 1983, a

plaintiff must plead both the elements of a cause of action under § 1983 and the

elements of a cause of action for conspiracy. *Cunningham v. N. Versailles Twp.*,
No. 09-1314, 2010 U.S. Dist. LEXIS 7005, at *15 (E.D. Pa. Jan. 27, 2010)
(Ex. E) (citing *Bieros v. Nicola*, 860 F. Supp. 223, 225 (E.D. Pa. 1994)). The
elements of a cause of action for conspiracy must be pled with particularity. *Id.* at
*15 (citing *Bieros*, 860 F.Supp. at 225); *see also Langella*, 2010 U.S. Dist.
LEXIS 57660, at *9.

To plead a cause of action for conspiracy under § 1983, a plaintiff
must "allege that two or more conspirators reached an agreement for the purpose of
depriving him of his constitutional rights under color of state law." *Id.* at *14
(citing *Capogrosso v. The Supreme Court of N.J.*, 588 F.2d 180, 185 (3d Cir.
2009)); *Chicarelli v. Plymouth Garden Apartments*, 551 F.Supp. 532, 539 (E.D.
Pa. 1982) ("The plaintiff must show that the alleged conspirators "directed
themselves toward an unconstitutional action by virtue of a mutual understanding
or agreement.").

It is not enough merely to allege that the result of conduct harmed the
plaintiff. Instead, there must be an "agreement and concerted action" to show
conspiracy. *Langella v. Cerone*, No. 09-cv-312E, 2010 U.S. Dist. LEXIS 57660,
at *10-11 (W.D. Pa. June 27, 2010) (Ex. F); *see also Holmes v. Benedict*, No.
1:12-CV-767, 2012 U.S. Dist. LEXIS 181857, at *22 (M.D. Pa. Nov. 27, 2012)
(there must be a "meeting of the minds" (quoting *Startzell v. City of Philadelphia*,

-16-

533 F.3d 183, 205 (3d Cir. 2008)).  Nowhere does plaintiff allege that Judge Kane

had a "meeting of the minds" with any state actor, or anyone else.  Plaintiff does

not even state explicitly who he believes Judge Kane conspired with.

     While riddled with baseless legal conclusions, plaintiff's complaint is

devoid of facts to support his conspiracy claim, which must be dismissed.

### E.    Plaintiff's complaint fails to state a claim under the Fourth Amendment

#### 1.    Plaintiff has no reasonable expectation of privacy in federal court filings.

     Count IV of plaintiff's complaint must be dismissed because it fails to

allege facts sufficient to demonstrate that any unreasonable search or seizure

occurred in violation of the Fourth Amendment.  The Fourth Amendment only

protects individuals from *unreasonable* searches and seizures.  U.S. CONST.

amend. IV; *Dacenzo v. Crake*, No. 3:CV-10-1776, 2012 U.S. Dist. LEXIS 115561,

at *32-33 (M.D.  Pa. June 18, 2012) (Ex. G) (emphasis added).  The Fourth

Amendment protects against governmental intrusions on privacy only in places or

under circumstances where an individual has a reasonable expectation of privacy.

*Dacenzo*, 2012 U.S. Dist. LEXIS 115561 at *33 (quoting *Katz v. United States*,

389 U.S. 347, 351 (1967)).

     Plaintiff's Fourth Amendment claim appears to be based on

"surveillance activities" affecting his attorney's federal court filings and Judge

Kane's alleged conduct in assigning his attorney's filings to various judges within the Middle District in her capacity as the Chief Judge of the Middle District of Pennsylvania.  (Complaint, ¶ 73).  Federal court filings are public records in which there is no reasonable expectation of privacy.  Moreover, a violation of the Fourth Amendment requires an allegation that information has actually been seized. *Hagan v. United States*, No. 01-5506, 2002 U.S. Dist. LEXIS 3504, at *22 (E.D. Pa. Mar. 1, 2002).  If the information is public, there can be no actual seizure of information.  Therefore, none of the activities alleged by plaintiff, even if the allegations were true, constitute unreasonable searches or seizures in violation of the Fourth Amendment.

### 2.    Plaintiff lacks standing to assert a Fourth Amendment claim on behalf of his attorney.

For the reasons stated in detail above, plaintiff lacks standing to assert any claims on behalf of his attorney.  To the extent the complaint seeks relief for unreasonable searches and seizures to which Mr. Bailey was allegedly subjected, the complaint must be dismissed.  An injury to Mr. Bailey is not an injury to plaintiff.  *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (plaintiff needs to have an injury in-fact); *see also Kowalski v. Tesmer*, 543 U.S. 125, 129 (2004) ("a party 'generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties.'" (quoting *Warth v. Seldin*, 422 U.S. 490, 499 (1975)).

