IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEPHEN G. CONKLIN | : | CIVIL ACTION – LAW |
| Plaintiff | : | |
| | : | No. 1:13-cv-02618-JRS |
| vs. | : | |
| | : | |
| YVETTE KANE, PETER J. SMITH | : | |
| MARK E. MORRISON, | : | |
| Defendants | : | |
| | : | Jury Trial Demanded |

Plaintiff's Brief in Opposition to the Motion to Dismiss/Summary
Judgment of Defendants Smith and Morrison

I.   Background

   A.   Procedural History

On October 21, 2013 Mr. Conklin filed the Original Complaint in this matter which was docketed at 1:13cv-02618 in the Middle District of Pennsylvania. The group of original defendants included "Christina Garber" an employee of the United States Attorney's office who was described by opposing counsel as "innocent and not involved only performing the equivalent of secretarial functions". At the request of opposing counsel, Mr. Michael J Butler, Mr. Conklin dismissed her from this action and she is no longer a defendant. She remains a fact witness. As fastidiously described in the Complaint in paragraphs 19 through 49 et seq., the movants including Yvette Kane (Yvette Kane is represented by separate counsel) among others, under badge of the federal government's authority, prevailed on having a Writ of Summons (In the Court of Common Pleas of Dauphin County Pennsylvania

docketed at 2013-cv-2962-cv)) filed by Stephen G. Conklin employing the simple caption "Stephen G. Conklin v. Yvette Kane". See Complaint exhibit "F2".

Incidentally, although having absolutely no effect on the allegations made in the Complaint there is no reference made therein to Complaint exhibits D & E which are mere praecipe's in Dauphin County Court were Conklin reissued the writ of summons which had not been served within the original 30 days. Mr. Conklin then, acting pro se, moved to remand the action to the Court of Common Pleas of Dauphin County Pennsylvania. As correctly quoted in the Memorandum Opinion written by the Hon. Timothy J. Savage, who because of obvious conflicts, was appointed by the Third Circuit to hear the dispute points out, "Conklin asserts that "there is no basis for this court to assume jurisdiction" quoting from Mr. Conklin's motion for remand ¶ 12. Judge Savage's opinion written on August 27, 2013 in all ways supported Mr. Conklin's pro se effort to force Judge Kane and her representatives Mr. Smith and Mr. Morrison to abstain from their activities and return the matter to the Dauphin County Courts from which it never should have been taken. In fact Judge Savage's uncontroverted opinion as to the above stated in clear and concise language "The plaintiff is correct." It is difficult to understand why the case did not continue in the hands of Judge Savage's opinion was unquestionably correct and written in a very clear and I'm ambiguous manner.

Judge McKee assigned the case to the Hon. Juan G. Sanchez who was assigned, between January 7, 2008, no less than five of Mr. Bailey's cases with four of them being assigned one after the other (Mr. Bailey had no other Eastern district

cases during this period) between January 7, 2008 and July 23 2010. Judge Sanchez had an earlier case of Mr. Bailey's captioned "Showalter v. Brubaker" where a Republican State Senator received a white envelope from a puppy mill operator in the parking lot of a Turkey Hill and then went on to personally detain the driver/photographer, Ms. Showalter, in an apparent effort to take her camera or otherwise prevent her from making disclosures. Judge Sanchez held that the Turkey Hill parking lot meeting between the puppy mill operator and the Republican Senator was a legislative meeting.

Apparently the blocking in of Ms. Showalter's SUV was also part of the legislative meeting. Judge Sanchez later dismissed a case where a citizen was physically removed from a meeting because he asked Mr. Tom Corbett a question of the Indian polite and courteous fashion. The person who removed him from the political meeting was a PSP trooper being paid by the citizens while working on state time. In every single case the clients of Mr. Bailey lost. The probability of four cases in a row (one intervening case namely Suber et al. v Jon Doe et al. was settled (it was not assigned to Judge Sanchez) being assigned for one attorney to the same judge in the Eastern district strains the limits of mathematical likelihood. Additionally, in another case, "Snyder v. Krause" there are number of circumstances where Mr. Bailey was obviously mistreated. Judge Sanchez should recuse himself.. Yet out of all the judges on the Eastern District Bench, Judge Sanchez is chosen to replace an obviously objective and capable Judge who was

already familiar with the matter at No. 13- 1531. The matter should have been referred to Judge Savage.

