IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEPHEN G. CONKLIN | : | CIVIL ACTION – LAW |
| Plaintiff | : | |
| | : | No. 1:13-cv-02618-JRS |
| vs. | : | |
| | : | |
| YVETTE KANE, PETER J. SMITH, | : | |
| MARK E. MORRISON, | : | |
| Defendants | : | |
| | : | Jury Trial Demanded |
| | : | |

**PLAINTIFF'S COUNTERSTATEMENT OF DISPUTED
MATERIAL FACTS AS TO DEFENDANTS
PETER J. SMITH AND MARK E. MORRISON**

1-3. Admitted.

4. Denied. Defendants paragraph makes no sense. Purportedly Mr. Morrison believed the civil action filed by Conklin was against "Judge" Kane in "either" her official or individual capacity. This paragraph is objected to as hopelessly ambiguous.

5. Denied. This paragraph is vague and cannot be responded to. Plaintiff has no idea what defendants mean by "several issues" and plaintiff has never sued "Judge" Kane.

6. Denied. Plaintiff commenced his action by "Writ of Summons". Admitted there were no factual allegations. This allegation by defendants is misleading and

ambiguous and further is explained in detail like Judge Savage in his memorandum.

7. Denied. "Judge" Kane was never sued by Mr. Conklin. Mr. Conklin commenced an action by writ of summons against "Yevette" Kane. Admitted the action was referred to Judge Savage

8. Admitted.

9. Admitted.

10. Admitted. By way of further response Judge Savage concisely held at the movants actions were lacking in jurisdiction.

11. Denied. The issue in this lawsuit has absolutely nothing to do with Mr. Morrison's actions after he was a party to this complaint. By way of further response is understood by Mr. Conklin that Mr. Morrison did not follow either federal or state courts in his post remand actions. Whether Mr. Morrison took any actions as regards "Judge" Kane is not material or relevant to this action since Mr. Conklin has never sued, to the best of his knowledge, "Judge" Kane.

12. Denied. It is believed that Mr. Conklin has not filed a subsequent complaint (subject to the Writ of Summons) in Dauphin County Court but is litigating the procedural due process actions attendant thereto at this time.

13. Denied. It is quite clear that Mr. Morrison took the actions that he did in unlawfully removing Mr. Conklin's original action to intimidate and harass Mr. Conklin and to use his official powers and his very powerful position to intimidate Dauphin County officials in denigration of Mr. Conklin's federally guaranteed rights.

14. Denied. Mr. Morrison and the other defendants including Yevette Kane retaliated against Mr. Conklin because he filed a Writ of Summons against Yevette Kane assuming they could outmaneuver and outsmart him in the legal process, intimidate him, and harass him into withdrawing or otherwise ceasing his effort causing him great emotional distress, time and money, including the need to travel from Pittsburgh to Harrisburg and back while his father was literally on his deathbed.

15. Denied. The complaint clearly demonstrates the blatant and baseless violation of Mr. Conklin's federally guaranteed rights.

16. Denied. Current Third Circuit law on this issue strains legal credulity. The plaintiffs in another action involving three colonels who have been grossly abused by judges in the Than of Pennsylvania had an action removed (granted in an extremely expeditious fashion by the Hon. Lawrence Stengel) in a very proper fashion. They were treated properly while Mr. Conklin was treated unlawfully.

17. Denied. Mr. Conklin had to file papers in court which he did pro se in order to maintain his action. This separate required hours and hours and hours in fact days of research and composition on his part, subjecting him to severe emotional distress and and Mr. Conklin has been traumatized to have the US attorneys office move against him as well as fears connected with his realization that he was being mistreated in an arbitrary and capricious fashion by individuals who have absolutely no authority to do so but were acting against him in a sort of kamakzie, in a vigilante fashion devoid of jurisdiction.

Respectfully submitted,

/s/Don Bailey, Esquire
PAID# 23786
4311 N. 6th Street
Harrisburg, Pa 17110
717.221.9500

## CERTIFICATE OF SERVICE

I, Don Bailey, Esquire, do hereby state that on this 21st day of March 2014 I served the following Counterstatement of Disputed Material Facts upon the following attorneys via ECF:

Thomas Schmidt, III, Esquire
Attorney for Judge Kane

Michael J. Butler, Esquire
Attorney for Mark E. Morrison

Respectfully submitted,

By:

/s/Don Bailey, Esquire
PAID# 23786
4311 N. 6th Street
Harrisburg, Pa 17110
717.221.9500