**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **STEPHEN G. CONKLIN** | : | **CIVIL ACTION – LAW** |
| **Plaintiff** | : | |
| | : | **No. 1:13-cv-02618-JRS** |
| **vs.** | : | |
| | : | |
| **YVETTE KANE, PETER J. SMITH** | : | |
| **MARK E. MORRISON,** | : | |
| **Defendants** | : | |
| | : | **Jury Trial Demanded** |

**Plaintiff's Brief in Opposition to Defendant Kane's
<u>Motion to Dismiss</u>**

<u>**Introductory Statement**</u>

The defendants in this case are all trained and practicing as lawyers. Indeed, the movant is a judge of many many years of experience. To the best of plaintiff's knowledge each of the defendants in this matter practiced and worked for many years in and before the state courts. Yvette Kane at one time was Secretary of the Commonwealth. Defendant Smith is a US Attorney. Mr. Morrison is an Assistant US Attorney. The plaintiff is a commoner, i.e., a layman. He does not claim to have any quantum of legal knowledge and experience remotely approaching that possessed by the defendants. He is possessed, though, of a staunch commitment to his rights and the rights of others. He understands and believes in the Rule of Law. In his view this simply means that the law should apply equally to all American citizens, including officials. He alleges, under the facts set forth in his Complaint

1

with its Exhibits, that the defendants intentionally removed his Writ for unlawful reasons.

The law appertaining to Pennsylvania's Court Rules on how to commence an action have existed for decades. Statutes on Removal in the federal system are frequently used and it is not plausible that the defendants in this action would not know that they had a duty to Rule Mr. Conklin to file a case in the state system if they wanted to know his reasons for filing the Writ. They did not do so but instead proceeded with a total lack of jurisdiction to, under badge of state authority, lacking the presence of any federal question, removed the Writ. What the defendants contemplated they would do with the Writ once removed, except possibly manipulate federal court procedures to squelch it, is simply unknown and subject to speculation at this time. Although the defendant's Brief and Introduction makes extensive use of innuendo and perhaps even a few red herrings, the underlying issue of law is very simple and the facts are very limited in number and complexity. The best evidence of the simplicity of the legal issue involved i.e., that the defendants acted with a total lack of jurisdiction is evidenced by the opinion written by the Hon. Timothy J. Savage ordering a re-manned of the underlying case in response to a motion to remand filed by plaintiff on August 27, 2013. Despite the clear opinion in that case directed to the defendants, including Judge Kane, who have absolutely no excuse for violating the law, Judge Kane has moved

to dismiss the complaint claiming her right to judicial immunity and that the fastidiously detailed complaint composed by Mr. Conklin violates F.R. Civ. P. Rule 8.

## I.   Background

### A.  Procedural History

On October 21, 2013 Mr. Conklin filed the Original Complaint in this matter which was docketed at *1:13cv-02618* in the Middle District of Pennsylvania. As fastidiously described in the Complaint in paragraphs 19 through 49 et seq., Yvette Kane, under badge of the federal government's authority, acted to have a Writ of Summons filed by Mr. Conklin (In the Court of Common Pleas of Dauphin County Pennsylvania docketed at *2013-cv-2962-cv*) removed to federal court. The caption was "*Stephen G. Conklin v. Yvette Kane*". See Complaint Exhibit F2. No mention of any judge or official was made on any documents filed by Mr. Conklin regarding the Writ of Summons.

Mr. Conklin then, acting pro se, moved to remand the action to the Court of Common Pleas of Dauphin County Pennsylvania on July 8, 2013. As correctly quoted in the Memorandum Opinion written by the Hon. Timothy J. Savage, who because of obvious conflicts, was appointed by the Third Circuit to hear the dispute, points out, "Conklin asserts that "there is no basis for this court to assume jurisdiction" quoting from Mr. Conklin's motion for remand ¶ 12. Judge Savage's

opinion, written on August 27, 2013, was docketed at No. Civ. and 1:13-cv-01531 and in all ways supported Mr. Conklin's pro se effort to force Judge Kane and her representatives, Mr. Smith and Mr. Morrison, to abstain from their activities and return the matter to the Dauphin County Courts from which it never should have been removed. In fact Judge Savage's uncontroverted opinion as to the above, stated in clear and concise language, says, "The plaintiff is correct." It is difficult to understand why the case did not continue in the hands of Judge Savage. His opinion was unquestionably correct and written in a very clear and unambiguous manner. Regardless Judge Kane has filed a motion to dismiss.

