PJS:MJB:cjl

# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEPHEN G. CONKLIN, | : | NO. 1:CV-13-02618 |
| Plaintiff | : | |
| | : | |
| v. | : | (Judge Sanchez) |
| | : | |
| YVETTE KANE, PETER J. SMITH, | : | |
| MARK E. MORRISON, AND | : | |
| CHRISTINA GARBER, | : | |
| | : | |
| Defendant | : | Filed Electronically |

## DEFENDANTS PETER J. SMITH AND MARK E. MORRISON'S REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS AND/OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Defendants United States Attorney Peter J. Smith and Assistant United States Attorney Mark E. Morrison (collectively, the "USAO defendants") respectfully submit this reply brief in support of their motion to dismiss, and/or, in the alternative, for summary judgment. Because Plaintiff's opposition brief failed to refute the USAO defendants' arguments, this Court should grant their motion.

### I.    Reply to Plaintiff's Failure to Comply With Local Rules

Under the Local Rules, statements of material facts must include references to the parts of the record that support the statement. M.D. Pa. L.R. 56.1. If an

opposing statement of facts does not include a reference to the record, the moving party's facts will be deemed admitted.

Here, Mr. Conklin failed to comply with Local Rule 56.1. For example, paragraph 4 of the USAO defendants' Statement of Material Facts provides: "Based on the information Mr. Morrison had available to him, he believed that Mr. Conklin had filed the civil action against Judge Kane in either her official or individual (Bivens) capacities." Statement of Material Facts (SMF) (Doc. No. 15) (citing Declaration of Mark E. Morrison ¶ 3). Paragraph 5 of the USAO defendants' statement provides: "Mr. Conklin has had several issues before Judge Kane and there was no evidence to show that Mr. Conklin had any personal business dispute against Judge Kane that was not in her capacity as a judicial officer." SMF ¶ 5 (citing Morrison Decl. ¶ 4).

Mr. Conklin denied these facts but failed to cite to the record to support his denials. Rather, he claimed the paragraphs made no sense. This argument holds no water. As counsel for Plaintiff knows, a federal official is either sued in their individual capacity, meaning they are personally liable, or in their official capacity, meaning the United States would be liable. Mr. Conklin's failure to submit a declaration or point to a shred evidence to refute that Mr. Morrison understood that Mr. Conklin had sued "Yvette Kane" because she was a judge, and not because of

a personal dispute, is telling. Mr. Conklin has never stated why he initiated proceedings in Dauphin County, and this too is telling.

Mr. Conklin, also uses conclusory words like "clearly," "intimidate," "harass," "unlawful," "blatant," "baseless," "vigilante," etc. in his opposition statement without support. See Pl.'s Counterstatement of Facts (Doc. No. 26) ¶¶ 6-7, 11-17. If his opposition statement were a pleading, it would fail under the standard set forth in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). This opposition statement, however, requires more than just elementary facts. It must contain a supported reference in the record. See Lauren W. ex rel. Jean W. v. DeFlaminis, 480 F.3d 259, 266 (3d Cir. 2007) (noting "'a party will not be able to withstand a motion for summary judgment merely by making allegations; rather, the party opposing the motion must go beyond its pleading and designate specific facts by use of affidavits, depositions, admissions, or answers to interrogatories showing there is a genuine issue for trial'") (quoting In re Ikon Office Solutions, Inc., 277 F.3d 658, 666 (3d Cir. 2002) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 324, (1986))).

Mr. Conklin's opposition statement fails to meet this Court's Local Rule requirements or the requirements under Rule 56 of the Federal Rules of Civil Procedure regarding proper opposition to summary judgment motions. See Fed. R. Civ. P. 56(e) (noting a court may deem a fact unopposed if the opposition fact is

not supported). As such, this Court should deem the USAO defendants' facts admitted.

