# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Stephen G. Conklin, : | |
| : | |
| Plaintiff, : | |
| : | NO. 1:13-cv-2618-JRS |
| vs. : | |
| : | |
| Yvette Kane, : | HON. JUAN R. SANCHEZ |
| : | |
| Defendant. : | |

## DEFENDANT YVETTE KANE'S REPLY BRIEF
## IN SUPPORT OF HER MOTION TO DISMISS

Thomas B. Schmidt, III (PA 19196)
Tucker R. Hull (PA 306426)
PEPPER HAMILTON LLP
Suite 200
100 Market Street
P.O. Box 1181
Harrisburg, PA  17108-1181
717.255.1155
717.238.0575 (fax)
schmidtt@pepperlaw.com
hullt@pepperlaw.com

*Attorneys for Defendant Yvette Kane*

## I. Introduction

Plaintiff Stephen Conklin filed a complaint asserting claims against defendant Yvette Kane[1] for violations of the First, Fourth, and Fourteenth Amendments to the United States Constitution, for conspiracy to violate 42 U.S.C. §1983, and for violation of 18 U.S.C. §242. Judge Kane filed a motion to dismiss (Doc. 16) arguing that plaintiff's complaint does not meet the pleading requirements of Fed.R.Civ.P. 8 and that, regardless, it does not state any legally cognizable claim against her. Judge Kane also invoked her judicial immunity. Plaintiff filed a response ("Plaintiff's Brief") (Doc. 35) that is long on dudgeon but short on substantive arguments to maintain his complaint.

## II. Argument

### A. Plaintiff's complaint does not satisfy the requirements of Fed.R.Civ.P. 8.

Plaintiff's response confirms that most of his claims spring from his contention that "the defendants intentionally removed his Writ for unlawful reasons." Plaintiff's Brief at 2. The procedural history of the Dauphin County Action, which is set out in detail in the motion to dismiss (Doc. 16 at ¶¶ 2-16) and in Judge Kane's brief in support of her motion (Doc. 19 at 2-3), is not in dispute. The operative part of plaintiff's contention—that removal was "for unlawful

---

[1] Hon. Yvette Kane (hereinafter "Judge Kane") is a sitting judge in the United States District Court for the Middle District of Pennsylvania.

reasons"—is never fleshed out with factual allegations that satisfy the requirements of Rule 8, *Ashcroft v. Iqbal*, 556 U. S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U. S. 544 (2008).  Instead, plaintiff offers a mischaracterization of Judge Savage's decision remanding plaintiff's Writ to state court.  Plaintiff's flawed syllogism is that (1) Judge Kane must have known that there was no legal basis for removing plaintiff's Writ, (2) the lack of a legal basis is confirmed by Judge Savage's remand order, and therefore (3) removal was "for unlawful reasons."

Every element of plaintiff's logic is wrong.  First, the federal officer removal statute, 28 U.S.C. §1442(a)(3), authorizes removal of a civil action against an "officer of the courts of the United States, for or relating to any act under color of office or in the performance of his duties." *Id*.  Judge Kane knew that she had no relationship with plaintiff except as a judge and she reasonably believed that the civil action commenced by his Writ would present claims about her actions as a judge.  Plaintiff has been unpardonably coy about the nature of the claim or claims underlying his Writ—indeed, suffering a judgment in the Dauphin County Action rather than disclose them—but there are concessions in his response to the motion to dismiss that confirm Judge Kane's belief.  For example, attempting to prop up his First Amendment retaliation claim, plaintiff asserts that "Yvette Kane acted to injure him because he expressed criticism of her and the Middle District in a

pleading," Plaintiff's Brief at 11, and plaintiff later describes his "protected activity" as his "right to speak out and criticize Yvette Kane when she was a judge." Plaintiff's Brief at 12.

Second, Judge Savage's remand decision did not reject Judge Kane's argument for federal jurisdiction; rather, he held that it was premature and, in effect, deferred a removal decision until plaintiff filed a complaint in the Dauphin County Action that disclosed the nature of his claims against Judge Kane. Plaintiff's "hide the pea" strategy, in which the "pea" is what he refers to as his "hypothetical complaint," Plaintiff's Brief at 18, is his attempt to leverage Judge Savage's remand order into a significance and a finality it does not have.

