FILED

AUG 1 3 2014

HARRISBURG, PA _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEPHEN G. CONKLIN | : | Civil No. 1:13-cv-03658 |
| | : | 1:13-cv-02168 |
| Plaintiff, | : | (Sanchez, J.) |
| | : | |
| v. | : | Related:  1:13-cv-01531 |
| | : | (Savage, J.) |
| YVETTE KANE | : | Related:  2013-CV-2962 |
| | : | |
| Defendant. | : | MOTION TO RECUSE, and/or |
| | : | DISQUALIFY |
| | : | |

---

MOTION TO RECUSE AND/OR DISQUALIFY DESIGNATE JUDGE
AND, DISQUALIFY CHIEF CIRCUIT JUDGE FROM DESIGNATION

NOW COMES, Stephen G. Conklin, Plaintiff in all above-docketed

matters, who moves, pursuant to 28 U.S.C. § 455(a), for the recusal and/or

disqualification of Judge, Juan R. Sanchez, currently sitting by designation,

from hearing and/or determining any matter involving Plaintiff.

1. 28 U.S.C. § 455(a) provides that:

Any justice, judge, or magistrate judge of the United States **_shall
disqualify himself_** in any proceeding in which his **_impartiality might
reasonably be questioned._** (emphasis added)

2. 28 U.S.C. § 455(b)(1) provides in pertinent part that:

(b) He shall also disqualify himself in the following circumstances:

(1)Where he has a personal bias or prejudice concerning a
party, or personal knowledge of disputed evidentiary facts concerning
a proceeding; (emphasis added)

3. Plaintiff demonstrates below, both he [ultimately] as well as his counsel, Don Bailey, are being subjected to extreme bias and prejudice.

### A. Inexcusable Delay – Bias and Prejudice against Plaintiff

4. Plaintiff hereby incorporates by reference, paragraphs one (1) through three (3) as if all are fully set forth at length, herein.

5. As of the date of this filing:

   a. It has been approximately 250 days since the [Dec. 6, 2013] filing of a Notice of Removal, by AUSA Michael Butler, on behalf of "party-in-interest" AUSA Mark E. Morrison.

   b. It has been approximately 294 days since [Oct. 23, 2013] counsel, Don Bailey, filed a federal [Bivens] complaint.

6. With respect to the removal, in stark contrast, it took then-designate Judge, Timothy J. Savage only 81 days [August 27, 2013] to properly determine, *inter alia*, that the federal court did not have jurisdiction over a previous removal; hence, no authority to remove.

7. So what possibly is the excuse for this inexcusable delay?

8. Despite AUSA Butler's liberal sophistry, the Dec. 6th removal does not, <u>because he cannot</u>, as otherwise required, "***by direct averment***

2

**_exclude the possibility that_** [Morrison's] **_action[s] was/were based on_**

**_acts or conduct not justified by his federal duty_**." (emphasis added)

9.   How could he? The August 27, 2013 remand made it quite clear: the

federal court did not have jurisdiction; *ergo*, Morrison lacked lawful

authority as a AUSA to act on behalf of a private defendant; *a fortiori*,

AUSA Morrison all the more lacked even a scintilla of lawful

authority by continuing to act, following remand, on behalf of Yvette

Kane, *i.e.*, "**_acts or conduct not justified by his federal duty_**."

10. Moreover, Plaintiff has more than sufficiently pled in support of

remand that "party-in-interest" Morrison's removal is/was, *inter alia*,

statutorily, if not, jurisdictionally prohibited as untimely; end of story.

11. Unfortunately, that is not the end of the story.

12. While cognizant that unlike the general removal statutes [28 U.S.C. §

1441 et seq.] the federal officer removal statute [28 U.S.C. § 1442] is

to be "broadly construed"; however, that does not imply, as is

occurring here, to do so, blindly too.

13. This Court's deliberate [in]action in both cases before it, contravenes

clearly established rules and statutes.

14. Both Fed.R.Civ.P. (Fed. Rule) 1 and Federal Statute, 28 U.S.C. § 471

equally provide, as combined, that the district court shall:

*"secure/ensure the just, speedy and inexpensive determination of every civil action or proceeding/resolution of civil disputes"* (edited for import/emphasis added)

15. Noting that Fed. Rule 1 provides an exception per Fed. Rule 81 [subsection C - removed actions], Plaintiff finds that those exception(s) are generally limited to post-removal proceedings; in no wise does Rule 81 express or imply that Plaintiff is not otherwise entitled to, and/or this Court is not required to provide for a "*just, speedy and inexpensive*" adjudication.

16. When read in conjunction, it is abundantly clear that in the promulgation of the foregoing Rule/Statute, the intent is always to <u>move cases forward</u>.

