IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEPHEN G. CONKLIN | : | CIVIL ACTION |
| | : | |
| v. | : | No. 13-2618 |
| | : | |
| YVETTE KANE, et al. | : | |

## **ORDER**

AND NOW, this 5th day of September, 2014, it is ORDERED Plaintiff Stephen G. Conklin's Motion for Recusal (Document 38) is DENIED for the reasons set forth in the September 5, 2014, Memorandum and Order issued in *Conklin v. Kane*, No. 13-3058, which denied an identical motion for recusal filed by Conklin.[1]

Upon consideration of Defendants' Motions to Dismiss (Documents 4 & 16), Conklin's responses, and Defendants' replies, it is further ORDERED the Complaint is DISMISSED with prejudice.[2] This Court will retain jurisdiction solely for the purposes of considering whether to

---

[1] In both cases, Conklin cites "inexcusable delay" as a basis for recusal. Here, the motions to dismiss the Complaint ripened for resolution in April 2014, and because they were potentially dispositive, the Court elected not to hold a Rule 16 conference until those motions were resolved. Because managing its docket is well within this Court's discretion, Conklin has again provided no basis for recusal. *See In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 817 (3d Cir. 1982).

[2] Conklin brings this *Bivens* action against Yvette Kane, a federal judge sitting in the Middle District of Pennsylvania; Peter J. Smith, the United States Attorney for the Middle District of Pennsylvania; and Mark E. Morrison, an Assistant United States Attorney for the Middle District of Pennsylvania. He asserts claims against these Defendants for violating his First, Fourth, and Fourteenth Amendment rights, his right to be free from conspiracies under 42 U.S.C. § 1983, and his rights under 18 U.S.C. § 242. All of these claims arise out of Morrison's removal of a state court case Conklin filed against Judge Kane via a writ of summons, the circumstances of which are described at length in a Memorandum issued in a related case before this Court. *See generally* Mem., *Conklin v. Kane*, No. 13-3058 (M.D. Pa. Sept. 5, 2014) (Sanctions Memorandum). Because the facts relating to the removal are undisputed and incorporated by reference in Conklin's Complaint in this case, the Court refers to its Sanctions Memorandum to provide the full context for this Order dismissing Conklin's claims. *See Buck v. Hampton Twp.*

*Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (holding a court may consider on a motion to dismiss "matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case"). Although Defendants Smith and Morrison moved to dismiss the Complaint or, in the alternative, for summary judgment, this Court will treat their motion solely as a motion to dismiss.

Conklin has failed to state a cognizable claim for relief under Federal Rule of Civil Procedure 12(b)(6). As an initial matter, this Court takes judicial notice of the fact that judgment for non-prosecution was entered against Conklin in the state court action he filed against Judge Kane because he never filed a complaint. *Id.* Conklin elected to suffer the entry of judgment against him in lieu of filing a complaint in state court, essentially abandoning the state action in favor of the instant federal action, in which he alleges Defendants' premature removal of the state court action violated his civil rights. Because it is now clear Conklin never had a basis to sue Judge Kane in state court for any dispute unrelated to her capacity as a federal judge, Conklin's federal Complaint is nothing more than an effort to avoid the judicial immunity Judge Kane would otherwise enjoy by suing her anew for decisions she made as a litigant in a state court action that never truly existed. *See* Pl's Br. in Opp'n to Def. Kane's Mot. to Dismiss 18 (referring to his state court complaint as "hypothetical"). Whether Conklin's campaign against Judge Kane amounts to a wrongful use of civil proceedings is not currently before this Court; nevertheless, it is clear that Conklin's shell game cannot survive a motion to dismiss for failure to state a claim.

Conklin maintains Defendants removed the state court action "unlawfully" and for "unlawful reasons" because the district court granted his motion for remand. *See* Compl. ¶¶ 88, 100; Pl's Br. in Opp'n to Def. Kane's Mot. to Dismiss 7. Contrary to Conklin's characterization of the district court's decision (which is also incorporated by reference into the Complaint), it was not based on a clear lack of federal jurisdiction. Rather, it was based only on the court's inability to determine at the time whether federal jurisdiction existed. And as this Court explained in its Sanctions Memorandum, although the district court granted the motion to remand, Judge Kane and her attorney had a reasonable factual and arguable legal basis for removing the state court case even upon the writ of summons. Notwithstanding the unfortunate timing of the removal, there is no plausible basis to infer Conklin suffered any cognizable injury in connection with the decision to remove the case—particularly because he never ultimately filed a complaint in state court and had no claims he was inhibited from pursuing there. *See Abdul–Akbar v. Watson*, 901 F.2d 329, 334-35 (3d Cir. 1990) ("Rule 12(b)(6) countenances the dismissal of a suit if as a matter of law it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Thus, a suit must be dismissed if the facts do not rise to a level of injury to support the legal theory, whether it is based on an outlandish legal theory or on a close but unavailing one." (internal citations and quotation marks omitted)). To the extent Conklin bases his claims on a separate theory that Defendants secretly monitored the activities of his attorney and directed the attorney's cases to particular judges, not only are the allegations frivolous and entirely conclusory, Conklin has no standing to pursue claims on his attorney's behalf. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

In addition to the failure to state a claim, Conklin's claims directed toward Smith and Morrison are barred by the absolute immunity from suit enjoyed by members of the United States Attorney's Office in circumstances such as these. All of the allegations regarding the removal at issue involve actions taken by Smith and Morrison in their capacities as government

shift fees or otherwise impose sanctions against Conklin and his attorney, should Defendants wish to pursue such relief.

      The Clerk of Court is DIRECTED to mark this case CLOSED.

                                  BY THE COURT:

                                  /s/ Juan R. Sánchez
                                  Juan R. Sánchez, J.

---

attorneys involved in civil litigation in state and federal court, which is a sufficient basis for absolute immunity to attach.  *See Barrett v. United States*, 798 F.2d 565, 571-72 (2d Cir. 1986) (holding government attorneys who bring or defend civil litigation in federal or state court are immune from suit); *see also Odd v. Malone*, 538 F.3d 202, 208 (3d Cir. 2008) (noting "immunity attaches to actions intimately associated with the judicial phases of litigation"); *Schrob v. Catterson*, 948 F.2d 1402, 1412 (3d Cir. 1991) (collecting cases extending absolute immunity for government attorneys in civil suits).  Accordingly, Defendants' motions to dismiss are granted, and all of Conklin's claims are dismissed with prejudice.