-18-

**F.** **Plaintiff's complaint fails to state a claim under 18 U.S.C. § 242**

No private cause of action exists under 18 U.S.C. § 242, which is a criminal statute only enforceable by the government. *Cito v. Bridgewater Township Police Dep't*, 892 F.2d 23, 26 n.3 (3d Cir. 1989); *O'Neil v. Beck*, No. 1:04-CV-2825, 2005 U.S. Dist. LEXIS 37092, at *2-3 (M.D. Pa. Aug. 4, 2005) (Ex. H) ("it is settled law that private citizens do not enjoy a private right of action under 18 U.S.C. § 242"). As a private citizen, plaintiff is prohibited from bringing a claim under 18 U.S.C. § 242.

Because no private cause of action exists under 18 U.S.C. § 242, Count V of plaintiff's complaint fails to state a claim for which relief can be granted and, therefore, must be dismissed.

**G.** **Judge Kane is protected from suit by judicial immunity**

At all times relevant to plaintiff's complaint, Judge Kane was acting in her judicial capacity and engaged in activities normally performed by a judge and, therefore, is protected from this suit by judicial immunity.

A judge may not be held liable in a civil action for her judicial acts, even if such acts are in excess of her jurisdiction or are alleged to have been done maliciously or corruptly. *Mireles v. Waco*, 502 U.S. 9, 14 (1991); *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978). Judicial immunity applies regardless of whether the action taken by the judge "was in error, was done maliciously, or was

in excess of [her] authority; rather, [s]he will be subject to liability only when [s]he has acted in the 'clear absence of all jurisdiction.'" *Stump*, 435 U.S. at 356-57.

As the Supreme Court of the United States has made clear, "the factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and the expectations of the parties, *i.e.*, whether they dealt with the judge in [her] judicial capacity." *Id.* at 363; *Gallas v. Supreme Court of Pa.*, 211 F.3d 760, 768-69 (3d Cir. 2000) (citing *Stump*, 435 U.S. at 363).

Judicial immunity can be "overcome in only two sets of circumstances. First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity." *Mireles*, 502 U.S at 14 (citing *Forrester v. White*, 484 U.S. at 227-29; *Stump*, 435 U.S. at 360). "Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* (citing *Forrester*, 484 U.S. at 227-29; *Stump*, 435 U.S. at 360; *Bradley v. Fisher*, 80 U.S. 335, 351 (1871)).

Plaintiff's purported claims against Judge Kane can be sorted into two categories: (1) Judge Kane, represented by AUSA Morrison, improperly removed the Dauphin County Action to federal court by invoking the federal officer removal statute, 28 U.S.C. § 1442 (Complaint, ¶¶ 20-69); and (2) Judge Kane has retaliated against plaintiff by "encourage[ing] the harassment of" plaintiff's

counsel Donald A. Bailey by, for example, having "the PACER system immediately dispense filings of Don Bailey to a number of hand-picked judges and clerks in the Middle District and the Third Circuit over a period of years" (Complaint, ¶ 73, 80, 82), and orchestrating "surveillance activity" over plaintiff and his attorney. (Complaint, ¶¶ 73,74).

  While all of plaintiff's claims are false, Judge Kane would nevertheless be immune from suit even if all of those claims were factually accurate.  As plaintiff acknowledges, Judge Kane acted "under a badge of judicial authority" (Complaint ¶ 1) and that the Dauphin County Action was removed to the Middle District by Judge Kane's attorney, AUSA Morrison, on the assumption that Judge Kane was being sued in the Dauphin County Action in her capacity as a federal judge.  (Complaint, ¶¶ 33-34, 37, Ex. F).  That it was reasonable for Judge Kane's counsel to infer that Judge Kane was being sued in the Dauphin County Action in her judicial capacity is substantiated by plaintiff's characterizations in this action of the events at issue, to wit: "under badge of federal authority" (Complaint, ¶ 1); "Yvette Kane is the chief judge . . . who unlawfully engineered the removal, . . . ." (*Id.* at ¶ 69).  Even if the assumption that Judge Kane was being sued in the Dauphin County Action in her official capacity was incorrect, such a mistake does not waive her judicial immunity in this action.