On or about February 2014 the movants filed a "Motion to Dismiss and/or, In the Alternative, for Summary Judgment". This brief is in opposition to that motion. Plaintiff incorporates herein by reference his Counter Statement of Material Facts.

B.     Factual History

The facts in this case are not in dispute. Clearly however, the law is in dispute. The facts are fastidiously laid out in the complaint. In summary, because of the documentary history of this case, the sequence and timing of material occurrences are quite easy to follow. The summary of relevant occurrences begins with the filing of praecipe for writ of summons filed by Mr. Conklin in the Dauphin County Court on April 4, 2013. The defendant was "Yvette Kane" . There was no title or reference to Ms. Kane's title or position made by Mr. Conklin . Shortly thereafter Conklin filed a "Reissued Writ of Summons". The defendants knew that Yvette Kane was not sued in her official capacity in any way, however because the action was commenced by writ of summons in the state court they had no idea what the contemplated cause of action in the state court was. See Complaint exhibits F-1-F6. On or about June 7, 2013 Mr. Smith caused Christina Garber a legal assistant to file a "Praecipe and Notice of Filing of Notice of Removal". On that same day Mr. Smith had Mr. Morrison sign the Praecipe. See Complaint Exhibit F2. Mr. Conklin then filed. After efforts at diplomacy failed Mr. Conklin filed a "Motion for Remand" (docket #4 at M.D. 13-1531). On August 27 2013 Judge Savage issued an order

holding that the movants lacked jurisdiction i.e., agreeing with Mr. Conklin pro se. Judge Savage ordered that the matter be "Remanded to the state court from which it was removed. A copy of judge Savage's order is attached hereto and marked Exhibit 1.

## II. Counter Questions Presented

A. Standing and Mr. Bailey?

B. Do the movants Smith and Morrison have absolute immunity?

C. Did Mr. Conklin state a claim?

D. Should this court grant Summary Judgment?

## III. Counter Argument

### A. <u>Standing and Mr. Bailey</u>

While the plaintiff can certainly understand how opposing counsel would have concerns about, of at least the possibility, that Mr. Bailey is stating a claim, or Mr. Conklin is making a claim based on injuries for Mr. Bailey. That is not the case. Mr. Bailey is making no claims in this Complaint and Mr. Conklin is not making any complaints, nor raising any claims at all, on Mr. Bailey's behalf. The reason why Mr. Bailey is mentioned so frequently in the complaint reflects a choice of factual allegations and reasoning based upon the plaintiff's knowledge and understanding of how Mr. Bailey was treated by the movants and also, particularly in Mr. Conklin's opinion that he was mistreated by Judge Kane. Mr. Conklin firmly believes that he was abused because Judge Kane, and the movants to a lesser extent, have engaged for years in numerous activities reflecting a dissatisfaction

with Mr. Bailey's and Mr. Conklin's civil rights activities. They have raised issues from time to time which are critical of the federal judiciary and federal officials. Mr. Bailey draws fire. He and Mr. Conklin are frequently the targets of officials who still believe in seditious libel .

Mr. Conklin strongly believes that the defendants in this matter know very well of the mistreatment that both Mr. Bailey and him have received, and continue to receive. They do not respect, in Mr. Conklin's view, the rights of American citizens because of those citizens commitment to the disclosure and expungement of public corruption. They wish to discourage Don Bailey and Steve Conklin from the defense and advancement of their rights. Deductively, he believes that he was partially a victim of the abuses alleged because of his association with attorney Don Bailey. By the same token the mistreatment suffered by Mr. Conklin is, once more in his view, a result of his own activities and his own outspoken criticisms of improper actions by movants, Judge Kane, and other officials who do not comply with the law and professional standards. Because of their positions they avoid adverse actions from law enforcement and the press.