### B.  Factual History

The facts in this case are not in dispute. The law is just as plain as Judge Savage's opinion reflects. The facts are fastidiously laid out in the complaint. In summary, because of the documentary history of this case, the sequence and timing of material occurrences are quite easy to follow. The summary of relevant occurrences begins with the filing of a praecipe for writ of summons filed by Mr. Conklin in the Dauphin County Court on April 4, 2013. *Complaint Exhibit 2*. The defendant was "Yvette Kane". There was no reference made to Ms. Kane's title or position by Mr. Conklin in the Writ. Shortly thereafter Conklin filed a "Reissued Writ of Summons". The defendants knew that Yvette Kane was not sued in her official capacity. However, because the action was commenced by writ of

4

summons in the state court, defendants didn't know what the contemplated factual basis in the state court was. See *Complaint Exhibits F1-F6*. On or about June 7, 2013 Mr. Smith caused Christina Garber, a US Attorney legal assistant, to file a "Praecipe and Notice of Filing of Notice of Removal". On that same day Mr. Smith had Mr. Morrison sign the Praecipe. See *Complaint Exhibit F2*. After efforts at diplomacy failed Mr. Conklin filed his "Motion for Remand" *(docket #4 at M.D. 13-1531)*.

On August 27 2013 Judge Savage issued an order holding that Yvette Kane lacked jurisdiction i.e., agreeing with Mr. Conklin pro se that the case was removed from Dauphin County by judge Kane with a lack of jurisdiction. Judge Savage ordered that the matter be "Remanded to the state court from which it was removed".

## II.   Counterstatement of the Questions Presented

The "Questions Involved" format utilized by defendant is somewhat confusing wherein each Question appears to be a mixture of sub questions with subparts in the argument that don't seem to follow the sequence or outline in III of defendants brief. Consequently plaintiff follows the sequence presented in the Argument.

Counter Questions Presented:

A.     Plaintiff meets or exceeds the standard of review and the requirements of Rule 8. (Pages 6 through 9 of defendant's Brief)

B. Plaintiff was denied "access to the courts", (Page 10 of defendant's Brief where she mixes in references to the 1st Amendment "… Including his right of expression and petition" but nowhere argues these issues which are presumably admitted by defendant).

C. Plaintiff made out a retaliation claim and admits that he does not, and did not intend' to bring an action on behalf of Mr. Bailey, his attorney. (Pages 11 and 12 of the defendant's Brief).

D. Plaintiff made out a "Bivens action" the mirror image of a 14th Amendment claim. (Pages 13 and 14 of the defendant's Brief). Incidentally, nowhere in the plaintiff's Complaint is the language "under a badge of judicial authority" ever used as is claimed on Page 14 of defendant's Brief.

E. Plaintiff made out a §1983 ("Bivens") conspiracy claim. (Pages 15 and 16 of the defendant's Brief). Incidentally, there is believed to be no "heightened" pleading standard applicable to §1983 jurisprudence.

F. Plaintiff made out a colorable 4th Amendment claim (pages 17 and 18 of defendant's Brief).

G. Plaintiff can proceed under 18 USC §242. (Page 19 of defendant's Brief).

H. Defendant Kane is not entitled to judicial immunity. (Page 19 of defendant's Brief).

## III.  Counter Argument

### A. Standard of Review and Rule 8

Defendant's argument that plaintiff does not meet the standards laid down in *Bell Atlantic Corp. v. Twombly, 550 US 544 (2008)* and *Ashcroft v. Iqbal, 556 US 662 (2009)* is simply baseless. Coincidently plaintiff meets applicable Fed.R.Civ.P. 8 (a) (2) standards. Although defendant's Argument contains some of the boilerplate from the aforementioned cases they are simply not applicable to plaintiff's Complaint. In fact the complaint is laid out with a highly fact specific chronology of what the defendants did and when. In a nutshell they unlawfully removed a state writ of summons to federal court without any federal statutory basis therefore.  There was no federal question and no basis whatsoever for federal jurisdiction as Judge Savage concisely pointed out on August 27, 2013. As Judge Savage, in a "neutral and detached" way, devoid of any prejudicial political considerations or dishonest considerations of unlawful official oppression, and exhibiting no professional favoritism, opined, " Plaintiff is right".

The complaint is fastidiously and concisely detailed. It contains a chronology supported by exhibits demonstrating the improper actions of the defendants who could not possibly have been unaware with their knowledge and experience that they had no subject matter jurisdiction when the writ of summons, commenced under Pennsylvania law, contained virtually zero fact specifications.