## II.   Reply Argument

### A. Mr. Conklin's request to have Judge Sanchez recuse himself is baseless

The first part of Mr. Conklin's opposition brief reads like a request for the Honorable Juan R. Sanchez to recuse himself, but stops short of a formal request or motion. To the extent this Court finds Mr. Conklin's brief equates to a formal request for recusal, the USAO defendants assert that Mr. Conklin has fallen quite short of establishing recusal of a federal district court judge.

The Third Circuit has held: "The standard for recusal is whether an objective observer reasonably might question the judge's impartiality." Farkas v. Rich Coast Corp., Civ. No. 2:13-cv-00926, 2014 WL 550613, at * 2 (W.D. Pa. Feb. 11, 2014) (citing Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n, 107 F.3d 1026, 1042 (3d Cir.1997)).

Here, Mr. Conklin claims that between January 7, 2008, and July 23, 2010, Judge Sanchez had five cases assigned to him in which Don Bailey, Esquire represented the plaintiffs. In all of those cases, Judge Sanchez ruled against Mr. Bailey's clients. As noted in Farkas, "'judicial rulings alone almost never constitute a valid basis for a bias or partiality motion.'" Id. at *2 (citing Mass. Sch.

4

of Law, 107 F.3d at 1042 (citing Liteky v. United States, 510 U.S. 540, 555(1994))). Mr. Conklin, instead, "'must show that those rulings and remarks 'display a deep-seated favoritism or antagonism that would make fair judgment impossible.'" Id. (citing In re Shimer, 215 F. App'x 149, 150 (3d Cir.2007) (citing Liteky, 510 U.S. at 555))). The Third Circuit noted that rulings against a party (or attorney) could be justified as that party may consistently take a position that is neither factually nor legally supported. See Mass. Sch. of Law, 107 F.3d at 1043.

Mr. Conklin's assertions do not withstand factual scrutiny. In researching PACER, it appears the cases which Mr. Conklin is referring to are as follows: Showalter v. Brubaker, 02:07-cv-00878 (E.D. Pa.) (judgment for defendant, affirmed by the Third Circuit); Lyons v. Mentzer, 5:08-cv-0094 (E.D. Pa.) (judgment for defendant, no appeal); Roberts v. Mentzer, 5:08-cv-04507 (judgment for defendant, affirmed by the Third Circuit); Snyder v. Krouse, 5:08-cv-005217 (settled); Billman v. Corbett, 5:10-cv-02996 (E.D. Pa.) (judgment for defendant, no appeal); Cruz-Smith v. Sinclair, 5:10-cv-03609 (E.D. Pa.) (dismissed for the plaintiff's failure to prosecute, plaintiff did not communicate with Mr. Bailey, no appeal).

In none of these cases that reached judgment did the Third Circuit reverse Judge Sanchez. Specifically, two times the Circuit affirmed the judgments, while three others were not appealed. Indeed, one case was dismissed because Mr.

Bailey's client failed to prosecute the matter. No reasonable objective observer of these matters – including those observers on the Third Circuit -- would think that Judge Sanchez has a bias or would question his impartiality based on these decisions. Moreover, Mr. Conklin has failed to show that Judge Sanchez displayed a deep-seated favoritism or antagonism that would make fair judgment impossible. See, e.g., In re Shimer, 215 F. App'x at 150.

Accordingly, to the extent it has been properly made, this Court should deny Mr. Conklin's request for Judge Sanchez's recusal.

### B. Mr. Conklin has no standing to sue on behalf of Mr. Bailey.

In his opposition brief, Mr. Conklin asserts that he is not making claims on behalf of his attorney, Don Bailey. Rather, Mr. Conklin claims that because of his friendship with Mr. Bailey and because he was a former client of Mr. Bailey, he was mistreated by Mr. Smith and Mr. Morrison. Nowhere in the complaint, however, does Mr. Conklin assert that Mr. Smith and Mr. Morrison had knowledge that Mr. Conklin was even a former client of Mr. Bailey, let alone that the two had some type of close relationship.