Third, plaintiff's conclusion that there was something improper to be gained by Judge Kane in having a claim against her adjudicated in federal court presupposes misconduct in the administration of justice in the Middle District. Plaintiff's complaint does not contain any allegations describing such misconduct, nor could it. Rule 8 requires that a complaint "state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U. S. at 678 (citing *Twombly*, 550 U. S. at 570). Plaintiff's complaint does not meet that standard.

**B.     Plaintiff's complaint does not state any legally cognizable claim against Judge Kane.**

Plaintiff's responses to Judge Kane's motion to dismiss for failure to state a claim amount to a lengthy concession. For example, his First Amendment

-3-

claims, whether characterized by his complaint as involving access to the courts, or re-characterized in his response as involving freedom of expression and petitioning for redress of grievances, Plaintiff's Brief at 10-11, collapse into his purportedly being "denied proper procedural access, or more correctly any access at all, to his state claim" during the time between removal and remand. Plaintiff's Brief at 10-11. Plaintiff's contention, even if credited as a statement of fact, does not describe a violation of the First Amendment. More interestingly, his assertions about freedom of expression and petitioning for redress of grievances, Plaintiff's Brief at 11, 12 and 13, obviously have to do with activity addressed to Judge Kane's service as a judge, which is the "pea" he tries so assiduously to hide when the issue is removal of his Writ.

      Plaintiff has no genuine response to support his claims for violation of the Fourth Amendment. Plaintiff asserts that Judge Kane, when she was Chief Judge, "along with members of the court control who can see what through PACER." Plaintiff's Brief at 15. The Court can take judicial notice that PACER is a site maintained by the Administrative Office of the U.S. Courts that allows anyone to obtain case and docket information from all federal courts. Individual judges, including Judge Kane when she was Chief Judge of the Middle District, have no role in the administration of PACER. Nor can plaintiff and his attorney

have any expectation that their federal court filings are private and exempt from full access by any member of the public.

Plaintiff simply has no substantive response to support his claims for violations of the Fourteenth Amendment, 42 U.S.C. §1983, or 18 U.S.C. §242.

### C. Judge Kane is entitled to judicial immunity from plaintiff's claims.

While he spends a great deal of prose on Judge Kane's immunity, plaintiff's argument is based on a deliberate misunderstanding of the principle. Plaintiff conflates Judge Savage's decision to remand the Writ with the concept of "jurisdiction" as the term is used in defining the limits of judicial immunity. *See Galas v. Supreme Court of Pennsylvania*, 211 F.3d 760, 768-70 (3d Cir. 2010). As Judge Kane's brief in support of her motion to dismiss explains (Doc. 19 at 19-23), the actions that appear to be the basis for plaintiff's complaint against her are all within the scope of her role as a judge.

## III. <u>Conclusion</u>

For the reasons presented in her opening brief in support of her motion to dismiss and above, Judge Kane requests that this Court grant her motion to dismiss plaintiff's complaint in its entirety, without leave to amend.

Respectfully submitted,

Dated:  April 7, 2014

<u>s/    Thomas B. Schmidt, III        </u>
Thomas B. Schmidt, III (PA 19196)
Tucker R. Hull (PA 306426)
Pepper Hamilton LLP Suite 200, 100 Market Street P.O. Box 1181
Harrisburg, PA  17108-1181
717.255.1155
717.238.0575 (fax)
schmidtt@pepperlaw.com
hullt@pepperlaw.com

*Attorneys for Defendant Yvette Kane*

# **CERTIFICATE OF COMPLIANCE**

I hereby certify that Defendant Yvette Kane's Brief In Support of Her Motion to Dismiss complies with the word count requirements of L.R. 7.8(b)(2) in that the Brief does not exceed 5,000 words. The word count of the Brief is 1,152 words (excluding the signature block and required certificates).

*s/      Thomas B. Schmidt, III*
Thomas B. Schmidt, III (PA 19196)

# CERTIFICATE OF SERVICE

I hereby certify that on April 7, 2014, a true and correct copy of the foregoing Defendant Yvette Kane's Reply Brief in Support of Her Motion to Dismiss was served via U.S. Mail, First Class postage prepaid, upon the following individuals and through the Court's ECF system.

      Michael J. Butler, Esquire
      United States Attorney's Office
      228 Walnut Street, Suite 220
      Harrisburg, PA  17108
      ***Attorney for Mark E. Morrison***

      Donald A. Bailey, Esquire
      4311 North Sixth Street
      Harrisburg, PA  17110
      ***Attorney for Plaintiff***

      *s/      Tucker R. Hull*
      Tucker R. Hull (PA 306426)