17. However, thus far, in either case, it has been anything but a "*just, speedy, and inexpensive*" determination; to the contrary, all of which has been and continues to be to the sole deprivation of Plaintiff's rights to access of court, and redress of grievances.

18. This Court's inexcusable delay is further evidenced by the fact that this Court has willfully and deliberately obviated its duty to either schedule a Rule 16 pretrial conference, or even more importantly, utterly derelict in failing to issue a scheduling order as <u>absolutely required</u>.

19. Indeed, the purpose(s) of a Rule 16(a) pre-trial conference, include, but are not limited to, (1) ***expediting disposition of the action***; (2) ***establishing early and continuing control <u>so the case will not be protracted because of lack of management</u>***…" (emphasis added)

20. See also MDLR 16.1, "***Unless otherwise ordered.. there shall be a minimum of two (2) court conferences in every civil action..***"

21. More importantly, the dereliction of this Court's abject failure to issue a scheduling order as required, speaks for itself.

22. Rule 16(b)(2) mandates that the Court ***<u>must issue</u>*** a scheduling order, no later than 120 days from the date any defendant is served, or within 90 days from the date any defendant has appeared. (see, MDLR16.4)

23. There can be absolutely no question that this Court has well-exceeded the exacting time constraints imposed by Rule on the Court.

24. Additionally, this Court has woefully failed to provide for a Rule 26(f) conference, thus impeding discovery.

25. Rule 26(C) provides in pertinent that:

> A party must make initial disclosures ***<u>at or within 14 days after the parties' Rule 26(f) conference</u> unless a different time is set by stipulation or <u>court order</u>, or unless a party objects <u>during the conference</u>*** that initial disclosures are not appropriate in this action and states the objection in the proposed discovery plan. ***In ruling on the objection, the court <u>must determine</u> what disclosures, if any, are to be made and <u>must set the time for disclosure</u>***" (emphasis added)

26. All of the above, taken as a whole, demonstrably illustrates that this Court has been, in addition to violating its oath, Judicial Canons and alike, is yet further, totally derelict in its duties, per 28 U.S.C. § 351, as it, unequivocally "***has engaged in conduct that is prejudicial to the <u>effective and expeditious</u> administration of the business of the courts***."

27. Plaintiff has demonstrated that this Court has willfully, intentionally and deliberately neglected its duty to perform – all to the sole harm and detriment of Plaintiff.

28. This Court is literally holding hostage, both Plaintiff's federal complaint, and his state court emergency motion, for nothing less than nefarious purposes.

29. This Court is attempting to foreclose upon Plaintiff's rights to due process, before a fair and impartial tribunal, by additionally seeking to preclude any possibility of discovery, in furtherance of an overall scheme to cover-up the wrongs done to Plaintiff.

30. Accordingly, for the reasons set forth above, This court must recuse and/or otherwise disqualify itself from both of Plaintiff's cases, without further delay.

**B. Related Cases – Bias/Prejudice against Plaintiff**

31. Plaintiff hereby incorporates by reference, paragraphs one (1) through thirty (30) as if all are fully set forth at length, herein.

32. There can be no question, and/or honest dispute that the genesis of the matters before this Court are borne of Plaintiff having filed and served a state court issued "writ of summons", docketed as 2013-CV-2962, on Defendant, Yvette Kane.

33. And further, by progression, on or about June 7, 2013, that Plaintiff's state court "writ" was unlawfully removed by AUSA Morrison, under badge of authority, on behalf of [private defendant] Yvette Kane. That removal was subsequently docketed as 1:13-cv-01531.

34. Nor, can there be any serious dispute that:

   a. a request was made, by then-chief Judge of the Middle District, Defendant Kane, to Third Circuit Chief Judge, Theodore McKee, for a judge to sit by designation;

   b. pursuant to 28 U.S.C. § 292(b), Judge Timothy J. Savage was so appointed; and,

   c. subsequently, then-designate Judge Savage, on August 27, 2013 (less than one year ago), remanded 1:13-cv-01531 back to state court, for lack of jurisdiction.

35. Moreover, there simply cannot be any dispute that the federal
   [Bivens] complaint, docketed as 1:13-cv-02618 as filed on or about
   October 23, 2013 by Attorney Don Bailey, on behalf of Plaintiff is
   indubitably grounded, from beginning to end, on Plaintiff's state court
   issued "writ", concluding with Judge Savage's August 27, 2013
   remand.

36. Whereas, Plaintiff's federal complaint is all about unlawful acts that
   occurred during the first removal up to remand; Plaintiff's state court
   emergency motion is equally "case related", as it is all about unlawful
   acts occurring after remand.

37. So how did neither, the federal complaint, or Plaintiff's removed state
   court emergency motion, not get assigned as a "related case" to back
   to designate Judge Savage?