Moreover, by removing the case, Judge Kane did nothing more than invoke her right to have a federal court decide whether the claims asserted by Mr. Conklin in the Dauphin County Action were barred by judicial immunity.  That the court decided removal was premature was not a decision that judicial immunity would not have applied to Mr. Conklin's claims had he filed a complaint in the Dauphin County Action.

Although having had the opportunity to do so, Mr. Conklin elected not to file a complaint in the Dauphin County Action and judgment was entered against him.  Allowing plaintiff to use an abandoned state court proceeding in which judgment has been entered against him as the means of circumventing judicial immunity would be an abuse of the judicial process.  Having abandoned his claim in the Dauphin County Action, plaintiff should not be permitted to use this action as a device to overcome the general principle that judges are immune from suit for money damages.

As to the second category of claims, even if it were true that Judge Kane orchestrated and engaged in the harassment of plaintiff and his attorney, those allegations being denied, the methods Judge Kane allegedly used were judicial acts and she is, therefore, immune from suit.  *See, e.g., Forrester*, 484 U.S. 219, 227 (1988) (an act "does not become less judicial by virtue of an allegation of malice or corruption"); *Pierson*, 386 U.S. at 554 ("Immunity applies even when the

judge is accused of acting maliciously and corruptly.").  Even if Judge Kane exceeded her authority in these areas, her immunity is not vitiated.

Judicial acts are those "normally performed by a judge." *Mireless*, 502 U.S. at 12 (citing *Stump*, 535 U.S. at 362).  Normal judicial acts include "the basic supervision of court staff" and "tasks that are integral part of the judicial process such as scheduling, filing, and giving the parties notice of hearings." *See Ou-Young v. Roberts*, No. CV-13-03676 SI, 2013 U.S. Dist. LEXIS 160737, at *9 (N.D. Cal. Nov. 8, 2010) (Ex. I) (internal quotations omitted) (citing *Parlante v. Peterson*, No. CIV S-07-2502 LKK DAD PS, 2008 U.S. Dist. LEXIS 20593, at *4 (E.D. Cal. Mar. 17, 2008), *aff'd*, 323 F. Appx. 529 (9th Cir. 2009) (Ex. J); *In re Castillo*, 297 F.3d 940, 951-52 (9th Cir. 2002); *Mullis v. U.S. Bankr. Ct. for Dist. of Nevada*, 828 F.2d 1385, 1390 (9th Cir. 1987)).

In this case, assigning cases and monitoring the court's docket (the activities allegedly forming the basis of several of plaintiff's claims) are activities normally performed by a judge and, therefore, are judicial acts for which Judge Kane is immune from civil suit.

## V.   <u>Conclusion</u>

For the foregoing reasons, Defendant Judge Kane requests that this Court grant her Motion to Dismiss in its entirety without any leave to amend, and award costs and expenses, including attorneys' fees.

Respectfully submitted,

Dated: February 21, 2014

_s/   Thomas B. Schmidt, III_
Thomas B. Schmidt, III (PA 19196)
Tucker R. Hull (PA 306426)
Pepper Hamilton LLP Suite 200, 100
Market Street P.O. Box 1181
Harrisburg, PA  17108-1181
717.255.1155
717.238.0575 (fax)
schmidtt@pepperlaw.com
hullt@pepperlaw.com

*Attorneys for Defendant Yvette Kane*

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that Defendant Yvette Kane's Brief in Support of Her Motion to Dismiss the Complaint of Stephen G. Conklin complies with the Court's order dated February 20, 2014 (Doc. 18) in that the Brief does not exceed 10,000 words.  The word count of the Brief is 5,502 words (excluding the signature block and required certificates).

_s/     Thomas B. Schmidt, III_
Thomas B. Schmidt, III (PA 19196)

## CERTIFICATE OF SERVICE

I hereby certify that on February 21, 2014, a true and correct copy of

the foregoing Defendant Yvette Kane's Brief in Support of Her Motion to Dismiss

the Complaint of Stephen G. Conklin was served via ECF on the following:

Donald A Bailey, Esquire
4311 North Sixth Street
Harrisburg, PA 17110
***Attorney for Plaintiff***

Michael J. Butler, Esquire
United States Attorney's Office – MDPA
228 Walnut Street, Suite 220
Harrisburg, PA 17108
***Attorney for Defendants***
***Peter J. Smith and Mark E. Morrison***


*s/      Thomas B. Schmidt, III*
Thomas B. Schmidt, III (PA 19196)