The only issue extant in this case, in plaintiff's view, is that the movants, and Judge Kane, as seasoned users of the laws and their application to the rights of others in our country, Know and knew very well that they had no jurisdiction. The reason they would know this is because the issue here is a matter of what is commonly referred to as "hornbook law". These matters are apparent on their face, and Mr. Conklin believes he was victimized in an effort to frighten and intimidate

him. The movants used in the power of federal authority to impress and intimidate local officials and carry off an intentional legal maneuver to try and squelch criticism of Judge Kane.

### B&C. Absolute Immunity? And Statement of a Claim?

The only viable law issue in this case is extremely simple. It appears to be avoided by the defendants in their brief where it was never raised. It was, however, raised by Mr. Conklin in his motion for remand that it was raised, addressed, and decided by Judge Savage in his order to Judge Kane, Mr. Smith, and Mr. Morrison to remand. The law issue is whether the defendants (more particularly the movants here) acted without jurisdiction. They in fact acted with a total lack of jurisdiction. The reason for the brevity of Judge Savage's opinion is that the law is plain and clear. Just as the uncontested facts are plain and clear. The applicable law dealing with federal removal, namely, 28 USC §s1441- 1446 cannot possibly be interpreted as providing a basis for jurisdiction under the statutes.

*"Mere suspicion or conjecture that the claims against the defendant (Yvette Kane) arose out of acts or omissions in the course of carrying out her duties will not suffice. We must combine our jurisdictional determination from the plaintiff's claims as made in the state court" Judge Savage August 27, 2013 memorandum opinion page 2.* See Exhibit A.

7

Taking control of state jurisdiction through the equivalent of a federal power annexation, as occurred in the underlying case, is in total defiance of our federal system with its concurrent jurisdictions. In short the movants acted with a total lack of jurisdiction.

When a federal official of any rank or position (we must remember that Yvette Kane was named as a defendant in the Writ of Summons not as "Judge" Kane but as "Yvette Kane" the person. That she chose to use her official powers or "badge of authority" to disrupt Mr. Conklin and the exercise of his rights does not provide a bootstrap analysis supporting the defendants contention that these movants and Yvette Kane acted on a federal question under the authority of the statute. As Judge Savage pointed out, only by Ruling Mr. Conklin to file a complaint, and then if circumstances (i.e. the facts of this hypothetical complaint) permitted, Yvette Kane could potentially at least have acted to remove. There is absolutely no way to ascertain how she could do so unless she had a complaint in state court to react to. There is absolutely nothing complex or ambiguous about the situation.

Mr. Conklin profoundly believes that the movants intentionally broke the law intending to intimidate state authorities and Mr. Conklin in the interests of unlawfully protecting Yvette Kane's public image. The plain unvarnished integrity and unquestionably clear and precise analysis of Judge Savage prevented them from succeeding. They acted with a total lack of jurisdiction. Doing so they cannot avail themselves of the protections of judicial immunity.

The law is plain and well-settled and has been for well over a century. A judge is entitled to judicial immunity in those situations even where the judge acted in excess of jurisdiction. This law is well-settled and is of course well taken. Even judicial access is usually considered acceptable in the interest of maintaining an independent judiciary. Much opinion exists however they were judicial actions are corrupt they should not be protected for acting in excess of their jurisdiction. One facet of immunity jurisprudence which is not questioned however and is literally universal is that no judge is entitled to immunity when that judge acts with a lack of jurisdiction. See *Bradley v. Fisher, 80 U. S. Wall, 13 Wall 335 Supreme Court 1872.*