Further, they knew that Mr. Conklin had, in no place and at no time sued Yvette Kane in her official capacity. Removal of §1983 actions brought in state court, to federal court, is commonplace in all three of Pennsylvania's federal districts. To remotely imply that a U.S. Attorney and his top civil assistant, along with a federal judge, were unaware of the statutorily baseless argument that a writ of summons is removable by any person sued in their individual capacity is downright disingenuous. It is obvious that the defendants knew exactly what they were doing and they intentionally attempted to interfere with and deny Mr. Conklin his rights which are specifically pled in the complaint. The movant states her first issue as a Rule 8 issue. She goes on to argue it, in almost total part, as a standard of review issue. From the very face of the Complaint it is obvious that it is neither. The Complaint simply lays out the underlying facts in a very precise and detailed way of how, in the words of defendant Kane, the defendant Morrison (and Smith) filed a Notice of Removal "pursuant to the federal officer removal statute, 28 USC §1442". But as Judge Savage correctly held the statute confers absolutely no

8

jurisdiction to do so because Yvette Kane was sued individually and there is no federal question. It is impossible to believe that the defendants in this case innocently made a mere mistake or meant no harm as they claim. At the very best, from the defendant's prospective (who should be subject to a judgment on the pleadings anyway) there is a jury question present. The defendant argues that the plaintiff needs to engage in a "speaking demurrer" when composing the complaint. Nor is the complaint "incoherent, conclusory and unspecific in any way.

For example the PACER drop-down boxes caused by decisions that of necessity had to have been made by Ms. Kane are objectively probative of the motivations that gave rise to so blatantly violating state and federal law in order to harm Mr. Conklin. Supplying a network of demonstrably unfriendly officials who engage monitoring a plaintiff's civil rights attorney's work and activities is highly suspect. With absolutely no official need or reason revealed by the officials involved they tracked and monitored Mr. Bailey's and Mr. Conklin's activities. Obviously they were seeking to work together for some unexplained reason.

Further Judge Kane's actions have been researched. Decisions on the administration of PACER are not guided by rule or law but rather by the arbitrary decisions of the Chief Judge, and member judges of any federal district. Just ask PACER officials. These considerations are just as probative for how and why Mr. Conklin was injured as when Yvette Kane, acting as a judge, recused herself in a

9

previous matter regarding Mr. Conklin only to turn around and very strongly criticize him for vindictive reasons afterwards. Deducing and identifying subjective motivations from objective facts is not speculative. It is a normal part of human, and thus legal, reasoning. At the very least the drop-down boxes issue should be officially investigated. Even a cursory reading of the *Venesevich* litigation regarding another member of this court will provide the answer. It won't be.

## B. Denial of Access to the Courts and His Rights of Expression and to Petition for a Redress of Grievances

Defendant argues that because the plaintiff was eventually vindicated as a result of filing his Motion to remand in federal court that he was not "denied access to the courts". However the facts indicate that the denial of access occurred when the defendants used their badges of authority to literally eliminate his claim in state court. For that period of time i.e., for a number of months from April through August the plaintiff was unlawfully denied proper procedural access, or more correctly any access at all, to his state claim which was simply eliminated by the defendant's unlawful actions and misuse of federal authority. In other words the denial of access claim is not relevant to the availability of process in the federal courts were plaintiff eventually prevailed, but rather the denial of access occurred when the defendants used a totally implausible application of the federal removal statutes to deny the plaintiff access to the state court on his claim.

Additionally, the defendant makes no mention of the rights of expression and the petition clause (under the 1st Amendment) in his Questions Involved. She does mention these rights summarily and admits that plaintiff raises them in at least three paragraphs of his Complaint. But absolutely nowhere does the defendant argue against these claims. Therefore they are admitted. Plaintiff, like any citizen, has a fundamental right to petition for redress of grievances under the First Amendment. Because he filed a Writ of Summons naming Yvette Kane in his Dauphin County action her unlawful removal of that Writ constitutes an egregious violation of his petition rights. So to with a plethora of jury questions relating to his rights of expression. Yvette Kane acted to injure him because he expressed criticism of her and the Middle District in a pleading. Of all places, in a pleading where Conklin's rights of expression are not only protected by the Constitution the by a number of well-established communities. Because of his criticism i.e., the substance of what he said, his rights were egregiously violated.