Accordingly, Mr. Conklin's claims that allegedly stem from his close association with Mr. Bailey lack merit, and this Court should dismiss any claims based on that theory.

### C. Messrs. Smith and Morrison have absolute immunity for the judicial proceeding of the notice of removal.

Mr. Conklin has not refuted that Mr. Smith, the United States Attorney, and Mr. Morrison, an Assistant United States Attorney, have the protections of absolute immunity.

Relying on Stump v. Sparkman, 435 U.S. 349, 356 (1978), Mr. Conklin claims that because there was "total lack of jurisdiction" to remove the Writ to this Court, absolute "judicial" immunity does not apply. First, although prosecutorial immunity stems from judicial immunity, this argument does not address the line of cases involving absolute immunity for government attorneys. See, e.g., Schrob v. Catterson, 948 F.2d 1402, 1412 (3d Cir. 1991) (noting the government's advocates in civil litigation have the protections of absolute immunity).

Second, in Stump, the Supreme Court clarified that judicial immunity will be upheld unless a plaintiff can allege "'the clear absence of all jurisdiction . . . when the want of jurisdiction is known to the judge.'" See Galas v. Supreme Court of Pennsylvania, 211 F.3d 760, 769 (3d Cir. 2000) (holding Pennsylvania Supreme Court Justice immune from suit even though the plaintiff alleged the judge was motivated by non-judicial intent to violate his rights) (quoting Stump, 435 U.S. at 356 n.6).

Here, Mr. Conklin did not allege that Mr. Smith and Mr. Morrison knew that

Mr. Conklin's Writ against "Yvette Kane" was based on some personal dispute. Indeed, Mr. Morrison's understanding, which has yet to be refuted, was that this was an action against a judge. Nowhere has Mr. Conklin provided the reason why he filed a writ in Dauphin County. Because there was no "clear absence of all jurisdiction," Mr. Conklin's argument has no merit.

When Mr. Morrison removed the Writ, he relied on section 1442(a)(3) of title 28 U.S.C., which provides that an officer of the courts of the United States may remove an action that is commenced in state court. Id. (emphasis added). Although Judge Savage disagreed, Mr. Morrison research revealed that the federal officer removal statute must be construed broadly in order to effectuate Congressional intent that federal officers have access to a federal forum. See Willingham v. Morgan, 395 U.S. 402, 406-07 (1969); see also In re Asbestos Products Liab. Litig. (No. VI), 770 F. Supp. 2d 736, 741 (E.D.Pa. 2011).

In Willingham, 395 U.S. at 407, the Supreme Court noted "one of the most important reasons for removal is to have the validity of the defense of official immunity tried in a federal court." Id.; see also State of La. v. Sparks, 978 F.2d 226, 232 (5th Cir. 1992) (noting "the Supreme Court has for over two decades required a liberal interpretation of § 1442(a) in view of the chief purpose – to prevent federal officers who simply comply with a federal duty from being punished by a state court for doing so") (citing Willingham, 395 U.S. at 406-07)).

The Supreme Court indeed held that unlike other kinds of removals, suits against federal officers and agencies may be removed "despite even a wholly non-federal cast to the complaint." Jefferson County v. Acker, 527 U.S. 423, 431 (1999) (holding "[t]o remove a case as one falling within federal-question jurisdiction, the federal question ordinarily must appear on the face of a properly pleaded complaint[, but s]uits against federal officers are exceptional in this regard. Under the federal officer removal statute, suits against federal officers may be removed despite the nonfederal cast of the complaint; the federal-question element is met if the defense depends on federal law.").[1]

The absence of jurisdiction was thus as clear as the pudding referenced throughout Mr. Conklin's opposition brief.[2]

Hence, this Court should dismiss this complaint for lack of jurisdiction because absolute immunity protects both Mr. Smith and Mr. Morrison. See Ou-Young v. Roberts, No. CV. 1-03676-SI, 2013 WL 5978458 (N.D. Ca. Nov. 8,

---

[1] It is also not clear that you cannot remove a Writ of Summons. This Court has allowed the removal of a Writ and required a plaintiff to file a more definite statement. See, e.g., Shemorat Gareem Bey v. United States Postal Service, 1:14-cv-3, slip op. at 5-7 (M.D. Pa. February 11, 2014) (attached hereto).