38. Curiously, unlike both the Eastern and Western Districts, the Middle
   District does not appear to have a local rule regarding "related cases".

39. However, the federal cover sheet attached to every complaint, in
   section 8 thereof, provides for "Related Cases"

40. Per a clearly innocent clerical error by Plaintiff's counsel's staff, the
   cover sheet attached to Plaintiff's federal complaint, omits any

information in section 8. Nonetheless, the complaint itself is

abundantly clear.

41. Evenso, surely this Court was instructed as to the nature of the case(s)

as being related; and, Chief Judge Mckee certainly knew exactly what

the case was about when re-designating it to this Court.

42. Whilst the Middle District does not have a local rule, this Court,

coming out of the Eastern District certainly has a procedure to follow

in the event that it first becomes apparent a case assigned to them is

one "related" to a case previously assigned to another judge.

43. Pursuant to EDLR 40.1(c)(2), it states in relevant parts that:

> ***If the fact of relationship does not become known until after the***
> ***case is assigned, the judge receiving the later case may refer the***
> ***case to the Chief Judge for reassignment to the judge to whom the***
> ***earlier related case is assigned. If the Chief Judge determines that***
> ***the cases are related, the Chief Judge shall transfer the later case to***
> ***the judge to whom the earlier case is assigned***; otherwise, the Chief
> Judge shall send the later case back to the judge to whom it was
> originally assigned. (emphasis added)

44. Given that Defendant and her cohorts were not happy with the

outcome of their first removal, Defendant and her posse seized on an

otherwise *de minimis* omission in Plaintiff's federal complaint cover

sheet, seeing it as an opportunity to judge shop.

45. For nearly a month following the October 23rd filing, on multiple occasions, the docket was checked, finding, suspect enough, that no judge was yet assigned.

46. As previously stated above, the federal complaint is without question, directly and inextricably tied to the unlawful acts emanating out of Defendant's first removal, docketed as 1:13-cv-01531.

47. Accordingly, the federal complaint should have been assigned back to Judge Savage.

48. Additionally, notwithstanding the clerical omission, without a doubt, the cover sheet on Mssr. Butler's Notice of Removal, clearly states, first, that Plaintiff's removed state court emergency motion is a "Related Case", originally assigned to then-designate Judge, Savage.

49. So, there is no omission here whatsoever, it is clear that, as AUSA Butler submits, Plaintiff's state court motion is a related case.

## RELIEF SOUGHT

50. Plaintiff hereby incorporates by reference, paragraphs one (1) through forty-nine (49) as if all are fully set forth at length, herein.

51. In consideration of the foregoing, Plaintiff respectfully requests that designate-Judge, Juan Sanchez promptly recuse and/or disqualify himself from any further matters involving Plaintiff.

WHEREFORE, in consideration of the foregoing, Plaintiff respectfully requests that he be granted the relief consistent therewith.


Respectfully Submitted,


Stephen G. Conklin
c/o 22 Mairdale St.,
Pittsburgh, Pa. 15214
(717) 460-5450

---

## CERTIFICATE OF CONCURRENCE/NON-CONCURRENCE

I, Stephen G. Conklin, plaintiff in the above-captioned matter, do hereby certify this 13th day of August, 2014 that I contacted the office of AUSA Michael Butler, counsel for AUSA Mark E. Morrison; and, Tucker Hull, counsel for Defendant, Yvette Kane as follows:

Mssr. Butler does/does not concur/or was otherwise unavailable to give concurrence with this motion; *Left message @ 10:33 Am voice mail* *10:78 Am*

Mssr. Hull does/does not concur/or was otherwise unavailable to give concurrence with this motion. *Left message @ 10:37 Am with secy*


Stephen G. Conklin

11

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEPHEN G. CONKLIN | : | Civil No. 1:13-cv-03058 |
| | : | 1:13-cv-02168 |
| Plaintiff, | : | (Sanchez, J.) |
| | : | |
| v. | : | Related:   1:13-cv-01531 |
| | : | (Savage, J.) |
| YVETTE KANE | : | Related:   2013-CV-2962 |
| | : | |
| Defendant. | : | MOTION TO RECUSE, and/or |
| | : | DISQUALIFY |
| | : | |

## CERTIFICATE OF SERVICE

I, Stephen G. Conklin do hereby certify this 13th day of August, 2014,
that I caused a true and correct copy of my Motion to Recuse/Disqualify
designate Judge Juan Sanchez, by first class, U.S. Mail, postage pre-paid as
follows:

AUSA Michael Butler                  Tucker Hull, Esquire,
c/o United States Attorney's Office   c/o Pepper Hamilton LLP
228 Walnut Street, Suite 220          100 market Street, Suite 200
Harrisburg, Pa. 17108                 Harrisburg, Pa. 17108-1181


_____
Stephen G. Conklin