> *"Where there is clearly no jurisdiction over (352\*352) the subject-matter any authority exercised is a usurped authority, and for the exercise of such authority when they want of jurisdiction is known to the judge, no excuse is permissible ." Id 351- 352.*

See also *Stump v. Sparkman 435 U.S. 349, (356-357) Supreme Ct. 1978.*

> *"The Court of Appeals correctly recognized that the necessary inquiry in determining whether a defendant judge is immune from suit is whether at the time he took the challenged action he had jurisdiction over the subject matter before him. Because "some of the most difficult and embarrassing questions which a judicial officer is called upon to consider and determine relate to his jurisdiction..." <u>Bradley, supra at 352</u> the scope of the judges jurisdiction must be construed broadly where the issue is the immunity of the judge. The judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in exercise of his authority; rather, he will be subject to liability only (357 \*357) when he has acted in the "clear absence of all jurisdiction" <u>13 Wall., at 351</u>.*

It is axiomatic, upon the law and facts stated above, that Mr. Conklin has stated a claim. It is unquestioned that he is a right to use legal process both state and federal in the United States to seek a redress of grievances, a First Amendment

right. The profusion of factual allegations including explicit exhibits demonstrating Mr. Conklin's and the movants actions demonstrate his uses of legal process and the Writ of Summons which he used to commence an action in the Dauphin County Court exemplify an example of the petition clause. The movants' albeit unlawful removal of that action demonstrates a violation (under circumstances where there was a total lack of jurisdiction). Having done so with an absence of jurisdiction the defendants committed an arbitrary and capricious action totally devoid of any government authority or purpose, but under the badge of government authority. This constitutes, under *Lewis v Sacramento County, 98 F. 3d 434, (9th Cir. 1996)* a violation of plaintiff's substantive due process rights (14th Amendment). Because other citizens are treated properly under the removal statutes these violations also constitute a deprivation of the plaintiff's equal protections of the law clause rights also under the 14th amendment.

Needless to say he was suffering retaliation for speaking out earlier, a violation of his First Amendment rights to freedom of expression. Plaintiff far exceeds any shortcomings as erroneously alleged by the defendants under *Bell Atlantic Corp.v.Twombly 550 US 544 (2007)*. Plaintiff has not remotely pled in conclusory fashion at all. He has pled facts and circumstances identifying individual rights and provided exhibits of same. Mr. Conklin has stated a claim.

Wherefore the Court is respectfully requested to deny the movants motion to dismiss.

## **Plaintiff Opposes Defendants "Summary Judgment" Motion**

The defendants motion for summary judgment is not clearly drawn, is not substantiated by the law or the facts of this case, and should be dismissed. Plaintiff incorporates herein at this point his Counterstatement of Material Facts and since this is a composite motion he also incorporates by reference all of his response to the movements motion to dismiss as set forth above. Mr. Conklin has set forth a highly detailed complaint far in excess of F. R. Civ. P . Rule 8 standards. Just because the facts of what occurred are not disputed does not mean that the movants are entitled to summary judgment. Further, the movants' Statement of Material Facts does not really comply with Rule 56 requirements. There has been no discovery in this matter and the defendant Morrison's position is, simply put, a personal expression amounting to an admission of poor and certainly unsupportable legal research and a mea culpa that can only be interpreted as "I meant no harm".

Coincidentally had the defendants in this matter admitted that they were wrong and had acted improperly and apologized, this matter would in all likelihood be behind us. But because they could not bring themselves to do that i.e., admit that federal officials in high and powerful positions can make mistakes of judgment, they used the power of their office to attempt to frighten Mr. Conklin from suing Yvette Kane. They believed that because she was the judge that no one, like Stephen Conklin would dare bring an action against her. And all they ever had to do, which has experienced lawyers to a person they should have known, was to file a rule to show cause requiring Mr. Conklin to file a complaint. They did not do that. They

removed the case unlawfully so that they could control the case unlawfully at the behest of Yvette Kane. They erred.