### C. Retaliation and any Claims on behalf of Mr. Bailey

Plaintiff made out a retaliation claim, which is well pled, when he alleged that the act of unlawfully removing his Writ of Summons in the total absence of jurisdiction was meant to intimidate the plaintiff (which it did) causing him severe emotional distress and forcing him to litigate pro se in the federal courts. This went on for months. Despite his pleading with the defendants to cease and desist here

11

you have a layman pointing out to a federal judge, a US Attorney, and his Assistant that they had no authority to do what they were doing. They persisted time and again with distorting Yvette Kane's status as an individual defendant being sued in her individual capacity but more important denying Conklin's claim that the Writ of Summons conferred no subject matter distribution and was incapable on it's very face of raising a federal question. Yvette Kane knew what process she had to use as did Smith in Morrison i.e., Kane should have Ruled Mr. Conklin to file a complaint in Dauphin County like any other citizen would have to do. She was never sued as "Judge" Kane and that was plain on the face of the relevant documents. What's worse, when all this misconduct ensued, if the defendants had then simply acted aggressively to remedy their errors, and apologized, this matter could possibly have all been unnecessary? They wouldn't do that.

While the defendant correctly identifies the components of a retaliation claim they obviously avoid dealing with what the retaliation was for although stated clearly in the Complaint including the allegation that Mr. Conklin was retaliated against because of his association with Mr. Bailey. See Hill *v. Borough of Kutztown, 455 F.3d 225 (3d Cir. 2006), Rauser v. Horn 241 F.3d 330 (3d Cir. 2001)* and, *Anderson v. Liberty Lobby Inc. 477 US 242, (1986).* The protected activity quite plainly was Conklin's right to speak out and criticize Yvette Kane when she was a judge, but far more important he had a right to be free of

retaliation because he petitioned for a redress of grievances when he filed the Writ of Summons.

As to any claims on behalf of Mr. Bailey. It was never plaintiff's intention to file a claim on behalf of Mr. Bailey in his Complaint. Mr. Bailey makes no claims in this Complaint. Mr. Conklin, has alleged, and does believe most strongly that some of the retaliation and mistreatment he received was as a result of his association with Don Bailey.

### D. The 14th Amendment and Plaintiffs *Bivens* Action

The defendant spends pages 13 and 14 of their brief discussing the differences between a *14th Amendment* action and a "*Bivens*" claim. The plaintiff's argument is quite informative, but as defendant correctly argues, plaintiff has overtly drawn his complaint in recognition of the legal congruity between a "*Bivens*" action and a *14th Amendment* claim. Defendant is correct in implying, although she does not clearly state, that the 14th Amendment was meant to apply as a prohibition of certain unlawful state actions. Defendant is correct that the plaintiff alleges that Yvette Kane acted under "badge of federal authority" as did the other two defendants. Defendant is incorrect however in stating that the "Dauphin County Action was removed pursuant to the federal officer removal statute by Judge Kane's federally appointed counsel." It must be emphatically pointed out that what the defendants did lacked jurisdiction and there was no federal question involved.

13

Furthermore, it was unlawful for anyone in the federal system to have "appointed" counsel for Yvette Kane. This is why she has turned to private counsel, quite capable as he is, to address the motion to dismiss.

Further it must be emphatically pointed out that nowhere in the plaintiff's complaint does he use the term or phrase "under a badge of judicial authority". Defendant is incorrect in misquoting the complaint and further, any inference, no matter how remote, that plaintiff did not plead a *"substantive due process"* violation of his rights should be summarily disregarded as should any inference that plaintiff believes defendant Kane might be entitled to immunity. Indeed this is a *"Bivens"* action. Indeed Kane has no immunity.

### E. Conspiracy claim under §1983

Defendant argues, as she did under "D" above, that jurisdictionally, because Kane acted under "badge of federal authority", which is uncontested, that by definition she could not be adjudged to have acted conspiratorially under *§1983*. As defendant admits, plaintiff pled a *Bivens* action. The difference being Tweedledee Tweedledum in a certain sense, plaintiff's allegations of conspiracy apply under *Bivens*. The defendant goes on to state and argue the practice and principles of "criminal conspiracy" such as a "meeting of the minds", the necessity for "overt action" etc. but the law of civil conspiracy requires no such conditions. See *Adickes v. Kress& Co. ( citations omitted) and Lugar v. Edmondson Oil Co.*

14

*Inc. (citations omitted)* which establishes as a matter of federal law that civil conspiracies differ markedly from their criminal counterpart in that no overt actions are required and in fact no "meeting of the minds" is necessary. It should be pointed out that in her brief Yvette Kane indicates that an issue of "appointment" of federal counsel took place. Notably no jurisdiction existed to do so. Who appointed the US Attorney counsel for Yvette Kane? Was it Yvette Kane?

### F. Plaintiffs 4th Amendment Claim

The 4th Amendment was designed to protect citizens from unreasonable searches and seizures and the unlawful quartering of troops. The latter gave rise eventually to the use of the 4th Amendment as a source (along with others) of privacy rights. The facts in this situation demonstrate that the Chief Judge, along with members of the court control who can see what through PACER. While a public inquiry, or a purported, or imaginary right of unfettered public access may arguably defeat and "expectation of privacy" those are not the applicable circumstances in this case. Just as any citizen as a colorable right to be free of a persistent government presence looking over his or her shoulder Mr. Bailey and Mr. Conklin (particularly Mr. Conklin by virtue of his association with Mr. Bailey) has a right not to feel the oppressive weight of a collage of hostile judges and their staffs from breathing a polluted stench of secret surveillance down their backs and monitoring of their activities for what possible purpose? Such behavior is

repugnant and beneath the dignity of an institution that is specifically designed to protect the rights of individual citizens. Are lawyers citizens? Are citizens who complain about government misconduct citizens also? This misconduct by these defendants, or at least their participation, along with others, in surveilling Mr. Bailey and Mr. Conklin is disgusting and egregious and should at least give rise to discovery because of the attendant 4th Amendment implications. Only one who experiences such oppressive government misconduct can understand the outrage it engenders.

### G. 242

Nothing in the Constitution or laws of the United States anywhere at any time prohibits in any way the right of a citizen to at least file a private criminal complaint. The unreported cases including one by a defendant here did not appear to be well substantiated. Mr. Conklin requests the right to supplement in order to seek declaratory relief.

### H. Judicial Immunity

The defendant Kane could possibly be confusing an "excess of jurisdiction" in the case of a judge's actions and a "lack of jurisdiction" where no authority the use of judicial power.

The law issue in this case is extremely simple. It was raised by Mr. Conklin in his motion for remand and it was addressed, and decided by Judge Savage in his order to Yvette Kane, Mr. Smith, and Mr. Morrison to remand. The law issue is whether the defendants (more particularly the movants here) acted under the law. Whether they acted under any law. They in fact acted with a total lack of jurisdiction. Not under any law. Not in excess of jurisdiction but lacking any jurisdiction at all. The reason for the brevity of Judge Savage's opinion is that the law is plain and clear. Just as the uncontested facts are plain and clear. The applicable law dealing with federal removal, namely, *28 USC §s1441-1446* cannot possibly be interpreted as providing a basis for jurisdiction to remove under the statutes.

> *"Mere suspicion or conjecture that the claims against the defendant* (Yvette Kane) *arose out of acts or omissions in the course of carrying out her duties will not suffice. We must combine our jurisdictional determination from the plaintiff's claims as made in the state court" Judge Savage August 27, 2013 memorandum opinion page 2.*

Taking control of state jurisdiction through the equivalent of a federal power annexation, as occurred in the underlying case, is in total defiance of our federal system with its concurrent jurisdictions. In short the movants acted with a total lack of jurisdiction.

When a federal official of any rank or position (we must remember that Yvette Kane was named as a defendant in the Writ of Summons not as "Judge"

Kane but as "Yvette" Kane the person. That she chose to use her official powers or "badge of authority" to disrupt Mr. Conklin and the exercise of his rights does not provide a bootstrap analysis supporting the defendants' contention that these movants and Yvette Kane acted on a federal question under the authority of the statutes. There is virtually no federal question. As Judge Savage pointed out, only by Ruling Mr. Conklin to file a complaint, and then if circumstances (i.e. the facts of this hypothetical complaint) permitted, Yvette Kane could potentially at least have acted to remove. There is absolutely no way to ascertain how she could do so unless she had a complaint in state court to react to. There is absolutely nothing complex or ambiguous about the situation. There is a complete lack of jurisdiction.

Mr. Conklin profoundly believes that the movants intentionally broke the law intending to intimidate state authorities and Mr. Conklin in the interests of unlawfully protecting Yvette Kane's public image. The plain unvarnished integrity and the unquestionably clear and precise analysis of Judge Savage prevented them from succeeding. They acted with a total lack of jurisdiction. Doing so they cannot avail themselves of the protections of judicial immunity. There can only be immunity where there is a judicial act to invoke the doctrine and there is no judicial act here.

The law is plain and well-settled and it has been settled for well over a century. In fact the principles predate our country's existence. A judge is entitled to

judicial immunity in those situations where they err etc. or even where the judge acted in excess of jurisdiction. This law is well-settled and is of course well taken. Even judicial excess is usually considered acceptable for the application of judicial immunity in the interest of maintaining an independent judiciary. Much opinion exists however, and it varies, that where judicial actions are corrupt they should not be protected for acting in excess of their jurisdiction. But one facet of immunity jurisprudence which is not questioned, and it is literally universal, is that no judge is entitled to immunity when that judge acts with a lack of jurisdiction. See *Bradley v. Fisher, 80 U. S. Wall, 13 Wall 335 Supreme Court 1872.*

> *"Where there is clearly no jurisdiction over (352\*352) the subject-matter any authority exercised is a usurped authority, and for the exercise of such authority when they want of jurisdiction is known to the judge, no excuse is permissible." Id 351- 352.*

See also, *Stump v. Sparkman 435 U.S. 349, (356-357) Supreme Ct. 1978.*

> *"The Court of Appeals correctly recognized that the necessary inquiry in determining whether a defendant judge is immune from suit is whether at the time he took the challenged action he had jurisdiction over the subject matter before him. Because "some of the most difficult and embarrassing questions which a judicial officer is called upon to consider and determine relate to his jurisdiction..." Bradley, supra at 352 the scope of the judges jurisdiction must be construed broadly where the issue is the immunity of the judge. The judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in exercise of his authority; rather, he will be subject to liability only (357 \*357) when he has acted in the "clear absence of all jurisdiction" 13 Wall., at 351.*

It is axiomatic, upon the law and facts stated above, that Mr. Conklin has stated a claim. It is unquestioned that he has a right to use legal process both state

and federal in the United States to seek a redress of grievances, a 1st Amendment right. The profusion of factual allegations including explicit exhibits demonstrating Mr. Conklin's and the movants' actions, and demonstrating his uses of legal process and the Writ of Summons which he used to commence the action in the Dauphin County Court exemplify, in classic form, the violation of his rights under the petition clause. The movants', albeit unlawful removal of that action, demonstrates a violation (under circumstances where there was a total lack of jurisdiction) an elementary substantive due process violation. Having used their authority unlawfully with an absence of jurisdiction the defendants committed an arbitrary and capricious action totally devoid of any government authority or purpose, unlawfully doing so under the badge of government authority. This constitutes, under *Lewis v Sacramento County, 98 F. 3d 434, (9th Cir. 1996)* a violation of plaintiff's substantive due process rights (14th Amendment and *Bivens*). And, because other citizens are treated properly under the removal statutes these violations also constitute a deprivation of the plaintiff's equal protections of the law clause rights also under *Bivens*.

Yvette Kane acted without jurisdiction and is not entitled to any immunity.

Wherefore the Court is respectfully requested to deny the movants motion to dismiss.

Respectfully Submitted,

By: /s/Don Bailey, Esquire
   4311 N. 6th Street
   Harrisburg, Pa 17110
   717.221.9500

## CERTIFICATE OF SERVICE

I, Don Bailey, Esquire, do hereby state that on this 24th day of March 2014 I served the following Brief in Opposition to Kane's Motion to Dismiss upon the following attorneys via ECF:

Thomas Schmidt, III, Esquire
Attorney for Yvette Kane

Michael J. Butler, Esquire
Attorney for Mark E. Morrison & Peter J. Smith

Respectfully submitted,

By:

/s/Don Bailey, Esquire
PAID# 23786
4311 N. 6th Street
Harrisburg, Pa 17110
717.221.9500

## UNITED STATES DISTRICT COURT FOR
## THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **STEPHEN G. CONKLIN,** | : | **NO. 1:CV-13-2618** |
| **Plaintiff** | : | |
| | : | **Judge Sanchez** |
| **VS.** | : | **Eastern District of Pa** |
| **YVETTE KANE, PETER J. SMITH:** | | |
| **MARK E. MORRISON, and** | : | |
| **CHRISTINA GARBER,** | : | **JURY TRIAL DEMANDED** |

### ORDER

**AND NOW** this            day of            , 2014 Defendant Yvette

Kane's Motion to Dismiss is hereby **DENIED:**

_____

Juan Sanchez
United States District Judge