[2] Mr. Conklin also failed to demonstrate how his rights would have been violated if Judge Savage maintained the case initially removed. If the matter, was, as Mr. Morrison believed, a federal action, the matter was properly before Judge Savage. If the matter was not a federal action, but rather some yet to be revealed personal dispute, Judge Savage would have remanded the matter back to state court.

2013) (noting claims for government absolute immunity are properly dismissed under Rule 12(b)(1) of the Federal Rules of Civil Procedure).

### D. Mr. Conklin's conclusory and implausible allegations fail to state a claim upon which relief can be granted.

Rather than address the USAO defendants' Rule 12(b)(6) argument, Mr. Conklin asserts more conclusory terms into his brief: "defendants committed an arbitrary and capricious action." Mr. Conklin belief that these conclusory terms set forth a due process claim is mistaken. Under Twombly, 550 U.S. at 555, Mr. Conklin must identify facts from with this Court could determine that either Mr. Morrison or Mr. Smith violated his substantive due process rights. He has just provided labels and conclusions with nothing else. His complaint thus fails.

As to a retaliation claim, Mr. Conklin fails to allege that Mr. Smith or Mr. Morrison were aware of any previous prior protected activity which motivated them to allegedly retaliated against him (or Mr. Bailey). In fact, not one previous complaint or matter is identified in the instant complaint. To say the USAO defendants knew about Mr. Conklin's "speaking out earlier" because it was "obvious" or "clear" does not meet the standard set forth by the Supreme Court.[3]

---

[3] As to the adverse action element, Mr. Conklin apparently claims that the federal courts, namely Judge Savage, would "squelch criticism of Judge Kane" and or prevent him from exercising his rights. See Opp'n Br. (Doc. No. 25) 6-8. It is not clear how the federal courts would not fairly provide Mr. Conklin with a forum to present whatever type of case he had against Judge Kane.

As to the conspiracy to secretly monitor Mr. Bailey's cases on PACER claim, Mr. Conklin believes that because the USAO defendants did not deny using PACER to monitor Mr. Bailey's cases in their dispositive motion brief, it must have occurred. First, the USAO defendants are not answering the pleadings but are moving for dismissal based on the language of the claim. Second, the USAO defendants did deny this frivolous allegation. On page 16 of their brief, the USAO defendants note this claim is not plausible, frivolous, and is an unreasonable conclusory claim. See Doc. No. 14 at 16. Mr. Conklin still fails to show how such an incredulous claim could pass this Court's gatekeeper function as noted in Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009).

As such, the conclusory allegations in the Complaint fail to state a claim, and this Court should dismiss the Complaint with prejudice.

### E. This Court should grant summary judgment to Messrs. Smith and Morrison.

Mr. Conklin is abusing process to harass a federal judge, and now the United States Attorney and an Assistant United States Attorney. Mr. Conklin's claim is that he filed a suit in Dauphin County that did not identify the Honorable Yvette Kane as a "judge." See Opp'n Br.(Doc. No. 25) at 8. Despite Mr. Morrison's declaration that "there was no evidence to show that Mr. Conklin had any personal business dispute against Judge Kane that was not in her capacity as a judicial

11

officer," Mr. Conklin continues to refuse to provide any reason why he filed a Writ of Summons against "Yvette Kane" in Dauphin County. He has had plenty of opportunities to provide the reason why he filed the Writ in Dauphin County to this Court or to the Dauphin County court, which entered judgment against Mr. Conklin for failure to prosecute his claim.

Indeed, on February 21, 2014, in a separate action docketed as <u>Conklin v. Kane</u>, 1:13-cv-03058 (M.D. Pa.), a sanctions matter regarding this very same Dauphin County Writ of Summons, Mr. Conklin contacted the undersigned by phone to seek his concurrence for a Motion to Strike an opposition brief filed by Mr. Morrison.[4] Mr. Conklin was asked why he filed suit against Judge Kane in Dauphin County. Mr. Conklin responded "I do not have to tell you." When pressed, he responded "You are one of those silly guys. . . theoretically, Kane could have backed into me in a parking lot." When asked if she did, Mr. Conklin responded "No." He ended the call by saying he was not going to tell me and hung up.

Moreover, in his opposition brief on page 25, Mr. Conklin alludes to the fact that he may have never even filed anything to support his Dauphin County action. "It is no longer relevant, what, <u>if anything</u> Mr. Conklin would have filed in

---

[4] Mr. Conklin alleged that Mr. Morrison failed to timely file his opposition brief. The undersigned did not concur in Mr. Conklin's motion, noting for him that Fed. R. Civ. P. 6(d) allows 3 days for mailing.

response to that now procedurally defunct writ of summons." Opp'n Br. (Doc. No. 25) at 12. So essentially, he admittedly filed a Writ of Summons for no lawful purpose. Mr. Conklin is playing a game, a game that has resulted in the unnecessary use of this Court's and the taxpayer's resources.

Finally, Mr. Conklin claims that he gave Mr. Morrison an opportunity to apologize to him for filing a notice of removal and if he would have done so, Mr. Conklin would not have filed a lawsuit. This allegation is utterly false. Mr. Conklin never contacted Mr. Morrison or his counsel about such an offer. Indeed, Mr. Conklin's actions in Conklin v. Kane, 1:13-cv-03058 (M.D. Pa.), requesting sanctions against both Mr. Morrison and Judge Kane, belie his claim that "this matter would all likelihood be behind us."

It is Mr. Conklin's burden to demonstrate he has evidence to support his claims. He has presented nothing but a scurrilous argument and false, conclusory, and unsupported allegations about a federal judge and this office. He has failed to meet his burden under the Rules of Civil Procedure, and thus, his claims fail as a matter of law.

Accordingly, this Court should grant summary judgment to Messrs. Smith and Morrison.

### III. Conclusion

For the reasons noted above, and in their motion, this Court should dismiss the Complaint with prejudice or grant summary judgment in favor of Messrs. Smith and Morrison.

                                        Respectfully submitted,

                                        PETER J. SMITH
                                        United States Attorney

                                        s/Michael J. Butler
                                        Michael J. Butler
                                        Assistant United States Attorney
                                        228 Walnut Street
                                        PO Box 11754
                                        Harrisburg, PA  17108-1754
                                        Tel: (717)221-4482
                                        Fax: (717)221-4493

Date:  April 4, 2014                   Michael.Butler@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEPHEN G. CONKLIN, | : | NO. 1:CV-13-02618 |
| Plaintiff | : | |
| | : | |
| v. | : | (Judge Sanchez) |
| | : | |
| YVETTE KANE, PETER J. SMITH, | : | |
| MARK E. MORRISON, AND | : | |
| CHRISTINA GARBER, | : | |
| | : | |
| Defendant | : | Filed Electronically |

## CERTIFICATE OF SERVICE BY MAIL

The undersigned hereby certifies that he is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.

That on April 4, 2014, he caused to be served a copy of the attached

**DEFENDANTS PETER J. SMITH AND MARK E. MORRISON'S
BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS AND/OR,
IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

by the Court's ECF filing system

Addressees:

Don A. Bailey
4311 North Sixth Street
Harrisburg, PA 17110

**Attorney for Plaintiff**

Thomas B. Schmidt, III
Pepper Hamilton LLP
Suite 200, 100 Market Street
P.O. Box 1181
Harrisburg, PA 17108

**Attorneys for Judge Kane**

s/Michael J. Butler
Michael J. Butler