Quite frankly Mr. Conklin is entitled under the facts to a judgment on the pleadings which he will very soon file. It is no longer relevant, what, if anything Mr. Conklin would have filed in response to that now procedurally defunct writ of summons. The proof is in the pudding the defendants violated Mr. Conklin's rights. Protected activity is a right to use legal process in the United States regardless of motivation to seek a redress of grievances. Any person in this country who would use their power or position to take control of another persons legal process is guilty of abuse of process and Mr. Conklin intends to bring another action in that regard. Defendants cannot cure their abuses. This is the only factual situation in the history of the United States that Mr. Conklin's research revealed where a federal judge and a US attorney proceeded with such a blatant disregard of the rights of an American citizen. And Mr. Conklin believes this is done because of the atmosphere existing among federal judiciary among others in the Middle District of Pennsylvania and the belief that they can do anything they please at any time without regard for the law.

The Hon. Timothy Savage demonstrated that a responsibly acting federal judge can with reason and analysis apply the law as it was designed in the interest of the equal rights of every American citizen. The motion for summary judgment is frivolous, lacks any factual basis and must be denied contrary to the incredulous claim of the defendants that Mr. Conklin's complaint lacks "proper" factual

allegations, let alone "evidentiary" support. Such a contention is not just a repudiation of the law of the case set down by Judge Savage but is a, metaphorically speaking, insult to Judge Savage is a judge and to this court. The proof is in the pudding . Any potential summary judgment motion was lost when judge Savage ruled that there was a lack of jurisdiction in this case. Why was the case reassigned to Judge Sanchez?

The court is respectfully asked to deny the movants' motion for summary judgment which only twice in 4 pages even mentions U.S. Attorney Smith's name and when doing so, does so in a conclusory fashion.

Last, without more explanation, the movants make reference to the ECF violations alleged by Mr. Conklin as a "publicly viewed internet's site". If this didn't occur it could simply be denied. The defendants' failure to do so is equivalent to a late-term pregnancy. It's quite ripe. Further Pacer is not a public Internet site. Only the chief judge of a federal district in complicity with a clerk could have manipulated the monitoring of Mr. Bailey's activities as judge Kane did at the time with the cooperation of Mr. Smith. Equally vacuous is the defendants' demand that Mr. Conklin has some kind of a duty to identify what caused Mr. Morrison to remove the Dauphin County action (Defendants' Brief in Support page 18) and that the failure to do so entitles the movants to summary judgment.

Wherefore the Court is respectfully requested to deny the defendants request for summary judgment.

Respectfully Submitted,

By: /s/Don Bailey Esquire
PA# 23786
4311 N. 6th Street
Harrisburg, Pa 17110
717 221-9500
717 221-9400 Fax
AdrienneMamma6@aol.com

## CERTIFICATE OF SERVICE

I, Don Bailey, Esquire, hereby certify that on this 21st day of March 2014 I caused to be served a true and correct copy of Plaintiff's Brief in Opposition by ECF-Electronic Filing as follows.

Thomas B. Schmidt, III
Michael J. Butler, Esquire

Respectfully Submitted,

By: /s/Don Bailey Esquire
PA# 23786
4311 N. 6th Street
Harrisburg, Pa 17110
717 221-9500
717 221-9400 Fax
AdrienneMamma6@aol.com

14

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEPHEN G. CONKLIN | : | CIVIL ACTION – LAW |
| Plaintiff | : | |
| | : | No. 1:13-cv-02618-JRS |
| vs. | : | |
| | : | |
| YVETTE KANE, PETER J. SMITH | : | |
| MARK E. MORRISON, | : | |
| Defendants | : | |
| | : | Jury Trial Demanded |

## ORDER

**AND NOW** this _____ day of March 2014 Defendants Motion to dismiss and/or Motion for Summary Judgment is hereby **DENIED**: